**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**MARSHALL DIVISION**

| | | |
|---|---|---|
| **Compression Labs, Incorporated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 2:04-CV-158-DF |
| | § | |
| **Agfa Corporation,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS CONCORD CAMERA CORP. AND CREATIVE LABS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(7), OR, IN THE ALTERNATIVE, TO TRANSFER PURSUANT TO 28 USC § 1404 (a)**

Concord Camera Corp. ("Concord") and Creative Labs, Inc. ("Creative"), defendants in the above-entitled and numbered civil action, move to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).

**Preliminary Statement**

This patent infringement action regarding U.S. Patent No. 4,698,672 (the "'672 patent") should be dismissed because Plaintiff Compression Labs, Inc. ("CLI") has failed to join its co-owner of the '672 patent, General Instruments, Inc. ("GI"). As a matter of substantive patent law, CLI cannot maintain an action for alleged infringement of the '672 patent without the participation of its co-owner, GI. In addition, because GI as an indispensable party under Fed. R. Civ. P. 19, this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).

1

## Analysis

I.  **The Present Action Should be Dismissed Under Fed. R. Civ. P. 12(b)(7) For CLI's Failure to Include General Instruments In the Present Suit.**

Many other Defendants in this civil action ("the Agfa Defendants") filed concurrently herewith a motion to dismiss pursuant to Fed. R. Civ. P. 12(B)(7), or, in the alternative, a motion to transfer ("the Motion"). Concord and Creative adopt and incorporate herein sections I, II and III(A) of the Motion. As described in the Motion, Plaintiff's Complaint in the present action is fatally flawed based on its failure to include GI, a co-owner of the patent in suit, and an indispensable party to the present action. As such, the present Complaint should be dismissed.

II. **In the Alternative, If the Agfa Defendants are Transferred to the Presently Pending Delaware Action, It would be Proper to Transfer Concord and Creative Under 28 U.S.C. § 1404(a)**

On July 2, 2004, the Agfa Defendants filed an action in the District of Delaware seeking, among other things, a judgment of non-infringement, invalidity and/or unenforceability of the '672 patent. As is proper, that action included GI, as well as CLI, as a party to the suit. In the motion, it was requested that, if the motion to dismiss for failure to name GI is not granted, preference be given to the Delaware action as the first filed action naming the proper parties. In giving such preference to the Delaware action, the Agfa Defendants have requested that the present case be transferred to the District of Delaware for consolidation with the case naming the proper parties.

By this motion, Concord and Creative request that, if the present complaint is not dismissed under Fed. R. Civ. P. 12(B)(7), and if the Agfa Defendants' Motion to Transfer

is granted, that the present action against Concord and Creative, likewise, be transferred to the District of Delaware.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Concord is a New Jersey Corporation with its main headquarters in Hollywood, Florida.  Creative is a California Corporation with its main headquarters in California.  Any contacts that Concord and Creative have with Marshall Texas are minimal.  Concord and Creative have similar contacts in the District of Delaware.  As such, the present civil action could have been brought in the District of Delaware.

If the Agfa Defendants are transferred to the District of Delaware for the reasons stated in their Motion or for any other reason, Defendants Concord and Creative should additionally be transferred to the District of Delaware.  There is no efficiency or judicial economy in having these two cases pending simultaneously.  If the Agfa Defendants are transferred to the action pending in the District of Delaware, and Concord and Creative were not, two separate Courts would be required to simultaneously consider the claim construction and validity of the '672 patent.  In the interest of justice, if the Agfa Defendants are transferred to the District of Delaware, the Court should transfer the present action against Concord and Creative to the District of Delaware for consolidation with that action.

**Conclusion**

For the reasons set forth above and in the Agfa Defendants' Motion, the instant action should be dismissed. Alternatively, in order to promote efficiency and judicial economy, this Court should transfer this action to the District of Delaware.

On behalf of both defendants

/s/_____
Eric M. Albritton
Attorney-in-Charge
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

*Attorney for Defendant Concord Camera Corp.*

Of Counsel:

Kerry P. Sisselman
Indiana State Bar No. 16514-53
Scott L. Lampert
Florida State Bar No. 0085642
4000 Hollywood Blvd. Ste. 650N
Hollywood, Flordia 33021
(954) 331-4200 (phone)
(954) 989-4103 (fax)
kerry_sisselman@concord-camera.com
scott_lampert@concord-camera.com
*Attorneys for Defendant Concord Camera Corp..*

Robert Haslam
California State Bar No. 71134
Heller Ehrman White & McAuliffe LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 324-7000 (phone)
(650) 324-0638 (fax)
rhaslam@hewm.com
*Attorney for Defendant Creative Labs, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 6th day of July, 2004.

/s/_____
Eric M. Albritton