**Compression Labs, Incorporated v. Agfa Corporation et al.,**
**C.A. No. 2:04CV-158 DF**

**Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or,**
**in the Alternative, Motion to Transfer**

**Attachment A to the**
**Declaration of Joseph M. Casino**

**PART 2 OF 3**

106.    CLI/Forgent began and continues its campaign despite actual knowledge that CLI (a) did not disclose material prior art to the Patent Office and (b) failed to disclose the '672 patent to the JPEG standard-setting organizations, thereby causing the JPEG Standard to be adopted with technology that CLI/Forgent only now claims infringes its patent.

107.    CLI/Forgent has proceeded in bad faith with knowledge that the '672 patent is invalid and/or unenforceable. Further, CLI/Forgent's demands are knowingly and objectively baseless because it knows (a) the '672 patent is invalid, (b) CLI procured the patent by fraud, and (c) the '672 patent is not enforceable because of CLI's inequitable conduct. Even though recipients of CLI/Forgent's demands have informed CLI/Forgent and its attorneys of the substantial invaliding prior art pertaining to the '672 patent, including the Widcom VTC-56, CLI/Forgent has persisted in its assertions and demands.

108.    In April 2004, CLI, under the direction of Forgent, filed two lawsuits for patent infringement against manufacturers of JPEG-enabled products, as alleged above. As with CLI/Forgent's threats of litigation and demands for royalty payments prior to litigation, CLI's lawsuits are objectively baseless, because no objectively reasonable litigant would expect success on the merits of those infringement claims, given CLI's fraud on the Patent Office, its inequitable conduct, and the prior art invalidating the '672 patent.

109.    On information and belief, CLI/Forgent does not expect or desire an actual determination of the claims and defenses relating to the '672 patent on the merits. On information and belief, the circumstances suggest that CLI/Forgent intentionally delayed

filing suit against alleged infringers for at least two years after first making its allegations of infringement so that, with the threat of legal process (not the outcome of the process) weighing on manufacturers, CLI/Forgent could exploit the '672 patent without being forced to test the merits of its claims. On information and belief, CLI filed suit only as a last resort and has done so to invoke the legal process (not its outcome) as an exclusionary, predatory and illegitimate method of extracting money from those sued. Furthermore, on information and belief, CLI/Forgent intends to use these lawsuits to intimidate others practicing the JPEG Standard with the threat of protracted and expensive litigation if they do not obtain a license to the '672 patent.

110.    CLI/Forgent has reported it has collected millions in "royalty" payments from targeted companies. CLI/Forgent has further imposed on Plaintiffs (and others who have not given in to CLI/Forgent's extortionist demands) substantial costs in the form of litigation defense costs and other costs.

## COUNT 1

### Declaratory Judgment – Noninfringement of the '672 Patent

### [By All Plaintiffs Against All Defendants]

111.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 110 above.

112.    This is an action for declaratory judgment of noninfringement of any valid claim of the '672 patent.

113.    Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against Plaintiffs. CLI has already sued

Plaintiffs for allegedly infringing the '672 patent by making, using, offering to sell and/or selling JPEG-enabled products.

114.    CLI has alleged, and continues to allege, that CLI is a current owner of all right, interest and title in and to the '672 patent.  On information and belief, Defendant GI is also a current owner of all right, interest and title in and to the '672 patent.

115.    CLI has alleged, and continues to allege, that Plaintiffs have been and are making, using, offering for sale, importing and selling devices:

> at least portions of which are designed to be at least partly compliant with the JPEG standard as defined by CCITT Recommendation T.81 approved on September 18, 1992, titled "Information Technology – Digital Compression and Coding of Continuous Tone Still Images – Requirements and Guidelines," the identical text of which is also published as ISO/IEC International Standard 10918-1, or with any version or variance thereof defining a lossy compression scheme.

116.    CLI alleges that Plaintiffs have committed, actively induced, and contributed to, and continue to commit, actively induce, and contribute to, acts of patent infringement.

117.    CLI alleges that Plaintiffs' alleged infringement is willful and deliberate and that irreparable injury has been caused to CLI.

118.    Plaintiffs deny CLI's allegations.  Plaintiffs have not infringed and currently are not infringing any valid claim of the '672 patent, either literally or under the doctrine of equivalents, nor are Plaintiffs actively inducing or contributing to infringement of the '672 patent.

119.    Accordingly, there exists an actual judicial controversy between Plaintiffs and Defendants concerning whether the claims of the '672 patent are not infringed by Plaintiffs.

120.    Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the '672 patent.

## COUNT 2

### Declaratory Judgment – Invalidity of the '672 Patent

### [By All Plaintiffs Against All Defendants]

121.    Plaintiffs incorporate by reference the allegations in paragraphs 1 through 110 above.

122.    This is an action for declaratory judgment of the invalidity of any and all claims of the '672 patent.

123.    Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against Plaintiffs.  CLI has already sued Plaintiffs for allegedly infringing the '672 patent by making, using, offering to sell and/or selling JPEG-enabled products.

124.    The '672 patent and its claims are invalid because they fail to comply with the conditions and requirements for patentability set forth in Title 35, United States Code, including but not limited to the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, 118 and 256.

125.    Accordingly, there exists an actual judicial controversy between Plaintiffs and Defendants concerning whether the claims of the '672 patent are invalid.

126.    Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the '672 patent.

## COUNT 3

### Declaratory Judgment – Unenforceability Based on Inequitable Conduct

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox Against All Defendants]**

127.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox ("the Count 3 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

128.    This is an action for declaratory judgment of the unenforceability of all claims of the '672 patent.

129.    The Count 3 Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against the Count 3 Plaintiffs. CLI has already sued the Count 3 Plaintiffs for allegedly infringing the '672 patent by making, using and/or selling JPEG-enabled products.

130.    The '672 patent is unenforceable because of inequitable conduct by, but not limited to, the persons identified above who were substantively involved in the prosecution of the '630 application.

131.    Every person substantively involved in the preparation and prosecution of the '630 application had a duty of candor and good faith, including a duty to disclose information of which they were aware that was material to the examination of the '630 application, when dealing with the Patent Office during the prosecution of the '630 application.

132.    On information and belief, the Widcom VTC-56, among other things, was and is material to the patentability of the '672 patent, and there is a substantial likelihood it would have been considered important to a reasonable patent examiner reviewing the '630 application.

133.    On information and belief, the persons substantively involved in the preparation and prosecution of the '630 application intentionally misled and deceived the Patent Office by failing to disclose the Widcom VTC-56, despite knowledge of the Widcom VTC-56's capabilities, as alleged above.

134.    On information and belief, these breaches in the duties owed to the Patent Office by the persons substantively involved in the preparation and prosecution of the '630 application were committed with the intent to deceive and/or mislead the Patent Office.

135.    On information and belief, the Patent Office relied on the material acts, omissions and/or misrepresentations recited above and was thereby persuaded to improperly allow the '630 application to issue as the '672 patent.

136.    On information and belief, as a result of the aforementioned acts, omissions and/or misrepresentations by those substantively involved in the preparation

and prosecution of the '630 application, the '672 patent is unenforceable because of inequitable conduct.

137.    Accordingly, there exists an actual judicial controversy between the Count 3 Plaintiffs and Defendants concerning whether the claims of the '672 patent are unenforceable.

138.    Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the unenforceability of the '672 patent.

## COUNT 4

### Declaratory Judgment – Unenforceability Based on Laches

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, Jasc, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox against Defendants CLI and Forgent]**

139.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, Jasc, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox ("the Count 4 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

140.    This is an action for declaratory judgment of the unenforceability of the '672 patent based on the equitable doctrine of laches.

141.    The Count 4 Plaintiffs have an objectively reasonable apprehension that CLI/Forgent will continue to pursue its allegations of infringement against the Count 4 Plaintiffs.  CLI has already sued the Count 4 Plaintiffs for allegedly infringing the '672

patent by making, using, offering to sell and/or selling products incorporating the JPEG Standard.

142.    On information and belief, CLI/Forgent has long known of the Count 4 Plaintiffs' use of the JPEG Standard. The JPEG Standard was adopted and published in 1992. As previously alleged, the Count 4 Plaintiffs quickly began incorporating the JPEG Standard into their products.

143.    The Count 4 Plaintiffs' use of the JPEG Standard has been pervasive, open and notorious, including but not limited to the Count 4 Plaintiffs' use of the JPEG Standard in multiple products that are widely available, as well as the extensive advertising and media coverage of JPEG-enabled products.

144.    On information and belief, CLI/Forgent's delay in filing an infringement suit to enforce the '672 patent is unreasonable and inexcusable.

145.    On information and belief, as a result of CLI/Forgent's unreasonable and inexcusable delay in filing suit, the Count 4 Plaintiffs have been materially prejudiced both from their changes in economic position and from the loss of evidence. This prejudice includes, but is not limited to, the Count 4 Plaintiffs' inclusion of the JPEG Standard in their products and their investment of substantial resources unrelated to the alleged infringement that could have been avoided if CLI/Forgent had filed an infringement action sooner. Furthermore, because of CLI/Forgent's delay, the Count 4 Plaintiffs have lost both documentary and witness evidence relevant to their defense of the infringement action.

146.    Because of CLI/Forgent's unreasonable and inexcusable delay in filing suit, the prejudice to the Count 4 Plaintiffs from that delay, and the Count 4 Plaintiffs'

good faith belief that the '672 patent is not infringed by the JPEG Standard, equity requires that CLI/Forgent be barred from enforcing the patent.

147.    Accordingly, there exists an actual judicial controversy between the Count 4 Plaintiffs and CLI/Forgent concerning whether the claims of the '672 patent are unenforceable because of laches.

148.    The Count 4 Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the unenforceability of the '672 patent.

## COUNT 5

### Declaratory Judgment – Unenforceability Based on Equitable Estoppel

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox against Defendants CLI and Forgent]**

149.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox ("the Count 5 Plaintiffs") against Defendants CLI and Forgent incorporate by reference the allegations in paragraphs 1 through 110 above.

150.    This is an action for declaratory judgment that CLI's claims for relief are barred in their entirety by the doctrine of equitable estoppel.

151.    The Count 5 Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against the Count 5 Plaintiffs.

CLI has already sued the Count 5 Plaintiffs for allegedly infringing the '672 patent by making, using, offering to sell and/or selling JPEG-enabled products.

152.    CLI/Forgent's enforcement of the '672 patent is barred in its entirety by the doctrine of equitable estoppel. This estoppel is created by, but is not limited to, CLI's misrepresentations made during its participation in the adoption of the JPEG Standard and CLI/Forgent's continued silence during the years the Count 5 Plaintiffs have incorporated the JPEG Standard into their products.

153.    As a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG Standard, CLI had a duty to disclose patents relevant to the JPEG Standard.

154.    On information and belief, as a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG standard, CLI knew the technical details of the proposed JPEG Standard, having participated in the development of the underlying technology and having voted multiple times to approve the JPEG Standard.

155.    Despite its duty to disclose relevant patents and its knowledge of the proposed JPEG Standard, CLI failed to disclose any purported relevance of the '672 patent to the JPEG Standard. CLI/Forgent remained silent about the '672 patent for years while the Count 5 Plaintiffs invested in their use of the JPEG Standard.

156.    CLI's involvement in the JPEG standard-setting effort, coupled with CLI/Forgent's misleading silence about the relevance of the '672 patent to the JPEG Standard both prior to and after the adoption of the standard, lulled the Count 5 Plaintiffs into believing that CLI had no alleged patent interests that might affect the JPEG

Standard. The Count 5 Plaintiffs reasonably relied on CLI's misleading representation that the '672 patent was not relevant to the JPEG Standard, causing the Count 5 Plaintiffs to support the JPEG Standard and/or implement the standard in their products with the reasonable belief that the JPEG Standard did not include the subject matter purportedly claimed by the '672 patent.

157.    On information and belief, if CLI had disclosed the purported relevance of the '672 patent to the JPEG Standard, the JPEG committee would have adopted any one of a number of readily-available and technically feasible alternatives.

158.    The Count 5 Plaintiffs were and continue to be prejudiced by CLI/Forgent's ambush strategy, including but not limited to the threat to the millions of dollars in resources and years of investment in research, development, manufacturing and marketing of products that employ the JPEG Standard.

159.    Accordingly, there exists an actual judicial controversy between the Count 5 Plaintiffs and Forgent/CLI concerning whether the CLI's claims for relief are barred by equitable estoppel.

160.    The Count 5 Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '672 patent.

## COUNT 6

**Declaratory Judgment – Unenforceability Based on Patent Misuse**

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox against Defendants CLI and Forgent]**

161.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox ("the Count 6 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

162.    This is an action for declaratory judgment that CLI's claims for relief are barred by the doctrine of patent misuse.

163.    The Count 6 Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against the Count 6 Plaintiffs. CLI has already sued the Count 6 Plaintiffs for allegedly infringing the '672 patent by making, using and selling JPEG-enabled products

164.    The '672 patent is unenforceable for continuing patent misuse by reason of CLI/Forgent's unlawful attempts to enforce the '672 patent, as alleged above.

165.    CLI/Forgent seeks to obtain the economic advantage of an improper injunction against the Count 6 Plaintiffs, as well as improper monetary damages from the Count 6 Plaintiffs, despite CLI/Forgent's knowledge that the '672 patent is invalid and unenforceable because of CLI/Forgent's unlawful conduct as alleged above.

166.    Accordingly, there exists an actual judicial controversy between the Count 6 Plaintiffs and Defendants concerning whether the CLI's claims for relief are barred by CLI/Forgent's patent misuse.

167.    The Count 6 Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '672 patent.

<u>COUNT 7</u>

**Declaratory Judgment – Implied License**

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox against All Defendants]**

168.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Ricoh, Riverdeep, Savin, TACP, Thomson and Xerox ("the Count 7 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 and 138 through 160, above.

169.    This is an action for declaratory judgment that CLI's claims for relief are barred, in whole or in part, by the doctrine of implied license. This implied license was created by, but is not limited to, (a) CLI's misleading silence and misrepresentations about the purported relevance of the '672 patent during its participation in the development and adoption of the JPEG Standard, (b) CLI's acquiescence to the Count 7 Plaintiffs' inclusion of the JPEG Standard in their products since the 1992 adoption of the JPEG Standard, and (c) the doctrine of patent exhaustion.

170.    The Count 7 Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against the Count 7 Plaintiffs. CLI has already sued the Count 7 Plaintiffs for allegedly infringing the '672 patent by making, using, offering to sell and selling JPEG-enabled products.

171.    CLI has alleged, and continues to allege, that CLI is a current owner of all right, interest and title in and to the '672 patent.  On information and belief, Defendant GI is also a current owner of all right, interest and title in and to the '672 patent.

172.    On information and belief, CLI's claims for relief are barred, in whole or in part, by the doctrine of implied license.

173.    Accordingly, there exists an actual judicial controversy between the Count 7 Plaintiffs and Defendants concerning whether the CLI's claims for relief are barred as alleged above.

174.    The Count 7 Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above.  Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the '672 patent.

## COUNT 8

**Deceptive Trade Practices – 6 Del. C. § 2532 et seq.**

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox against Defendants CLI and Forgent]**

175.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi

America, Oce, Riverdeep, TACP and Xerox ("the Count 8 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

176.    CLI/Forgent has engaged in deceptive trade practices because, in the course of its business, CLI/Forgent caused a likelihood of confusion or misunderstanding as to the validity and enforceability of the '672 patent, in violation of 6 Del. C. § 2532.

177.    CLI/Forgent also has engaged in deceptive trade practices because, in the course of its business, CLI/Forgent disparaged the Count 8 Plaintiffs' goods, services, and businesses by falsely and misleadingly alleging that the Count 8 Plaintiffs' products infringe the '672 patent and that consumers will not be able to continue using the Count 8 Plaintiffs' products that incorporate the JPEG standard, in violation of 6 Del. C. § 2532.

178.    Further, CLI/Forgent has engaged in deceptive trade practices because, in the course of its business, CLI/Forgent has engaged in other conduct that creates a likelihood of confusion or misunderstanding, including but not limited to forcing parties to take a license of the invalid and unenforceable '672 patent or engaging in baseless patent litigation designed only to force the Count 8 Plaintiffs into taking a license to the invalid and unenforceable '672 patent, which the Count 8 Plaintiffs do not infringe, in violation of 6 Del. C. § 2532.

179.    On information and belief, CLI/Forgent has acted in bad faith while engaging in these deceptive trade practices.

180.    The Count 8 Plaintiffs have been harmed or can reasonably expect to be harmed by CLI/Forgent's deceptive trade practices. This harm will continue or can reasonably be expected to continue as long as CLI/Forgent continues to falsely assert that the '672 patent is infringed by the Count 8 Plaintiffs' use of the JPEG Standard.

## COUNT 9

### Fraud

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox against Defendant CLI]**

181.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox ("the Count 9 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

182.    As a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG Standard, CLI had a duty to disclose patents relevant to the JPEG Standard.

183.    On information and belief, as a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG Standard, CLI knew the technical details of the proposed JPEG Standard, having participated in the review of the development of the underlying technology and having voted several times to approve the standard.

184.    Despite its duty to disclose relevant patents, its knowledge of the proposed JPEG Standard and repeated requests to identify relevant patents to the standard-setting bodies, CLI intentionally failed to disclose the '672 patent.

185.    On information and belief, at the time the JPEG Standard was proposed or adopted, CLI knew or believed all of the alleged facts it now asserts in its false claim that the '672 patent is infringed by the JPEG Standard.

186.    On information and belief, CLI failed to disclose the '672 patent because it intended to induce the adoption of the JPEG Standard and its inclusion in various products.

187.    Relying on CLI's failure to disclose the '672 patent, the JPEG committee and other related organizations, of which several of the Count 9 Plaintiffs were members by 1992, adopted the JPEG Standard.  Following the adoption of the JPEG Standard, the Count 9 Plaintiffs and thousands of other users relied on CLI's failure to disclose the '672 patent when incorporating the JPEG Standard into their commercial products.  The Count 9 Plaintiffs' reliance on CLI's representations and its failure to disclose the '672 patent has been reasonable.

188.    When it participated in the development of the JPEG Standard, CLI knew or reasonably should have known that the Count 9 Plaintiffs and all other users of the JPEG Standard would rely on its misrepresentations and deceptive silence regarding the '672 patent.  The standard-setting committees were created specifically for the purpose of allowing all users to rely on the common technology.

189.    As a result of CLI's fraudulent failure to disclose the '672 patent and subsequent attempts to assert the patent, the Count 9 Plaintiffs have incurred damages and will continue to be damaged in the future.

## COUNT 10

### Negligent Misrepresentation

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox against Defendant CLI]**

190.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox ("the Count 10 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

191.    On information and belief, CLI had and continues to have a pecuniary interest in the development and adoption of the JPEG Standard.  When the JPEG Standard was developed and adopted, CLI was in the business of developing compression techniques.  On information and belief, CLI believed that the development of a common standard such as the JPEG Standard would promote the growth of compression technology sales and that CLI would have a competitive advantage in those sales because of its experience with compression technology.

192.    As a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG Standard, CLI had a duty to disclose patents relevant to the JPEG Standard and to provide accurate information to JPEG.

193.    On information and belief, as a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG Standard, CLI knew the technical details of the proposed JPEG Standard, having

participated in the review of the development of the underlying technology and having voted several times to approve the standard.

194.    Despite its duty to disclose relevant patents, its knowledge of the proposed JPEG Standard and repeated requests to identify relevant patents to the standard-setting bodies, CLI failed to disclose the '672 patent. CLI's failure to disclose the '672 patent was a material omission or misrepresentation.

195.    CLI failed to exercise reasonable care in reviewing its patents and comparing them to the proposed JPEG Standard as well as in failing to accurately communicate its patent position to the JPEG committee.

196.    Based on CLI's silence or representation that it had no relevant patents, the JPEG committee and related organizations, of which several of the Count 10 Plaintiffs were members by 1992, adopted the JPEG Standard. Following the adoption of the JPEG Standard, the Count 10 Plaintiffs and thousands of other users relied on CLI's silence or misrepresentations when incorporating the JPEG Standard into their products.

197.    When it participated in the development of the JPEG Standard, CLI knew or reasonably should have known that the Count 10 Plaintiffs and all other users of the JPEG Standard would rely on its misrepresentations regarding its patent position. The standard-setting committees were created specifically for the purpose of allowing all users to rely on the common technology.

198.    The Count 10 Plaintiffs' reliance on CLI's silence or misrepresentation was reasonable.

199.    As a result of CLI's negligent misrepresentation regarding its patent rights, the Count 10 Plaintiffs have incurred damages and will continue to be damaged in the future.

## COUNT 11

### Equitable Estoppel

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox Against Defendants CLI and Forgent]**

200.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, Riverdeep, TACP and Xerox ("the Count 11 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

201.    CLI/Forgent's enforcement of the '672 patent is barred in its entirety by the doctrine of equitable estoppel.  This estoppel is created by, but is not limited to, CLI's misrepresentations made during its participation in the adoption of the JPEG Standard and CLI/Forgent's continued silence during the years the Count 11 Plaintiffs have incorporated the JPEG Standard into their products.

202.    On information and belief, as a member of the ISO, CCITT and ANSI committees and working groups responsible for the development and approval of the JPEG standard, CLI knew the technical details of the proposed JPEG Standard, having participated in the development of the underlying technology and having voted multiple times to approve the JPEG Standard.

203.    Despite its duty to disclose relevant patents and its knowledge of the proposed JPEG Standard, CLI failed to disclose any purported relevance of the '672

56

patent to the JPEG Standard. CLI/Forgent remained silent about the '672 patent for years while the Count 11 Plaintiffs invested in their use of the JPEG Standard.

204.    CLI's involvement in the JPEG standard-setting effort, coupled with CLI/Forgent's misleading silence about the relevance of the '672 patent to the JPEG Standard both prior to and after the adoption of the standard, lulled the Count 11 Plaintiffs into believing that CLI had no alleged patent interests that might affect the JPEG Standard. The Count 11 Plaintiffs reasonably relied on CLI's misleading representation that the '672 patent was not relevant to the JPEG Standard, causing the Count 11 Plaintiffs to support the JPEG Standard and/or implement the standard in their products with the reasonable belief that the JPEG Standard did not include the subject matter purportedly claimed by the '672 patent.

205.    On information and belief, if CLI had disclosed the purported relevance of the '672 patent to the JPEG Standard, the JPEG committee would have adopted any one of a number of readily-available and technically feasible alternatives.

206.    The Count 11 Plaintiffs were and continue to be prejudiced by CLI/Forgent's ambush strategy, including but not limited to the threat to the millions of dollars in resources and years of investment in research, development, manufacturing and marketing of products that employ the JPEG Standard.

207.    CLI/Forgent is barred from enforcing the '672 patent against the Count 11 Plaintiffs as a result of CLI's misleading silence, misrepresentations and the other unlawful conduct alleged above.

## COUNT 12

### Patent Misuse

**[By Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Riverdeep, TACP and Xerox Against Defendants CLI and Forgent]**

208.    Plaintiffs Agfa, Apple, Axis, Canon USA, Dell, Kodak, Fuji USA, FCPA, Gateway, HP, IBM, JVC Americas, Macromedia, Matsushita America, Mitsubishi America, Oce, palmOne, Riverdeep, TACP and Xerox ("the Count 12 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

209.    The '672 patent is unenforceable for continuing patent misuse, by reason of CLI/Forgent's unlawful attempts to enforce the '672 patent as alleged above.

210.    CLI/Forgent seeks to obtain the economic advantage of an improper injunction against the Count 12 Plaintiffs, as well as improper monetary damages from the Count 12 Plaintiffs, despite CLI/Forgent's knowledge that the '672 patent is invalid and unenforceable due to CLI/Forgent's unlawful conduct as alleged above.

## COUNT 13

### Sherman Act § 2 – Attempted Monopolization

**[By Plaintiffs Dell, Kodak, HP, IBM, and Xerox Against Defendants CLI and Forgent]**

211.    Plaintiffs Dell, Kodak, HP, IBM, and Xerox ("the Count 13 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

212.    By engaging in the conduct alleged above, CLI/Forgent has willfully pursued a plan to exclude competition and obtain monopoly in a relevant market with power to exercise control over prices.

213.    The relevant market is a technology market consisting of the redundancy coding model specified in the baseline (ADCT) JPEG Standard (hereinafter the "Relevant Technology"). The Relevant Technology is an essential component of the JPEG Standard. The Relevant Technology is required as an input to all JPEG-enabled or JPEG-enabled products. CLI/Forgent alleges that the '672 patent covers the Relevant Technology.

214.    The relevant geographic market for this Relevant Technology is worldwide. The United States constitutes a relevant geographic submarket in which it is proper to assess the anticompetitive effects of CLI/Forgent's improper assertion of the '672 patent.

215.    Consumers in the market of the Relevant Technology include manufacturers of JPEG-enabled products that incorporate the Relevant Technology and end users of JPEG-enabled products, who necessarily deploy the Relevant Technology when they operate JPEG-enabled products. The Count 13 Plaintiffs are consumers in the relevant market both as manufacturers of JPEG-enabled products and as end users of the Relevant Technology.

216.    Today, because of the widespread adoption of the JPEG Standard, there are no readily-available or reasonably-interchangeable substitutes for the Relevant Technology. In the years since the adoption of the JPEG Standard, billions of images have been compressed, exchanged and stored using the JPEG Standard, and those images are accessible and viewable only by use of products that incorporate the Relevant Technology. The Count 13 Plaintiffs and other manufacturers have further made substantial investments in JPEG-enabled products, and because billions of images are

compressed in the JPEG format and viewable only by use of the Relevant Technology, consumers have come to rely on the Relevant Technology.

217.    As enforced by CLI/Forgent, the '672 patent presents a highly significant barrier to entry into the relevant market.  CLI/Forgent is interpreting the claims of the '672 patent in a manner that would preclude other companies from competing in the production and sale of the Relevant Technology.  CLI/Forgent has sought to give credibility to the '672 patent by threatening and filing patent infringement actions against manufacturers of JPEG-enabled products and touting the '672 patent as essential to compliance with the JPEG Standard.

218.    The detrimental impact of CLI/Forgent's unlawful conduct and the specific injury to Plaintiffs are evident.  As a result of CLI/Forgent's unlawful conduct, there have been or will be adverse competitive effects in the Relevant Technology market.  CLI/Forgent's assertions of patent infringement have been widely publicized, and CLI/Forgent has sought to capitalize on the disruptive effects of, and resulting uncertainty generated by, its claims of patent infringement.  The inevitable impact of CLI's fraud on the Patent Office, its misuse of an invalid and unenforceable patent, and its decision to publicize its claims and to threaten or file patent infringement lawsuits against numerous manufacturers has been to impose on consumers of the Relevant Technology the burden or threat of an elevated price for the Relevant Technology by the direct result of bad-faith patent enforcement.

219.    In addition, CLI/Forgent's conduct has suppressed and will continue to suppress innovation in the relevant market, and in other related technologies, by

unlawfully impeding others from using the technology within what CLI/Forgent contends is the scope of the claims of the '672 patent.

220.    By engaging in its unlawful conduct, CLI/Forgent also has denied the producers and users of JPEG-enabled products the competitive benefits of the JPEG Standard.  In the technology field of digital imaging, significant advantages for competition are attained in the formulation and adoption of a standard that permits compatibility among devices that may capture, view, store or print images, and among devices of various types manufactured by competing vendors.  Without a standard, users of the technology cannot be certain that the product or output file from one vendor's product will work with or be readable by the product from another vendor, nor can they be certain that products bought today will be interoperable with future products, or that future products might be capable of reading image files generated with today's products. The JPEG Standard was intended to promote the interests of manufacturers and end users across dozens of industries by allowing for the efficient interoperability and passage of images between various products.

221.    The benefits of the JPEG Standard include: (i) lowering prices as consumers are able to compare strictly quality and cost factors without compatibility concerns; (ii) permitting different vendors' products to work together, encouraging the development of peripheral products in the same or separate industries and creating additional competitive markets with increased consumer choice; (iii) substantially reducing "lock-in" effects and switching costs, facilitating the consumer's ability to switch more readily between product vendors; (iv) easing the entry costs for new competitors in a given market to produce products incorporating the standard; and (v)

enhancing efficiencies through network externalities as more suppliers, consumers and industries implement the standard. By raising or attempting to raise the cost of using the JPEG Standard in its attempt to capture the open standard and filing suit against producers of JPEG-enabled products, CLI/Forgent has deprived or will deprive producers and users of the JPEG Standard's competitive benefits.

222.    By engaging in its unlawful conduct, CLI/Forgent has further threatened to deny consumers the competitive benefits of future standard-setting efforts. Willingness to participate in future standard-setting, including efforts to extend JPEG, has been or will be chilled.

223.    CLI/Forgent's unlawful conduct also has adversely affected other markets potentially relevant to this case. Such markets would be various markets comprised of JPEG-enabled products. Through its unlawful acts, CLI/Forgent has caused or threatened to cause adverse competitive effects in relevant markets of JPEG-enabled products where a sufficient number of competitors might elect to accede to CLI/Forgent's demands. In such markets, CLI/Forgent can effectively raise the floor on the prices that manufacturers in that market charge for JPEG-enabled products. Markets where competing manufacturers are deeply entrenched in the JPEG Standard and would suffer substantial loss of investment in switching to a different standard are especially affected by or threatened with higher prices stemming from CLI/Forgent's unlawful conduct. Particular markets or submarkets relating to products that are dependent upon the Relevant Technology, and which are impacted by CLI/Forgent's conduct, are likely to be revealed through discovery in this case. Many other technology or product markets surrounding

the compression, decompression, storage and transmission of digital images may also prove relevant upon discovery and further analysis.

224. CLI/Forgent have pursued a scheme with specific intent to monopolize the Relevant Technology and have engaged in unreasonable, anticompetitive and exclusionary conduct through activities that have included, as alleged above: (i) securing the '672 patent through fraud on the Patent Office and seeking to enforce the '672 patent; (ii) seeking to enforce the patent against the JPEG Standard knowing that the patent is invalid and unenforceable; and (iii) asserting patent claims to give itself control over the Relevant Technology by threatening, instituting and perpetuating objectively baseless litigation in bad faith against entities locked into the Relevant Technology.

225. Based on the facts alleged above, there was and is a dangerous probability that CLI/Forgent will succeed in obtaining monopoly power in the Relevant Technology, if not already achieved, unless restrained from engaging in further unlawful conduct.

226. CLI/Forgent's unlawful conduct has caused injury to competition and to the Count 13 Plaintiffs as consumers of the Relevant Technology and, unless enjoined and restrained, will cause further injury to competition and to the Count 13 Plaintiffs.

227. The Count 13 Plaintiffs have been injured in their business or property and been threatened with further injury, including the payment of attorneys' fees and other defense costs associated with CLI's patent infringement claims, as a direct and proximate result of CLI/Forgent's conduct.

## COUNT 14

### Declaratory Judgment – License

### [By Plaintiffs HP and IBM against Defendants]

228.    Plaintiffs HP and IBM ("the Count 14 Plaintiffs") incorporate by reference the allegations in paragraphs 1 through 110 above.

229.    This is an action for declaratory judgment that CLI's claims for relief are barred, in whole or in part, because the Count 14 Plaintiffs have a license to make, use, offer to sell and sell JPEG-compliant products.

230.    The Count 14 Plaintiffs have an objectively reasonable apprehension that CLI will continue to pursue its allegations of infringement against the Count 14 Plaintiffs. CLI has already sued the Count 14 Plaintiffs for allegedly infringing the '672 patent by making, using, offering to sell or selling JPEG-compliant products.

231.    CLI has alleged, and continues to allege, that CLI is a current owner of all right, interest and title in and to the '672 patent. On information and belief, Defendant GI is also a current owner of all right, interest and title in and to the '672 patent.

232.    On information and belief, CLI's claims for relief are barred, in whole or in part, because the Count 14 Plaintiffs have a license to make, use, offer to sell and sell JPEG-compliant products.

233.    Accordingly, there exists an actual judicial controversy between the Count 14 Plaintiffs and Defendants concerning whether CLI's claims for relief are barred as alleged above.

234.    The Count 14 Plaintiffs desire and request a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited

above. Such a determination and declaration is necessary and appropriate at this time so

that the parties may ascertain their respective rights and duties regarding the '672 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

i)    A judgment declaring that Plaintiffs have not infringed and do not

infringe, in any manner or in any way, any valid claim of the '672 patent;

ii)    A judgment declaring that each claim of the '672 patent is invalid;

iii)    A judgment declaring that the '672 patent is unenforceable and without

any force or effect against Plaintiffs, their officers, agents, servants,

employees, licensees, assigns, customers and attorneys;

iv)    A judgment that CLI and Forgent are barred from enforcing the '672

patent based on the equitable doctrine of laches;

v)    A judgment that CLI and Forgent are barred from enforcing the '672

patent based on the equitable doctrine of estoppel;

vi)    A judgment that CLI and Forgent are barred from enforcing the '672

patent based on their misuse of the '672 patent;

vii)    A judgment that Plaintiffs have an implied license for use of the '672

patent;

viii)    A judgment that CLI and Forgent have engaged in deceptive trade

practices in violation of 6 Del. C. § 2532 et seq.;

ix)    A permanent injunction, treble damages and attorneys' fees under 6 Del.

C. § 2533;

x)    A judgment that CLI has engaged in fraud;

xi)     A judgment that CLI has engaged in negligent misrepresentation;

xii)    A permanent injunction prohibiting further or future enforcement of the '672 patent;

xiii)   A permanent injunction prohibiting CLI and Forgent's deceptive trade practices;

xiv)    An award of damages adequate to compensate Plaintiffs for the harm caused to them as a result of Defendants' unlawful conduct;

xv)     An award of treble damages, under Clayton Act § 4, against CLI and Forgent for their Sherman Act violations, and an award of attorneys' fees under Clayton Act §§ 4 and 16;

xvi)    A judgment deeming this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of reasonable attorneys' fees, expenses and costs in this action; and

xvii)   Such other and further equitable or legal relief as the Court or a jury deems proper, including the disgorgement by CLI of all sums that they have obtained pursuant to the scheme described herein.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury as to all issues and causes of action so triable herein, pursuant to Federal Rule of Civil Procedure 38.

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

*Attorneys for Plaintiffs*
*Agfa Corp.*
*Apple Computer, Inc.*
*Axis Comms., Inc.*
*Canon USA, Inc.*
*Dell Inc.*
*Eastman Kodak Co.*
*Fuji Photo Film USA*
*Fujitsu Computer Products of America, Inc.,*
*Gateway, Inc.*
*Hewlett-Packard Co.*
*International Business Machines Corp.*
*Jasc Software, Inc.*
*JVC Americas Corp.*
*Matsushita Electric Corp. of America*
*Oce North America, Inc.*
*palmOne, Inc.*
*Ricoh Corp.*
*Riverdeep, Inc.*
*Savin Corp.*
*Thomson, Inc.*
*Toshiba America Consumer Products, LLC*
*and Xerox Corp.*

Dated:  July 2, 2004

RICHARDS, LAYTON & FINGER, P.A.

By: _____
William J. Wade (#704)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19899-0551
(302) 651-7700

*Attorneys for Plaintiff*
*Macromedia, Inc.*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

By: _____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
The Brandywine Building
1000 West St., 17th Floor
Wilmington, DE  19801
(302) 571-6681

*Attorneys for Plaintiff*
*Mitsubishi Digital Elecs. Am. Inc.*

OF COUNSEL:

H. Michael Hartmann
Wesley O. Mueller
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza; Suite 4900
Chicago, IL 60601
Tel: 312-616-5600
Fax: 312-616-5700
(Counsel for Agfa Corp.)

George A. Riley
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3305
Tel: 415-984-8700
Fax: 415-984-8701
(Counsel for Apple Computer, Inc.)

Mark C. Scarsi
Michelle L. Davidson
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Tel: 213-430-6000
Fax: 213-430-6407
(Counsel for Apple Computer, Inc.)

Barry W. Graham
Elizabeth A. Niemeyer
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel: 202- 408-4017
Fax: 202-408-4400
(Counsel for Axis Communications, Inc.)

John A. O'Brien
Nicholas M. Cannella
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
Tel.: (212) 218-2100
Fax: (212) 218-2200
(Counsel for Canon U.S.A., Inc.)

Brian L. Klock
Fitzpatrick, Cella, Harper & Scinto
1900 K Street, N.W.
Washington, DC 20006
Tel.: (202) 530-1010
Fax.: (202) 530-1055
(Counsel for Canon U.S.A., Inc.)

Willem G. Schuurman
David B. Weaver
H. Kenneth Prol
Vinson & Elkins LLP
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512-542-8651
Fax: 512-236-3476
(Counsel for Dell Inc.)

Joseph P. Lavelle
Kenneth W. Donnelly
Vivian S. Kuo
Howrey Simon Arnold & White
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: 202-783-0800
Fax: 202-383-6610
(Counsel for Eastman Kodak Company)

Steven J. Routh
Hogan & Hartson, L.L.P.
555 13th Street N.W.
Washington, D.C. 20004
Tel: 202-637-6472
Fax: 202-637-5910
(Counsel for Fuji Photo Film U.S.A.)

Christopher E. Chalsen
Michael M. Murray
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Tel: 212-530-5380
Fax: 212-822-5380
(Counsel for Fujitsu Computer Products of
America, Inc.)

W. Bryan Farney, P.C.
Darryl J. Adams
Dewey Ballantine LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701-2478
Tel: 512-226-0300
Fax: 512-226-0333
(Counsel for Gateway, Inc.)

Danny L. Williams
Williams, Morgan & Amerson
10333 Richmond, Suite 1100
Houston, Texas 77042
Tel: 713-934-4060
Fax: 713-934-7011
(Counsel for Hewlett-Packard
Company)

Keith R. Hummel
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
Tel: 212-474-1772
Fax: 212-474-3700
(Counsel for International Business
Machines Corporation)

Charlene M. Morrow
Darryl M. Woo
Fenwick & West
801 California Street
Mountain View, CA 94041
Tel: 650-988-8500
Fax: 650-938-5200
(Counsel for Macromedia, Inc.)

John W. Kozak
Steven P. Petersen
Leydig, Voit and Mayer, Ltd
Two Prudential Plaza
180 North Stetson, Suite 4900
Chicago, IL 60601
Tel: 312-616-5650
Fax: 312-616-5700
(Counsel for Mitsubishi Digital Electronics
America, Inc.)

Frederick H. Colen
Barry J. Coyne
Joshua S. Bish
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA. 15219
Tel: 412-288-3131
Fax: 412-288-3063
(Counsel for Oce North America, Inc.)

Mark D. Flanagan
Bart E. Volkmer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94303-1050
Tel: 650-493-9300
Fax: 650-493-6811
(Counsel for palmOne, Inc.)

M. Craig Tyler
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, TX 78759-7247
Tel: 512-338-5400
Fax: 512-338-5499
(Counsel for palmOne, Inc.)

Anthony C. Roth
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-739-5188
Fax: 202-739-3001
(Counsel for Ricoh Corporation and Savin
Corporation)

Robert J. Hollingshead
Morgan, Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan
Tel: 011-81-3-5219-2505
Fax: 202-739-3001
(Counsel for Ricoh Corporation and Savin
Corporation)

Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
Tel: 503-224-6655
Fax: 503-295-6679
(Counsel for Riverdeep, Inc.)

E. Lee Haag
Marc L. Delflache
Richard S. Zembek
Andrew Price
Fulbright & Jaworski, LLP
1301 McKinney Street
Houston, TX 77010-3095
Tel: 713-651-5429
Fax: 713-651-5246
(Counsel for Thomson, Incorporated)

Henry C. Bunsow
Denise M. De Mory
Howrey Simon Arnold & White LLP
525 Market Street, Suite 3600
San Francisco, CA 94104
Tel: 415-848-4900
Fax: 415-848-4999
(Counsel for Toshiba America Consumer
Products, L.L.C.)

James P. Bradley
William O. Fifield
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201
Tel: 214-981-3300
Fax: 214-981-3400
(Counsel for Xerox Corporation)

641303

EXHIBIT A

# United States Patent [19]

## Chen et al.

[11] Patent Number: 4,698,672

[45] Date of Patent: Oct. 6, 1987

[54] **CODING SYSTEM FOR REDUCING REDUNDANCY**

[75] Inventors: **Wen-hsiung Chen,** Sunnyvale; **Daniel J. Klenke,** Milpitas, both of Calif.

[73] Assignee: **Compression Labs, Inc.,** San Jose, Calif.

[21] Appl. No.: **923,630**

[22] Filed: **Oct. 27, 1986**

[51] Int. Cl.⁴ ...................... H04N 7/133; H04N 7/137
[52] U.S. Cl. ...................................... 358/136; 358/261; 358/262; 375/27
[58] Field of Search ............... 358/136, 135, 133, 261, 358/262; 375/27, 31, 33

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,302,775 | 11/1981 | Widergren | 358/136 |
| 4,476,495 | 10/1984 | Fujisawa | 358/262 |
| 4,520,490 | 5/1985 | Wei | 375/27 |
| 4,558,370 | 12/1985 | Mitchell | 358/262 |
| 4,633,325 | 12/1986 | Usubuchi | 358/133 |

Primary Examiner—Howard W. Britton
Attorney, Agent, or Firm—Fliesler, Dubb, Meyer & Lovejoy

[57] **ABSTRACT**

The present invention relates to methods and apparatus for processing signals to remove redundant information thereby making the signals more suitable for transfer through a limited-bandwidth medium. The present invention specifically relates to methods and apparatus useful in video compression systems. Typically, the system determines differences between the current input signals and the previous input signals using mean-square difference signals. These mean-square signals are processed and compared with one or more thresholds for determining one of several modes of operation. After processing in some mode, the processed signals are in the form of digital numbers and these digital numbers are coded, using ordered redundancy coding, and transmitted to a receiver.

**46 Claims, 4 Drawing Figures**





FIG.—I



FIG.—2