**Compression Labs, Incorporated v. Agfa Corporation et al.,**
**C.A. No. 2:04CV-158 DF**

**Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or,**
**in the Alternative, Motion to Transfer**

**Attachment G to the**
**Declaration of Joseph M. Casino**

Dockets.Justia.com

## PATENT ASSIGNMENT

THIS PATENT ASSIGNMENT ("Assignment") is made and entered into as of this 24th day of June, 1996, ("Effective Date"), by and between Compression Labs, Incorporated, a Delaware corporation, with its principal office at 2860 Junction Avenue, San Jose, California 95134 ("Assignor"), and Charger Industries, Inc. a California corporation, with its principal office at 6262 Lusk Boulevard, California 92121 ("Assignee").

WHEREAS, Assignor and Assignee are parties to that certain Asset Purchase Agreement dated as of June 7, 1996 ("Asset Purchase Agreement"), pursuant to which Assignor has agreed to sell and Assignee has agreed to purchase the assets, properties and rights pertaining to the Business as defined in the Asset Purchase Agreement;

WHEREAS, Assignor is the sole and exclusive owner of the entire right, title and interest in, to and under those United States patents identified and set forth on Schedule A and the foreign patents identified and set forth on Schedule B (the "Patents"); and

WHEREAS, Assignee wishes to acquire and Assignor wishes to assign an undivided one-half interest in and to the Patents.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby sell, assign, transfer and set over to Assignee, an

GICLI2A.NH
June 24, 1996

CONFIDENTIAL

undivided one-half interest in and to the Patents, for the United States and for all foreign countries, including any continuations, divisions, continuations-in-part, reissues, reexaminations, extensions or foreign equivalents thereof, and including the subject matter of all claims which may be obtained therefrom for its own use and enjoyment, and for the use and enjoyment of its successors, assigns or other legal representatives, as fully and entirely as the same would have been held and enjoyed by Assignor if this Assignment and sale had not been made.

Assignor authorizes and requests the Commissioner of Patents and Trademarks to record Assignee as a joint owner of the Patents, including any continuations, divisions, continuations-in-part, reissues, reexaminations or extensions thereof, and to issue any and all letters patent of the United States thereon to Assignee, as assignee of an undivided one-half interest in, to and under the same, for the use and enjoyment of Assignee, its successors, assigns or other legal representatives.

Assignor shall provide Assignee, its successors, assigns or other legal representatives, cooperation and assistance at Assignee's request and expense (including the execution and delivery of any and all affidavits, declarations, oaths, exhibits, assignments, powers of attorney or other documentation as may be reasonably required): (1) in the prosecution or defense of any interference, opposition, reexamination, reissue, infringement or

other proceedings that may arise in connection with any of the patent rights assigned herein, including, but not limited to, testifying as to any facts relating to the patent rights assigned herein and this Assignment; (2) in obtaining any additional patent protection that Assignee may deem appropriate which may be secured under the laws now or hereafter in effect in the United States or any other country; and (3) in the implementation or perfection of this Assignment.

Except with respect to Intellectual Property (as defined in the Asset Purchase Agreement), which are governed by the provisions of the Asset Purchase Agreement, the Patents are provided "AS IS" and without any warranty of any kind, including without limitation warranties of title and non-infringement.

This Assignment shall be construed and governed in accordance with the laws of the State of California without giving effect to laws concerning conflicts of laws.

This Assignment, together with the exhibits attached hereto, comprises the entire, final and exclusive understanding of the parties with respect to the subject matter herein and supersedes any previous agreement, whether oral or written, with respect to such subject matter. Notwithstanding the foregoing, to the extent any provision of this Assignment conflicts with the Asset Purchase Agreement or the License and Co-Ownership Agreement dated June __, 1996 between the parties, with respect to any

GICLI2A.NH
June 24, 1996

CONFIDENTIAL

- 3 -

provisions applicable to the Marks, the terms of such other agreements shall prevail.

*          *          *          *          *          *

GICLI2A.NH
June 24, 1996

CONFIDENTIAL

- 4 -

IN TESTIMONY WHEREOF, the Assignor and Assignee have caused this Assignment to be signed and executed by the undersigned officers thereunto duly authorized this 24th day of June, 1996.

COMPRESSION LABS, INCORPORATED

Name: _Thomas G. Trimm._

Title: _President, CEO._

CHARGER INDUSTRIES, INC.

Name: Susan M. Meyer

Title: Vice President

STATE OF California )
                    ) SS.
COUNTY OF Santa Clara )

On this 24th day of June , 1996 there appeared before me Thomas G. Trimm , personally known to me, who acknowledged that he signed the foregoing Assignment as his voluntary act and deed on behalf and with full authority of Compression Labs, Incorporated.

SALLY ZUMBA
Comm. #1005103
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
Comm. Expires Sept. 29, 1997

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK )

On this 24th day of June , 1996, there appeared before me Susan M. Meyer , personally known to me, who acknowledged that she signed the foregoing Assignment as his her voluntary act and deed on behalf and with full authority of Charger Industries, Inc. .

"OFFICIAL SEAL"
Loretta M. McKnight
Notary Public, State of Illinois
My Commission Expires 2/9/98

Notary Public

GICLI2A.NH
June 24, 1996

CONFIDENTIAL

- 5 -

SCHEDULE A

U.S. PATENTS

| Title | Patent No. | Issue Date |
|-------|-----------|------------|
| Digital Video Compression System and Methods Utilizing Scene Adapative Coding with Rate Buffer Feedback | 4,302,775 | |
| Digital Video Compression System and Methods Utilizing Scene Adapative Coding with Rate Buffer Feedback | 4,394,774 | |
| Video Bandwidth Reduction System Employing Interframe Block Differencing and Transform Domain Coding | 4,541,012 | |
| Coding Systems for Redundancy Reduction | 4,698,672 | |
| Combined Intraframe and Interframe Transform Coding System | 4,704,628 | |

GICLI2A.NH
June 24, 1996

CONFIDENTIAL

## SCHEDULE B

### FOREIGN PATENTS

| Title | Country | Patent No. | Issue Date |
|---|---|---|---|
| Video Bandwidth Reduction System Employing Interframe Block Differencing and Transform Domain Coding | FRANCE U.K. CANADA | 0084270 P3271502,8 1209266 | |

CONFIDENTIAL

GICLI2A.NH
June 24, 1996

- 7 -

EXHIBIT E

## TRADEMARK ASSIGNMENT

CONFIDENTIAL

## TRADEMARK, TRADE NAME AND ASSUMED NAME ASSIGNMENT

THIS TRADEMARK, TRADE NAME AND ASSUMED NAME ASSIGNMENT (the "Assignment")is made and entered into as of this 24th day of June, 1996, ("Effective Date"), by and between Compression Labs, Incorporated, a Delaware corporation, with its principal office at 2860 Junction Avenue, San Jose, California 95134 ("Assignor"), and Charger Industries, Inc. a California corporation, with its principal office at 6262 Lusk Boulevard, San Diego, CA 92121 ("Assignee").

WHEREAS, Assignor and Assignee are parties to that certain Asset Purchase Agreement dated as of June 7, 1996 ("Asset Purchase Agreement"), pursuant to which Assignor has agreed to sell and Assignee has agreed to purchase the assets, properties and rights pertaining to the Business as defined in the Asset Purchase Agreement;

WHEREAS, Assignor is the sole and exclusive owner of the entire right, title and interest in, to and under the trademarks and the United States trademark registrations and applications for registration identified and set forth on Schedules A and B, respectively, including variations thereof, and the unregistered trademarks identified and set forth on Schedule C, and any variation thereof, and the foreign trademark registrations and applications for registrations identified and set forth on Schedule D (collectively, the "Marks"), and various trade names and assumed names, identified and set forth on Schedules E and F, respectively, including variations thereof (collectively, the

GICLI4A.NH
June 24, 1996

- 1 -

CONFIDENTIAL

"Trade/Assumed Names"), and the goodwill of the business associated therewith;

WHEREAS, Assignee wishes to acquire and Assignor wishes to assign all right, title and interest in and to the Marks and the Trade/Assumed Names together with the goodwill of the business in connection with which the Marks and the Trade/Assumed Names are used;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby sell, assign, transfer and set over to Assignee the entire right, title and interest in and to the Marks and the Trade/Assumed Names together with the goodwill of the business in connection with which the Marks and the Trade/Assumed Names are used, and all registrations and applications therefor, in the United States and for all foreign countries, including any renewals and extensions of the registrations that are or may be secured under the laws of the United States and all foreign countries, now or hereafter in effect, for Assignee's own use and enjoyment, and for the use and enjoyment of Assignee's successors, assigns or other legal representatives, as fully and entirely as the same would have been held and enjoyed by the Assignor if this Assignment and sale had not been made; together with all income, royalties or payments due or payable as of the Effective Date or thereafter, including, without limitation, all claims for damages by reason of past, present or future infringement or other unauthorized use of the Marks and the Trade/Assumed Names, with the right to sue for,

GICLI4A.NH
June 24, 1996

CONFIDENTIAL

and collect the same for Assignee's own use and enjoyment and for the use and enjoyment of its successors, assigns or other legal representatives. Assignor requests the Commissioner of Patents and Trademarks to record Assignee as the assignee and owner thereof.

Assignor shall provide to Assignee, its successors, assigns or other legal representatives, reasonable cooperation and reasonable assistance at Assignee's request and expense (including the execution and delivery of any and all affidavits, declarations, oaths, samples, exhibits, specimens and other documentation as may be reasonably required): (1) in the preparation and prosecution of any application for registration or any application for renewal of a registration covering any of the Marks or the Trade/Assumed Names; (2) in the prosecution or defense of any interference, opposition, infringement or other proceedings that may arise in connection with any of the Marks or the Trade/Assumed Names, including, but not limited to, testifying as to any facts relating to the Marks and Trade/Assumed Names assigned herein and this Assignment; (3) in obtaining any additional trademark protection for the Marks or any of the Trade/Assumed Names that Assignee reasonably may deem appropriate that may be secured under the laws now or hereafter in effect in the United States or for all foreign countries; and (4) in the implementation or perfection of this Assignment.

Except with respect to Intellectual Property (as defined in the Asset Purchase Agreement), which are governed by the provisions of the Asset Purchase Agreement, the Marks are provided

GICLI4A.NH
June 24, 1996

- 3 -

CONFIDENTIAL

"AS IS" and without any warranty of any kind, including without limitation warranties of title and non-infringement.

This Assignment shall be construed and governed in accordance with the laws of the State of California without giving effect to laws concerning conflicts of laws.

This Assignment, together with the exhibits attached hereto, comprises the entire, final and exclusive understanding of the parties with respect to the subject matter herein and supersedes any previous agreement, whether oral or written, with respect to such subject matter. Notwithstanding the foregoing, to the extent any provision of this Assignment conflicts with the Asset Purchase Agreement or the License and Co-Ownership Agreement dated June __, 1996 between the parties, with respect to any provisions applicable to the Marks, the terms of such other agreements shall prevail.

\*      \*      \*      \*      \*

GICLI4A.NH
June 24, 1996

CONFIDENTIAL

- 4 -

IN TESTIMONY WHEREOF, the Assignor and Assignee have caused this Assignment to be signed and executed by the undersigned officers thereunto duly authorized this 24th day of June, 1996.

COMPRESSION LABS, INCORPORATED

Name: *Thomas G. Trimm*

Title: *President, CEO.*

CHARGER INDUSTRIES, INC.

Name: Susan M. Meyer

Title: Vice President

STATE OF *California* )
                      ) SS.
COUNTY OF *Santa Clara* )

On this 24th day of *June*, 1996, there appeared before me *Thomas G. Trimm*, personally known to me, who acknowledged that he signed the foregoing Assignment as his voluntary act and deed on behalf and with full authority of *Compression Labs, Incorporated*

Notary Public

SALLY ZUMBA
Comm. #1005103
NOTARY PUBLIC - CALIFORNIA
SANTA CLARA COUNTY
Comm. Expires Sept. 29, 1997

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

On this 24th day of June, 1996, there appeared before me Susan M. Meyer, personally known to me, who acknowledged that she signed the foregoing Assignment as ~~his~~ her voluntary act and deed on behalf and with full authority of Charger Industries, Inc.

"OFFICIAL SEAL"
Loretta M. McKnight
Notary Public, State of Illinois
My Commission Expires 2/9/98

Notary Public

GICLI4A.NH
June 24, 1996

- 5 -

## SCHEDULE A

## U.S. TRADEMARK REGISTRATIONS

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| MAGNITUDE | 1,956,383 | |

GICLI4A.NH
June 24, 1996

CONFIDENTIAL

- 6 -

## SCHEDULE B

## U.S. TRADEMARK APPLICATIONS

| Mark | Serial No. | Filing Date |
|------|-----------|-------------|
| STATMUX | 75/054589 | |

CONFIDENTIAL

GICLI4A.NH
June 24, 1996

- 7 -

## SCHEDULE C

## UNREGISTERED TRADEMARKS

<u>Mark</u>

MovieMaster

Sea Tv

CONFIDENTIAL

GICLI4A.NH
June 24, 1996

- 8 -

<u>**SCHEDULE D**</u>

<u>**FOREIGN TRADEMARKS**</u>

| <u>Mark</u> | <u>Country</u> | <u>Reg. No.</u> | <u>Reg. Date</u> |
|---|---|---|---|
| NONE | | | |

<u>**FOREIGN TRADEMARK APPLICATIONS**</u>

| <u>Mark</u> | <u>Country</u> | <u>Serial No.</u> | <u>Reg. Date</u> |
|---|---|---|---|
| NONE | | | |

CONFIDENTIAL

GICLI4A.NH
June 24, 1996

- 9 -

## SCHEDULE I

## TRADE NAMES

NONE

CONFIDENTIAL

GICLI4A.NH
June 24, 1996

- 10 -

## SCHEDULE F

### ASSUMED NAMES

NONE

CONFIDENTIAL

GICLI4A.NH
June 24, 1996

- 11 -