Compression Labs, Incorporated v. Agfa Corporation et al.,
C.A. No. 2:04CV-158 DF

Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or,
in the Alternative, Motion to Transfer

Attachment H to the
Declaration of Joseph M. Casino

ORIGINAL

## AMENDMENT TO LICENSE AND CO-OWNERSHIP AGREEMENT

THIS AMENDMENT TO LICENSE AND CO-OWNERSHIP AGREEMENT (this "Amendment") effective as of July 1, 1997, is entered into between COMPRESSION LABS, INC., a Delaware corporation ("CLI"), and MAGNITUDE COMPRESSION SYSTEMS, INC., a California corporation ("Magnitude").

WHEREAS, CLI, and Charger Industries, Inc., have entered into that certain License and Co-Ownership Agreement as of June 24, 1996 (the "License Agreement").

WHEREAS, Charger Industries, Inc., has been renamed to "Magnitude Compression Systems, Inc."

WHEREAS, CLI and Magnitude would like to amend the License Agreement to enable more efficient licensing of certain of the Jointly Owned Patents (as such term is defined in the License Agreement).

NOW, THEREFORE, in consideration of the foregoing premises and the mutual covenants herein contained, the parties hereby amend the License Agreement and agree as follows:

1. <u>Definitions</u>. All terms used but not defined herein shall have the meaning given to them in the License Agreement. As used in this Amendment, the following terms shall have the meanings set forth below:

   1.1 "<u>MPEG-2 Essential Patent</u>" shall mean any patent claiming an apparatus or a method necessary for compliance with the MPEG-2 Standard under the laws of the country which issued or published the patent.

   1.2 "<u>MPEG-2 Standard</u>" shall mean the MPEG-2 video standard as defined in ISO documents IS 13818-1 (including annexes C, D, F, K and L), IS 13818-2 (including annexes A, B, C and D, but excluding scalable extensions), and IS 13818-4 (only as it is needed to clarify IS 13818-2).

   1.3 "<u>Joint MPEG-2 Patents</u>" shall mean the Jointly Owned Patents which are determined to be MPEG-2 Essential Patents. The parties agree that the following two Jointly Owned Patents are MPEG-2 Essential Patents: U.S. Patent No. 4,394,774 Digital Video Compression System and Methods Utilizing Scene Adaptive Coding with Rate Buffer Feedback and U.S. Patent No. 4,698,672 Coding Systems for Redundancy Reduction. If an independent patent expert retained by a group of companies licensing MPEG-2 Essential Patents as a pool concludes that any of the remaining three Jointly Owned Patents are MPEG-2 Essential Patents, CLI shall not contest such determination.

2. <u>Amendment</u>. The License Agreement is hereby modified as set forth in this Section.

   2.1 <u>Use and Licensing</u>. Section 2.2 is hereby amended in its entirety to read as follows:

CONFIDENTIAL

2.2    Use and Licensing.

2.2.1 Restrictions on Use. Magnitude shall have the right to practice the Jointly Owned Patents only (a) in the Charger Field of Use and (b) as authorized by the next sentence of this Section 2.2.1. NextLevel and Magnitude are hereby authorized to license the Joint MPEG-2 Patents to the MPEG-2 patent pool, presently administered by MPEG LA, LLC, and to use such patents in accordance with any sublicense granted by the MPEG-2 patent pool. CLI shall have the right to practice the Jointly Owned Patents only in any field of use other than the Charger Field of Use and in accordance with the terms of any sublicense CLI enters into with the MPEG-2 patent pool administrator. The use restrictions of this Section 2.2 shall terminate with respect to each Jointly Owned Patent upon the expiration of such Jointly Owned Patent or when there is a final determination of invalidity by a court of competent jurisdiction. The restrictions on the practice of a Jointly Owned Patent set forth in this Section shall only apply in the country in which such patent is valid and enforceable. Notwithstanding anything in this Agreement to the contrary, after the Effective Date, a party may assign its interest in a Jointly Owned Patent (subject to the restrictions and obligations set forth in this Agreement), but only in whole, not in part.

2.2.2 Licensing. In the event that a party grants a license under the Jointly Owned Patents to a third party, the licensing party agrees to execute an agreement with its licensee that binds the licensee (and its sublicensees, if any) to the field of use limitations enumerated in Section 2.2.1 above, to the extent applicable.

2.2    Payments. Magnitude shall pay CLI twenty percent (20%) of the royalty payments it receives thereafter as a result of licensing the Joint MPEG-2 Patents pursuant to Section 2.2 of the License Agreement. Such payments shall be made semiannually and shall be due on April 15 and October 15 of each year and shall be accompanied by a schedule setting forth in reasonable detail the basis upon which the royalty was calculated, including total license receipts for the MPEG-2 patent pool and Magnitude. Magnitude shall pay interest to CLI on the aggregate amount of any payments by Magnitude that are not paid on or before the date such payments are due at the lessor of (a) the maximum rate allowed under California law or (b) a rate of eighteen percent (18%) per annum.

2.3    Audits. Upon the written request of CLI and not more than once in each calendar year, Magnitude shall permit an independent certified public accounting firm of nationally recognized standing selected by CLI and reasonably acceptable to Magnitude, at CLI's expense, to have access during normal business hours to such of

c:\amendments\cli\cli-Amd.doc
8/29/97

2

CONFIDENTIAL

the records of Magnitude as may be reasonably necessary to verify the accuracy of the royalty payments hereunder for any year ending not more than thirty-six (36) months prior to the date of such request. The accounting firm shall disclose to CLI only whether the records are correct or not and the specific details concerning any discrepancies. No other information shall be shared. If such accounting firm concludes that additional royalties were owed during such period, Magnitude shall pay the additional royalties within thirty (30) days of the date CLI delivers to Magnitude such accounting firm's written report so concluding. CLI shall treat all financial information subject to review under this Section as confidential and shall cause its accounting firm to retain all such financial information in confidence under Article 7 of the License Agreement.

2.4   <u>Representations and Warranties.</u> Article 6 of the License Agreement is hereby amended in its entirety as follows:

6.   Representations and Warranties. Each party hereby represents and warrants to the other party as follows:

6.1   Corporate Existence and Power. Such party (a) is a corporation duly organized, validly existing and in good standing under the laws of the state in which it is incorporated; (b) has the corporate power and authority and the legal right to own and operate its property and assets, to lease the property and assets it operates under lease, and to carry on its business as it is now being conducted; and (c) is in compliance with all requirements of applicable law, except to the extent that any noncompliance would not have a material adverse effect on the properties, business, financial or other condition of such party and would not materially adversely affect such party's ability to perform its obligations under this Agreement.

6.2   Authorization and Enforcement of Obligations. Such party (a) has the corporate power and authority and the legal right to enter into this Agreement and to perform its obligations hereunder and (b) has taken all necessary corporate action on its part to authorize the execution and delivery of this Agreement and the performance of its obligations hereunder. This Agreement has been duly executed and delivered on behalf of such party, and constitutes a legal, valid, binding obligation, enforceable against such party in accordance with its terms.

6.3   Consents. All necessary consents, approvals and authorizations of all governmental authorities and other persons required to be obtained by such party in connection with this Agreement have been obtained.

6.4 **No Conflict.** The execution and delivery of this Agreement and the performance of such party's obligations hereunder (a) do not conflict with or violate any requirement of applicable laws or regulations and (b) do not conflict with, or constitute a default under, any contractual obligation of such party.

2.5 **Notices.** Section 8.9 is hereby amended to provide that notices to Magnitude should be sent to:

> NextLevel Systems, Inc.
> 6262 Lusk Boulevard
> San Diego, California 92121
> Attention: General Counsel

and notices to CLI should be sent to:

> Compression Labs, Inc.
> c/o VTEL Corporation
> 108 Wild Basin Road
> Austin, Texas 78746
> Attn: Rodney S. Bond, Chief Financial Officer

3. **Full Force and Effect.** This Amendment shall be effective for all purposes as of the date first set forth above. Except as otherwise expressly modified by this Amendment, the License Agreement shall remain in full force and effect in accordance with its terms.

4. **Counterpart Execution.** This Amendment may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

IN WITNESS WHEREOF the parties hereto have executed this Amendment as of the date first set forth above.

| MAGNITUDE COMPRESSION SYSTEMS, INC. | COMPRESSION LABS, INC. |
|---|---|
| By _____ <br> Michael R. Bernique <br> Vice President | By _____ <br> Rodney S. Bond <br> Vice President |

CONFIDENTIAL

6.4 **No Conflict.** The execution and delivery of this Agreement and the performance of such party's obligations hereunder (a) do not conflict with or violate any requirement of applicable laws or regulations and (b) do not conflict with, or constitute a default under, any contractual obligation of such party.

2.5 **Notices.** Section 8.9 is hereby amended to provide that notices to Magnitude should be sent to:

> NextLevel Systems, Inc.
> 6262 Lusk Boulevard
> San Diego, California 92121
> Attention: General Counsel

and notices to CLI should be sent to:

> Compression Labs, Inc.
> c/o VTEL Corporation
> 108 Wild Basin Road
> Austin, Texas 78746
> Attn: Rodney S. Bond, Chief Financial Officer

3. **Full Force and Effect.** This Amendment shall be effective for all purposes as of the date first set forth above. Except as otherwise expressly modified by this Amendment, the License Agreement shall remain in full force and effect in accordance with its terms.

4. **Counterpart Execution.** This Amendment may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

IN WITNESS WHEREOF the parties hereto have executed this Amendment as of the date first set forth above.

MAGNITUDE COMPRESSION SYSTEMS, INC.

By _____
Michael R. Bernique
Vice President

COMPRESSION LABS, INC.

By _Rodney S. Bond, VP_
Rodney S. Bond
Vice President

CONFIDENTIAL