Compression Labs, Incorporated v. Agfa Corporation et al.,
C.A. No. 2:04CV-158 DF


Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or,
in the Alternative, Motion to Transfer


Attachment M to the
Declaration of Joseph M. Casino

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

France Télécom, General Instrument Corporation,     )
Matsushita Electric Industrial Co., Ltd.,           )
Mitsubishi Electric Corporation,                    )
The Trustees of Columbia University in the City     )
of New York, U.S. Philips Corporation, and          )      Civil Action No. _____
Victor Company of Japan, Ltd.,                      )
                                                    )      **JURY TRIAL DEMANDED**
              Plaintiffs,                            )
                                                    )
      v.                                             )
                                                    )
Compaq Computer Corporation,                         )
                                                    )
              Defendant.                             )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs France Télécom ("France Télécom"), General Instrument Corporation

("GI"), Matsushita Electric Industrial Co., Ltd. ("Matsushita"), Mitsubishi Electric Corporation

("Mitsubishi"), The Trustees of Columbia University in the City of New York ("Columbia"),

U.S. Philips Corporation ("Philips"), and Victor Company of Japan, Ltd. ("JVC"), by their

undersigned attorneys, for their complaint against defendant Compaq Computer Corporation

("Compaq") allege as follows:

### SUMMARY OF CLAIMS

1.    This is a patent infringement action brought against Compaq by France

Télécom, GI, Matsushita, Mitsubishi, Columbia, Philips, and JVC concerning patents which are

all essential to the practice of the world-wide leading video compression standard known as

–1–

MPEG-2. This action is brought by plaintiffs as owners of a number of patents essential to the implementation of MPEG-2 as implemented in numerous devices sold by Compaq. Among other applications, the MPEG-2 standard is used by Compaq and others in the transmission or storage of video information. MPEG-2 provides the means to achieve a substantial reduction in the amount of digital information required to encode and then reproduce by decoding a video signal by eliminating certain redundancies in the information that would otherwise have to be stored or transmitted. For example, a motion picture is typically comprised of 24 frames per second; if the scene does not change substantially, successive frames will be very similar. Employment of the MPEG-2 compression standard eliminates the need to encode certain redundant or superfluous information in similar frames or portions thereof, so that a series of frames can be encoded in digital form using a substantially smaller amount of data. MPEG-2 also eliminates the need to encode certain redundant or superfluous information within a single frame. Compression thus reduces the volume or rate of data transmission, permits a higher quality of reproduced video, and allows the digital transmission or storage of a video signal in many applications that would be unavailable without use of a compression technology. MPEG-2 is currently employed in, and makes possible the storage and playing of full-length films on DVD disks, digital satellite television broadcasts and in digital cable television.

2.    In 1994, after years of study and open meetings held throughout the world, the International Organization for Standards ("ISO"), a body that promulgates international standards in scientific, technical, and other fields, issued the MPEG-2 standard, known as ISO 13818. (MPEG is an acronym for Moving Picture Experts Group.) The use of such a standard

-2-

produces substantial economic efficiencies, stimulates industry growth, and creates consumer benefits. For example, without a compression standard such as MPEG-2, multi-channel satellite television broadcasting or DVD disks as they are known today would not be possible. Computers, including those sold by Compaq, employ the MPEG-2 standard for, among other things, encoding and decoding video signals. In addition, MPEG-2 is widely used by Compaq and others in digital storage media and is used in DVD movies and DVD-ROM media.

3.      Use of the patents in suit is essential to the practice of the MPEG-2 technology.

4.      In 1996, GI, Matsushita, Mitsubishi, Columbia, and Philips, along with Fujitsu Limited, Scientific-Atlanta, Inc., and Sony Corp., formed MPEG LA, a Delaware limited liability company. MPEG LA is a non-exclusive licensee of each of the patents in suit as well as numerous other patents essential to the practice of the MPEG-2 technology. MPEG LA was established in order to provide the marketplace with non-discriminatory access to as many of the patents which are essential to MPEG-2 technology as possible. MPEG LA has the authority to sublicense all of approximately 300 patents from approximately 75 patent families throughout the world – including the patents in suit – on a non-discriminatory basis. MPEG LA has extended MPEG-2 licenses consisting of the patents in suit and other essential patents to approximately 250 licensees located throughout the world. MPEG LA's licensing program began after the United States Department of Justice reviewed, at the patent owners' request, the circumstances surrounding the formation of MPEG LA and its standard patent license, among other things, and issued a favorable Business Review Letter.

–3–

5.    For several years, Compaq has had an opportunity to license the patents in suit by either licensing one or more such patents directly from the individual plaintiffs or, in the alternative, by taking a license from MPEG LA, which offers a non-discriminatory patent portfolio license under many patents essential to the practice of MPEG-2 technology.

6.    Through the MPEG LA licensing program, users of the MPEG-2 technology can license all patents offered by MPEG LA essential to practice the MPEG-2 technology in a single agreement. Alternatively and at their option, potential licensees can negotiate separate licenses to one or more essential patents from individual patent owners.

7.    Compaq recognizes the importance of efficiencies that can be created by the licensing of patent portfolios such as the MPEG-2 patent portfolio. Compaq is a founding member of 1394 LA which, similar to MPEG LA, is a non-exclusive licensee under a variety of patents held by Compaq and several other firms that are essential to the practice of an industry standard communications protocol used in personal computers and other electronic devices. Like MPEG LA, 1394 LA provides a single, non-discriminatory license to all patents in its portfolio. The structure of the 1394 patent portfolio is virtually identical to that of the MPEG-2 patent portfolio.

8.    Compaq has been told repeatedly that it can obtain a license to the patents in suit from the individual patent owners. Alternatively and at its option, Compaq also has been offered a portfolio license from MPEG LA on the same terms as the license reviewed by the U.S. Department of Justice Antitrust Division and executed by MPEG LA with 250 or so licensees.

-4-

Nevertheless, Compaq has refused to enter into any license with plaintiffs or the license offered by MPEG LA.

9.      In its advertisements and through promotional materials distributed through its website and otherwise, Compaq persistently touts the benefits of its computer products equipped with DVD drives and their compatibility with the MPEG-2 standard. Compaq charges as much as $345 more to include a DVD drive in computers available for purchase direct from Compaq on its website.

10.      Compaq is infringing the patents in suit, by, among other things, selling in this country and in this judicial district products that – as defendant has acknowledged – employ the MPEG-2 patented technology.

## JURISDICTION AND VENUE

11.      This is an action for patent infringement under Title 35 of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. § 1338. Defendant is licensed to do business, and is in fact doing business, in the District of Delaware. Defendant has purposefully sold infringing products through regular distribution channels knowing such products would be used and/or sold in this judicial district.

12.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and § 1400(b).

## THE PARTIES

13.    Plaintiff France Télécom is a corporation of France having its principal place of business in Paris, France.

14.    Plaintiff GI is a Delaware corporation having its principal place of business in Horsham, Pennsylvania.

15.    Plaintiff Matsushita is a corporation of Japan having its principal place of business in Osaka, Japan.

16.    Plaintiff Mitsubishi is a corporation of Japan having its principal place of business in Tokyo, Japan.

17.    Plaintiff Columbia is a not-for-profit corporation of New York having its principal place of business in New York, New York.

18.    Plaintiff Philips is a Delaware corporation having its principal place of business in Tarrytown, New York.

19.    Plaintiff JVC is a corporation of Japan having its principal place of business in Yokohama, Japan.

20.    Defendant Compaq is a Delaware corporation having its principal place of business in Houston, Texas.

## DEFENDANT'S INFRINGEMENT

21.    Compaq manufactures, uses, and sells within the United States, DVD-ROM drive-equipped personal computers with MPEG-2 hardware and/or software decoding and

–6–

encoding products ("MPEG-2 PCs"). Compaq has admitted and, in fact, regularly advertises that its MPEG-2 PCs are MPEG-2 compliant. Compaq's MPEG-2 PCs are purposefully shipped by Compaq through an established distribution channel and are knowingly sold, among other places, within this judicial district. The manufacture, use, and sale of these MPEG-2 PCs – which do any one or more of the following: transmit, decode, encode, process or display digital video signals using MPEG-2 methods and devices – infringe the patents in suit.

22.    Compaq has published and continues to publish regularly advertisements and reports on the Internet and in newspapers and magazines touting the MPEG-2 functionality, including the ability to play DVD movies, as an important feature of its products. The playing of DVD movies on its computers cannot be done without infringing the patents in suit.

23.    Compaq contributorily infringes the patents in suit by selling MPEG-2 PCs in this judicial district and elsewhere, knowing that the use of these devices to transmit, encode, decode, process or display digital video signals using MPEG-2 methods and devices infringes the patents in suit. Without such MPEG-2 hardware and/or software included in the MPEG-2 PCs, media or data cannot be encoded in the MPEG-2 format, and any media or data that is encoded in MPEG-2 format cannot be decoded and viewed.

24.    Upon information and belief, Compaq actively induces the infringement of the patents in suit by selling, encouraging, and instructing others to use MPEG-2 PCs sold by Compaq, knowing that the use of MPEG-2 PCs to, among other things, decode a stored MPEG-2 video signal, causes others to infringe the patents in suit.

25.    Compaq's infringing actions were without the consent or authority of plaintiffs. Compaq does not now and has never possessed a license under any of the patents in suit.

26.    Compaq had actual knowledge of the patents in suit prior to engaging in acts of infringement. Moreover, Compaq has been notified expressly in a face-to-face meeting and in written communications that the sale and use in the United States of the MPEG-2 PCs infringe the patents in suit. Compaq was advised of its infringement of the patents in various written communications, including by letter dated May 18, 1998. Thus, infringement of the patents in suit by Compaq is willful. This is an exceptional case, and, accordingly, plaintiffs are entitled to enhanced damages and their attorney's fees pursuant to 35 U.S.C. §§ 284 and 285.

27.    Plaintiffs, and each of them, have suffered irreparable injury for which there is no adequate remedy at law as a result of Compaq's infringement of the patents in suit. Pursuant to 35 U.S.C. § 283, plaintiffs are entitled to an injunction against further infringement by an order preventing Compaq from selling any MPEG-2 PCs in the United States.

## FIRST CAUSE OF ACTION

28.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

29.    France Télécom is the legal owner by assignment of United States Letters Patent No. 4,796,087 ("the '087 patent"). (Exh. 1).*

---

* Exhibit references are to the Appendices filed herewith.

30.    Compaq has infringed and is infringing the '087 patent in violation of 35 U.S.C. §§ 271(a)-(c).

31.    Unless enjoined, Compaq will continue to infringe the '087 patent.

## SECOND CAUSE OF ACTION

32.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

33.    GI is the legal owner by assignment of United States Letters Patent No. 5,068,724 ("the '724 patent").  (Exh. 2).

34.    Compaq has infringed and is infringing the '724 patent in violation of 35 U.S.C. §§ 271(a)-(c).

35.    Unless enjoined, Compaq will continue to infringe the '724 patent.

## THIRD CAUSE OF ACTION

36.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

37.    GI is the legal owner by assignment of United States Letters Patent No. 5,091,782 ("the '782 patent").  (Exh. 3).

38.    Compaq has infringed and is infringing the '782 patent in violation of 35 U.S.C. §§ 271(a)-(c).

39.    Unless enjoined, Compaq will continue to infringe the '782 patent.

## FOURTH CAUSE OF ACTION

40.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

41.    GI is the legal owner by assignment of United States Letters Patent No. 5,093,720 ("the '720 patent"). (Exh. 4).

42.    Compaq has infringed and is infringing the '720 patent in violation of 35 U.S.C. §§ 271(a)-(c).

43.    Unless enjoined, Compaq will continue to infringe the '720 patent.

## FIFTH CAUSE OF ACTION

44.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

45.    Matsushita is the legal owner by assignment of United States Letters Patent No. 5,412,430 ("the '430 patent"). (Exh. 5).

46.    Compaq has infringed and is infringing the '430 patent in violation of 35 U.S.C. §§ 271(a)-(c).

47.    Unless enjoined, Compaq will continue to infringe the '430 patent.

## SIXTH CAUSE OF ACTION

48.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

49.    Matsushita is the legal owner by assignment of United States Letters Patent No. 5,784,107 ("the '107 patent"). (Exh. 6).

50.    Compaq has infringed and is infringing the '107 patent in violation of 35 U.S.C. §§ 271(a)-(c).

51.    Unless enjoined, Compaq will continue to infringe the '107 patent.

### SEVENTH CAUSE OF ACTION

52.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

53.    Matsushita is the legal owner by assignment of United States Letters Patent Reissue No. 35,910 ("the '910 patent"). (Exh. 7).

54.    Compaq has infringed and is infringing the '910 patent in violation of 35 U.S.C. §§ 271(a)-(c).

55.    Unless enjoined, Compaq will continue to infringe the '910 patent.

### EIGHTH CAUSE OF ACTION

56.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

57.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,072,295 ("the '295 patent"). (Exh. 8).

58.    Compaq has infringed and is infringing the '295 patent in violation of 35 U.S.C. §§ 271(a)-(c).

59.    Unless enjoined, Compaq will continue to infringe the '295 patent.

### NINTH CAUSE OF ACTION

60.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

61.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,949,489 ("the '489 patent"). (Exh. 9).

62.    Compaq has infringed and is infringing the '489 patent in violation of 35 U.S.C. §§ 271(a)-(c).

63.    Unless enjoined, Compaq will continue to infringe the '489 patent.

### TENTH CAUSE OF ACTION

64.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

65.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,963,258 ("the '258 patent"). (Exh. 10).

66.    Compaq has infringed and is infringing the '258 patent in violation of 35 U.S.C. §§ 271(a)-(c).

67.    Unless enjoined, Compaq will continue to infringe the '258 patent.

## ELEVENTH CAUSE OF ACTION

68.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

69.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,970,175 ("the '175 patent"). (Exh. 11).

70.    Compaq has infringed and is infringing the '175 patent in violation of 35 U.S.C. §§ 271(a)-(c).

71.    Unless enjoined, Compaq will continue to infringe the '175 patent.

## TWELFTH CAUSE OF ACTION

72.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

73.    Mitsubishi is the legal owner by assignment of United States Letters Patent No. 5,990,960 ("the '960 patent"). (Exh. 12).

74.    Compaq has infringed and is infringing the '960 patent in violation of 35 U.S.C. §§ 271(a)-(c).

75.    Unless enjoined, Compaq will continue to infringe the '960 patent.

## THIRTEENTH CAUSE OF ACTION

76.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

-13-

77.    Columbia is the legal owner by assignment of United States Letters Patent Reissue No. 35,093 ("the '093 patent"). (Exh. 13).

78.    Compaq has infringed and is infringing the '093 patent in violation of 35 U.S.C. §§ 271(a)-(c).

79.    Unless enjoined, Compaq will continue to infringe the '093 patent.

## FOURTEENTH CAUSE OF ACTION

80.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

81.    Philips is the legal owner by assignment of United States Letters Patent No. 4,849,812 ("the '812 patent"). (Exh. 14).

82.    Compaq has infringed and is infringing the '812 patent in violation of 35 U.S.C. §§ 271(a)-(c).

83.    Unless enjoined, Compaq will continue to infringe the '812 patent.

## FIFTEENTH CAUSE OF ACTION

84.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

85.    Philips is the legal owner by assignment of United States Letters Patent No. 4,901,075 ("the '075 patent"). (Exh. 15).

–14–

86.     Compaq has infringed and is infringing the '075 patent in violation of 35 U.S.C. §§ 271(a)-(c).

87.     Unless enjoined, Compaq will continue to infringe the '075 patent.

### SIXTEENTH CAUSE OF ACTION

88.     The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

89.     Philips is the legal owner by assignment of United States Letters Patent No. 5,021,879 ("the '879 patent"). (Exh. 16).

90.     Compaq has infringed and is infringing the '879 patent in violation of 35 U.S.C. §§ 271(a)-(c).

91.     Unless enjoined, Compaq will continue to infringe the '879 patent.

### SEVENTEENTH CAUSE OF ACTION

92.     The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

93.     Philips is the legal owner by assignment of United States Letters Patent No. 5,027,206 ("the '206 patent"). (Exh. 17).

94.     Compaq has infringed and is infringing the '206 patent in violation of 35 U.S.C. §§ 271(a)-(c).

95.     Unless enjoined, Compaq will continue to infringe the '206 patent.

-15-

## EIGHTEENTH CAUSE OF ACTION

96.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

97.    Philips is the legal owner by assignment of United States Letters Patent No. 5,128,758 ("the '758 patent"). (Exh. 18).

98.    Compaq has infringed and is infringing the '758 patent in violation of 35 U.S.C. §§ 271(a)-(c).

99.    Unless enjoined, Compaq will continue to infringe the '758 patent.

## NINETEENTH CAUSE OF ACTION

100.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

101.    Philips is the legal owner by assignment of United States Letters Patent No. 5,179,442 ("the '442 patent"). (Exh. 19).

102.    Compaq has infringed and is infringing the '442 patent in violation of 35 U.S.C. §§ 271(a)-(c).

103.    Unless enjoined, Compaq will continue to infringe the '442 patent.

## TWENTIETH CAUSE OF ACTION

104.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

105.    Philips is the legal owner by assignment of United States Letters Patent No. 5,606,539 ("the '539 patent"). (Exh. 20).

106.    Compaq has infringed and is infringing the '539 patent in violation of 35 U.S.C. §§ 271(a)-(c).

107.    Unless enjoined, Compaq will continue to infringe the '539 patent.

### TWENTY-FIRST CAUSE OF ACTION

108.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

109.    Philips is the legal owner by assignment of United States Letters Patent No. 5,608,697 ("the '697 patent"). (Exh. 21).

110.    Compaq has infringed and is infringing the '697 patent in violation of 35 U.S.C. §§ 271(a)-(c).

111.    Unless enjoined, Compaq will continue to infringe the '697 patent.

### TWENTY-SECOND CAUSE OF ACTION

112.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

113.    Philips is the legal owner by assignment of United States Letters Patent No. 5,740,310 ("the '310 patent"). (Exh. 22).

–17–

114.    Compaq has infringed and is infringing the '310 patent in violation of 35 U.S.C. §§ 271(a)-(c).

115.    Unless enjoined, Compaq will continue to infringe the '310 patent.

### TWENTY-THIRD CAUSE OF ACTION

116.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

117.    Philips is the legal owner by assignment of United States Letters Patent No. 5,844,867 ("the '867 patent"). (Exh. 23).

118.    Compaq has infringed and is infringing the '867 patent in violation of 35 U.S.C. §§ 271(a)-(c).

119.    Unless enjoined, Compaq will continue to infringe the '867 patent.

### TWENTY-FOURTH CAUSE OF ACTION

120.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

121.    JVC is the legal owner by assignment of United States Letters Patent No. 5,175,618 ("the '618 patent"). (Exh. 24).

122.    Compaq has infringed and is infringing the '618 patent in violation of 35 U.S.C. §§ 271(a)-(c).

123.    Unless enjoined, Compaq will continue to infringe the '618 patent.

~18~

## TWENTY-FIFTH CAUSE OF ACTION

124.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

125.    JVC is the legal owner by assignment of United States Letters Patent Reissue No. 34,965 ("the '965 patent"). (Exh. 25).

126.    Compaq has infringed and is infringing the '965 patent in violation of 35 U.S.C. §§ 271(a)-(c).

127.    Unless enjoined, Compaq will continue to infringe the '965 patent.

## TWENTY-SIXTH CAUSE OF ACTION

128.    The allegations contained in paragraphs 1 through 27 above are repeated and realleged as if fully set forth herein.

129.    JVC is the legal owner by assignment of United States Letters Patent Reissue No. 35,158 ("the '158 patent"). (Exh. 26).

130.    Compaq has infringed and is infringing the '158 patent in violation of 35 U.S.C. §§ 271(a)-(c).

131.    Unless enjoined, Compaq will continue to infringe the '158 patent.

WHEREFORE, plaintiffs demand judgment as follows:

1.    Adjudging, finding, and declaring the defendant is infringing the patents in suit.

2.   Permanently enjoining defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, from infringing the patents in suit.

3.   Awarding the respective plaintiffs damages against defendant in a sum to be determined at trial, together with interest and costs as fixed by the Court; all of these damages to be enhanced in amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284.

4.   Awarding plaintiffs their reasonable attorneys' fees, costs, and disbursements in this action pursuant to 35 U.S.C. § 285.

5.   Granting plaintiffs such other and further relief as is just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues that may be so tried.

POTTER ANDERSON & CORROON LLP


By: _____

Richard L. Horwitz (#2246)
James M. Kron (#3898)
1313 North Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000

*Of Counsel:*                                   Attorneys for Plaintiffs
Garrard R. Beeney                               France Télécom,
James T. Williams                               General Instrument Corp.,
Brian T. Frawley                                Matsushita Electric Industrial Co., Ltd.,
SULLIVAN & CROMWELL                             Mitsubishi Electric Corp.,
125 Broad Street                                The Trustees of Columbia University
New York, New York 10004                          in the City of New York,
(212) 558-4000                                  U.S. Philips Corp., and
                                                Victor Company of Japan, Ltd.

Kenneth Rubenstein                              *Of Counsel*
Evan L. Kahn                                    James B. Kobak, Jr.
PROSKAUER ROSE LLP                              Ronald Abramson
1585 Broadway                                   HUGHES HUBBARD & REED LLP
New York, New York 10036                        One Battery Park Plaza
(212) 969-3000                                  New York, NY 10004-1482
                                                (212) 837-6000

Attorneys for Plaintiff                         Attorneys for Plaintiff
France Télécom,                                 The Trustees of Columbia
General Instrument Corp.,                       University in the City of New York
Matsushita Electric Industrial Co., Ltd.,
Mitsubishi Electric Corp.,
The Trustees of Columbia University
  in the City of New York,
U.S. Philips Corp., and
Victor Company of Japan, Ltd.

Dated: November 16, 2000
444112

-21-