Oce North America, Incorporated
Frederick H. Colen
Barry J. Coyne
Joshua S. Bish
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Clyde Siebman
Siebman Reynolds, Burg &Phillips, LLP
300 North Travis Street
Sherman, Texas 75090-0070

Onkyo USA Corporation
Robert F. Zielinski
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103

Barry J. Bendes
Wolf, Block, Schorr and Solis-Cohen LLP
250 Park Avenue
New York, New York 10177

PalmOne, Incorporated
Mark D. Flanagan
Bart E. Volkmer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94303-1050

M. Craig Tyler
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Highway North
Westech 360, Suite 3350
Austin, Texas 78759-7247

Panasonic Communications Corporation of
America/ Panasonic Mobile
Communications Development Corporation
of U.S.A.
Morton Amster
Abraham Kasdan
Joseph Casino
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, New York 10016

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606-2649

Ricoh Corporation
Anthony C. Roth
Morgan Lewis & Bockius LLP
111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Robert J. Hollingshead
Morgan Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1 Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606

Riverdeep, Incorporated (d.b.a. Broderbund)
M. Matthews Hall
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204

4

Dockets.Justia.com

Savin Corporation
Robert J. Hollingshead
Morgan Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1 Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan

Eric M. Albritton
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606

Thomson Inc.
E. Lee Haag
Marc L. Deflache
Richard S. Zembek
Andrew Price
Fulbright & Jaworski
1301 McKinney
Suite 5100
Houston, TX 77010-3095

Guy N. Harrison
Attorney at Law
217 North Center
Longview, Texas 75601

Xerox Corporation
James P. Bradley
William O. Fifield
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201

Lance Lee
Young Pickett & Lee
4122 Texas Boulevard
Texarkana, Texas 75503

S. Calvin Capshaw

5

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

04 JUN 21   PM 3: 06

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| Compression Labs, Incorporated, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | C.A. No. 2:04cv158 |
| | ) | |
| 1.  Agfa Corporation, | ) | Judge Folsom |
| 2.  Apple Computer, Incorporated, | ) | |
| 3.  Axis Communications, Incorporated, | ) | JURY |
| 4.  Canon, USA, Incorporated, | ) | |
| | ) | |
| 5.  Concord Camera Corporation, | ) | |
| 6.  Creative Labs, Incorporated, | ) | |
| 7.  Eastman Kodak Company, | ) | |
| 8.  Fuji Photo Film U.S.A., | ) | |
| 9.  Fujitsu Computer Products of America, | ) | |
| 10. Gateway, Incorporated, | ) | |
| 11. Hewlett-Packard Company, | ) | |
| 12. JASC Software, | ) | |
| 13. JVC Americas Corporation, | ) | |
| 14. Kyocera Wireless Corporation, | ) | |
| 15. Macromedia, Incorporated, | ) | |
| 16. Matsushita Electric Corporation of | ) | **FIRST AMENDED COMPLAINT** |
|     America, | ) | |
| 17. Mitsubishi Digital Electronics America, | ) | |
|     Incorporated, | ) | |
| 18. Océ North America, Incorporated, | ) | |
| 19. Onkyo U.S.A. Corporation, | ) | |
| 20. PalmOne, Incorporated, | ) | |
| 21. Panasonic Communications Corporation | ) | |
|     of America, | ) | |
| 22. Panasonic Mobile Communications | ) | |
|     Development Corporation of USA, | ) | |
| 23. Ricoh Corporation, | ) | |
| 24. Riverdeep, Incorporated (d.b.a. | ) | |
|     Broderbund), | ) | |
| 25. Savin Corporation, | ) | |
| 26. Thomson, Incorporated | ) | |
| 27. Xerox Corporation, | ) | |
| | ) | |
| *Defendants.* | ) | |

1

Compression Labs, Inc. ("CLI") for its Complaint against Defendants alleges as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action to stop each Defendant's unauthorized and infringing sale, offers to sell, use and importation of products incorporating CLI's patented technology.  CLI seeks injunctive relief to stop Defendants from continuing to infringe CLI's valuable patent rights, as well as monetary damages.

## THE PARTIES

2.     Plaintiff, CLI, is a corporation existing and organized under the laws of Delaware and has its principal place of business at 108 Wild Basin Drive, Austin, TX 78746.

3.     Defendant Agfa Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 100 Challenger Road, Ridgefield Park, NJ 07660.

4.     Defendant Apple Computer, Incorporated is a corporation existing and organized under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

5.     Defendant Axis Communications, Incorporated is a corporation existing and organized under the laws of Massachusetts and has its principal place of business at 100 Apollo Drive, Chelmsford, MA 01824.

6.     Defendant Canon, U.S.A., Incorporated is a corporation existing and organized under the laws of New York and has its principal place of business at One Canon Plaza, Lake Success, New York, NY 11042.

7.     Defendant Concord Camera Corporation is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 4000 Hollywood Boulevard, Suite 650N, Hollywood, FL 33021.

8.     Defendant Creative Labs, Incorporated is a corporation existing and organized under the laws of California and has its principal place of business at 1901 McCarthy Boulevard, Milpitas, CA 95035.

2

CHICAGO 288571v1 22768-00143

9.    Defendant Eastman Kodak Company is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 343 State Street, Rochester, NY 14650.

10.    Defendant Fuji Photo Film U.S.A. is a corporation existing and organized under the laws of New York and has a place of business at 200 Summit Lake Drive, Valhalla, NY 10595.

11.    Defendant Fujitsu Computer Products of America is a corporation existing and organized under the laws of California and has its principal place of business at 2904 Orchard Parkway, San Jose, CA 95134.

12.    Defendant Gateway, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 14303 Gateway Place, Poway, CA 92064.

13.    Defendant Hewlett-Packard Company is a corporation existing and organized under the laws of Delaware and has its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

14.    Defendant JASC Software is a corporation existing and organized under the laws of Minnesota and has its principal place of business at 7905 Fuller Road, Eden Prairie, MN 55344.

15.    Defendant JVC Americas Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1700 Valley Road, Suite 1, Wayne, NJ 07470.

16.    Defendant Kyocera Wireless Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 10300 Campus Point Drive, San Diego, CA 92121.

17.    Defendant Macromedia, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 600 Townsend Street, San Francisco, CA 94103.

3

18.     Defendant Matsushita Electric Corporation of America is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1 Panasonic Way, Secaucus, NJ 07094.

19.     Defendant Mitsubishi Digital Electronics America, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 9351 Jeronimo Road, Irvine, CA 92618.

20.     Defendant Océ North America, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 5450 North Cumberland Avenue, Chicago, IL 60656.

21.     Defendant Onkyo U.S.A. Corporation is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 18 Parkway, Upper Saddle River, NJ 07458.

22.     Defendant PalmOne, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

23.     Defendant Panasonic Communications Corporation of America is a corporation existing and organized under the laws of Delaware and has its principal place of business at 7625 Panasonic Way, San Diego, CA 92154.

24.     Defendant Panasonic Mobile Communications Development Corporation of USA is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1225 Northbrook Parkway, Suite 2-352, Suwanee, GA 30024.

25.     Defendant Ricoh Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 5 Dedrick Place, West Caldwell, NJ 07006.

26.     Defendant Riverdeep, Incorporated (d.b.a. Broderbund) is a corporation existing and organized under the laws of Delaware and has its principal place of business at 500 Redwood Boulevard, Novato, CA 94947.

4

27.    Defendant Savin Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 333 Ludlow Street, Stamford, CT 06902.

28.    Defendant Thomson, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 10330 North Meridian Street, Indianapolis, IN 46290.

29.    Defendant Xerox Corporation is a corporation existing and organized under the laws of New York and has its principal place of business at 800 Long Ridge Road, Stamford, CT 06904.

## JURISDICTION AND VENUE

30.    This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and in particular 35 U.S.C. §§ 271, 281, 283, 284 and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. 1338(a).

31.    This Court has personal jurisdiction over each of the Defendants and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT 1 – PATENT INFRINGEMENT

32.    This case involves technology used to process digital signals. CLI owns patents relating to such technology, and CLI invested substantial amounts in related research and development.

33.    United States Patent No. 4,698,672 entitled "Coding System for Reducing Redundancy" (hereinafter "the '672 patent"), was duly and legally issued on October 6, 1987. CLI is an owner of the '672 patent and, pursuant to an agreement with its co-owner, has the exclusive rights to sue and recover for infringement thereof with respect to the Accused Devices, as hereinafter defined. A copy of the '672 patent is attached as Exhibit A.

34.    Defendants offer to sell, sell, use, and/or import into the United States devices, at least portions of which are designed to be at least partly compliant with the JPEG standard as defined by CCITT Recommendation T.81 approved on September 18, 1992, entitled

5

"Information Technology—Digital Compression and Coding of Continuous Tone Still Images—Requirements and Guidelines," the identical text of which is also published as ISO/IEC International Standard 10918-1, or with any version or variance thereof defining a lossy compression scheme (hereinafter referred to as "the Accused Devices"). The Accused Devices are covered by, and carry out methods that are covered by, one or more claims of the '672 patent.

35.    Through their actions including offering to sell, selling, using and importing the Accused Devices, Defendants have infringed the aforementioned patent and actively induced others to infringe and contributed to the infringement by others of the '672 patent in the United States, including within the jurisdiction of this Court. Certain of the Defendants also have made the Accused Devices in the United States, and such Defendants have also infringed the aforementioned patent by their actions in this regard.

36.    CLI is likely to be irreparably harmed by Defendants' infringement, inducement of others to infringe, and contributory infringement of the '672 patent. CLI has no adequate remedy at law.

WHEREFORE, CLI prays for judgment that:

A.    United States Patent No. 4,698,672 has been infringed, directly, by inducement, and/or contributorily, by each Defendant;

B.    Each Defendant, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from the direct or contributory infringement of, and from inducing others to infringe, United States Patent No. 4,698,672;

C.    CLI be awarded damages sufficient to compensate it for each Defendant's infringement, contributory infringement and inducement of others to infringe, that such damages

6

be increased to three times the amount found or assessed pursuant to 35 U.S.C. § 284, and that such damages be awarded to CLI with prejudgment interest;

    D.     That this case be declared exceptional pursuant to 35 U.S.C. § 284 and that CLI be awarded its attorney fees, costs and expenses in this action; and

    E.     CLI be awarded such other and further relief as the Court may deem just.

CLI DEMANDS A TRIAL BY JURY.

Respectfully submitted,
Compression Labs, Inc.

Dated: June 21, 2004

By: *Stephen G. Rudisill by SCC by permission*

Stephen G. Rudisill (*attorney-in-charge*)
    Illinois Bar No.: 2417049
    Texas Bar No.: 17376050
    srudisill@jenkens.com
John C. Gatz
    Illinois Bar No.: 6237140
    jgatz@jenkens.com
Russell J. Genet
    Illinois Bar No.:6255982
    rgenet @jenkens.com
Justin D. Swindells
    Illinois Bar No.: 6257291
    jswindells@jenkens.com
JENKENS & GILCHRIST, P.C.
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Tel.    (312) 425-3900
Fax    (312) 425-3909

S. Calvin Capshaw III
    Texas Bar No.: 03783900
    ccapshaw@mailbmc.com
BROWN, McCARROLL, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601-5157
Tel.    (903) 236-9800
Fax.    (903) 236-8787

7

Franklin Jones, Jr.
    Texas Bar No.: 00000055
    maiezieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street (75670)
P.O. Drawer 1249
Marshall, Texas  75670-1249
Tel.    (903) 938-4395
Fax.    (903) 938-3360

Otis Carroll
    Texas Bar No.: 03895700
Jack Wesley Hill
    Texas Bar No.: 24032294
    nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas  75703
Tel.    (903) 561-1600
Fax.    (903) 581-1071

Carl R. Roth
    Texas Bar No.: 17312000
    cr@rothfirm.com
Michael C. Smith
    Texas Bar No.: 18650410
    ms@rothfirm.com
THE ROTH LAW FIRM
115 North Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75670
Tel.    (903) 935-1665
Fax    (903) 935-1797

ATTORNEYS FOR PLAINTIFF

CHICAGO 288571v1 22768-00143

## CERTIFICATE OF SERVICE

I hereby certify that on the _21st_ day of June, 2004, a true and correct copy of the foregoing FIRST AMENDED COMPLAINT was deposited in the United States Mail, postage prepaid, and addressed to the following counsel of record:

| | |
|---|---|
| Adobe Systems, Incorporated<br>Robert T. Halsam<br>Heller Ehrman White & McAuliffe LLP<br>275 Middlefield Road<br>Menlo Park, California 94025-3506 | Creative Labs, Incorporated<br>Attention: Legal Department<br>1901 McCarthy Boulevard<br>Milpitas, California 95035 |
| Agfa Corporation<br>Attention: Legal Department<br>100 Challenger Road<br>Ridgefield Park, New Jersey 07660 | Eastman Kodak Company<br>Nicholas H. Patton<br>Robert W. Schroeder, III<br>Patton, Tidwell & Schroeder, LLP<br>4605 Texas Boulevard<br>P.O. Box 5398<br>Texarkana, Texas 75505 |
| Apple Computer Incorporated<br>Herschel Tracy Crawford<br>Eric H. Findlay<br>Ramey & Flock<br>100 East Ferguson, Suite 500<br>Tyler, Texas 75702 | Fuji Photo Film U.S.A.<br>Attention: Legal Department<br>200 Summit Lake Drive<br>Valhalla, New York 10595 |
| Axis Communications, Incorporated<br>Barry W. Graham<br>Finnegan, Henderson, Farabow, Garrett &<br>Dunner, L.L.P.<br>1300 I Street, N.W.<br>Washington, D.C. 20005-3315 | Fujitsu Computer Products of America<br>Michael M. Murray<br>Christopher Chalsen<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005-1413 |
| Canon U.S.A., Incorporated<br>Attention: Legal Department<br>One Canon Plaza, Lake Success<br>New York, New York 10042 | Gateway, Incorporated<br>W. Bryan Farney<br>Darryl J. Adams<br>Dewey Ballantine LLP<br>401 Congress Avenue<br>Suite 3200<br>Austin, Texas 78701-2478 |
| Concord Camera Corporation<br>Kerry Sisselman<br>400 Hollywood Boulevard<br>Suite 659 North<br>Hollywood, Florida 33021 | Hewlett-Packard Company<br>Sean C. Cunningham<br>Bruce Watrous<br>Gray Cary Ware & Freidenrich LLP<br>401 B Street, Suite 2000<br>San Diego, CA 92101-4240 |

9

| | |
|---|---|
| JASC Software<br>Deakin T. Lauer<br>Merchant & Gould PC<br>3200 IDS Center<br>80 South Eighth Street<br>Minneapolis, Minneapolis 55402<br><br>Franklin A. Poff, Jr.<br>Crisp, Boyd & Poff, LLP<br>2301 Moores Lane<br>P.O. Box 6297<br>Texarkana, Texas 75505 | Matsushita Electric Corporation of America<br>Morton Amster<br>Abraham Kasdan<br>Joseph Casino<br>Amster, Rothstein & Ebenstein, LLP<br>90 Park Avenue<br>New York, New York 10016<br><br>Eric M. Albritton<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, Texas 75606-2649 |
| JVC Americas Corporation<br>Attention: Legal Department<br>1700 Valley Road, Suite 1<br>Wayne, New Jersey 07470 | Mitsubishi Digital Electronics America,<br>Incorporated<br>Attention: Legal Department<br>9351 Jeronimo Road<br>Irvine, California 92618 |
| Kyocera Wireless Corporation<br>Jennifer P. Ainsworth<br>Wilson, Sheehy, Knowles, Robertson &<br>Cornelius, P.C.<br>315 East Fifth Street<br>Tyler, Texas 75701 | Oce North America, Incorporated<br>Frederick H. Colen<br>Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br><br>Clyde Siebman<br>Siebman Reynolds Burg & Phillips, LLP<br>Federal Courthouse Square<br>300 N. Travis St.<br>Sherman, Texas 75090 |
| Macromedia Incorporated<br>Charlene Morrow<br>Fenwick & West LLP<br>801 California Street<br>Mountainview, California 94041<br><br>Harry Lee Gillam, Jr.<br>Melissa Smith<br>Gillam & Smith LLP<br>110 South Bolivar Street<br>Suite 204<br>Marshall, Texas 75670 | Onkyo USA Corporation<br>Robert F. Zielinski<br>Wolf, Block, Schorr and Solis-Cohen LLP<br>1650 Arch Street, 22nd Floor<br>Philadelphia, Pennsylvania 19103<br><br>Barry J. Bendes<br>Wolf, Block, Schorr and Solis-Cohen LLP<br>250 Park Avenue<br>New York, New York 10177 |

10

| | |
|---|---|
| PalmOne, Incorporated<br>Attention: Legal Department<br>400 North McCarthy Boulevard<br>Milpitas, California 95035 | Savin Corporation<br>Attention: Legal Department<br>333 Ludlow Street<br>Stamford, Connecticut 06902 |
| Panasonic Communications Corporation of America/ Panasonic Mobile Communications Development Corporation of U.S.A.<br>Morton Amster<br>Abraham Kasdan<br>Joseph Casino<br>Amster, Rothstein & Ebenstein, LLP<br>90 Park Avenue<br>New York, New York 10016<br><br>Eric M. Albritton<br>Albritton Law Firm<br>P.O. Box 2649<br>Longview, Texas 75606-2649 | Thomson, Incorporated<br>Attention: Legal Department<br>10330 North Meridian Street<br>Indianapolis, Indiana 46290 |
| Ricoh Corporation<br>Attention: Legal Department<br>5 Dedrick Place<br>West Caldwell, New Jersey 07006 | Xerox Corporation<br>Attention: Legal Department<br>800 Long Ridge Road<br>Stamford, Connecticut 06904 |
| Riverdeep, Incorporated (d.b.a. Broderbund)<br>Attention: Legal Department<br>500 Redwood Boulevard<br>Novato, California 94947 | |

S. Calvin Capshaw

11

# EXHIBIT 2

CONFIDENTIAL          **REDACTED**

**EXECUTION COPY**

## FULLY PAID-UP
## PATENT LICENSE AGREEMENT

This Patent License Agreement ("Agreement"), dated and effective as of the
$9th$ day of December, 2003, is made and entered into in duplicate originals by and between
FORGENT NETWORKS, INC. ("Forgent") and its wholly-owned subsidiary, COMPRESSION
LABS, INC. ("CLI"), each a corporation having its principal office and place of business at 108
Wild Basin Rd., Austin, TX   78746 (hereinafter jointly referred to as "Grantor") and
MOTOROLA, INC., with principal offices located at 1303 E. Algonquin Road, Schaumburg,
Illinois 60196 (hereinafter referred to as "Grantee"), acting on behalf of itself and in the interest
of its Subsidiaries.  Grantee and its aforesaid Subsidiaries are hereinafter singularly and jointly
referred to as "Licensee."

CONFIDENTIAL

**REDACTED**

DALLAS1 792169v2 22768 00143

CONFIDENTIAL    **REDACTED**

DALLAS1 797169v2 22768 00143

CONFIDENTIAL

**REDACTED**

-4-

CONFIDENTIAL          **REDACTED**

DALLAS1 797169v2 22768 00142

CONFIDENTIAL

REDACTED

CONFIDENTIAL          **REDACTED**

DALLAS1 797169v2 22768 00143

CONFIDENTIAL        **REDACTED**

Article 4  - <u>Release of MPEG-4 rights; Control of Litigation by Grantor, Etc.</u>

4.2     Licensee and its subsidiaries, including GI, hereby conveys, grants, assigns and otherwise

**CONFIDENTIAL**

releases to Grantor the sole, exclusive and unrestricted right and power to enforce, by licensing, litigation or otherwise, the Jointly Owned Patents in the JPEG Standard field of use from time to time, and to defend any action or actions, involving such field of use, without any accounting to or other rights of Licensee, GI or their respective subsidiaries and agree to execute such other documents as may be reasonably required from time to time by Grantor to make, in Grantor's sole judgment, the foregoing efficient and effective.   Further, Licensee, on behalf of itself and on behalf of its subsidiaries, including GI, hereby agrees that Grantor shall have the full sole, exclusive and unrestricted right and power to license third parties and to initiate, control and pursue to judgment or settlement one or more actions under the Jointly Owned Patents, at Grantor's sole cost and expense, based upon the infringement thereof with respect to all fields of use, except the Broadcast Business and the MPEG–4 field of use, and the recovery or recoveries from such actions, whether by settlement or judgment, shall inure solely to the benefit of Grantor; and Licensee, GI and its subsidiaries shall have no interest in any such settlements or recoveries.

4.3     Except as hereinabove provided in this Article 4, the License and Co-Ownership Agreement, dated as of June 24, 1996, between Grantor and GI, as successor in interest to Charger Industries, Inc., as amended by that Amendment to License and Co-Ownership Agreement, dated as of July 1, 1997, between Grantor and GI, as successor in interest to Magnitude Compression Systems, Inc. and that Agreement Relating to License and Co-Ownership Agreement, dated effective as of January 25, 2002, between Grantor and GI shall continue in full force and effect, except as provided for herein.

CONFIDENTIAL          **REDACTED**

DALLAS1 797169v2 22768 00143

CONFIDENTIAL          **REDACTED**

-11-

CONFIDENTIAL            **REDACTED**

DALLAS1 797169v2 22768 00143



CONFIDENTIAL          **REDACTED**

DALLAS1 797169v2 22768.00143



CONFIDENTIAL          **REDACTED**



CONFIDENTIAL        **REDACTED**

DALLAS1 797169v2 22768 00143

CONFIDENTIAL    **REDACTED**

DALLAS1 797169v2 22768 00143



CONFIDENTIAL        **REDACTED**

DALLAS1 797169v2 22768 00143

CONFIDENTIAL

**REDACTED**

DALLAS1 797169v2 22768-00143

CONFIDENTIAL          **REDACTED**

DALLAS1 792169v2 23768 00143

CONFIDENTIAL

**REDACTED**

DALLAS1 797169v2 22768 00143

REDACTED

**CONFIDENTIAL**

General Instrument Corporation,
for purposes of confirming its agreements
in Article 4 hereof

By: _Jeffrey S Romen_
Name: _Jeffrey S Romen_
Title: _Executive VP_

CONFIDENTIAL                    **REDACTED**

DALLAS1 797169v2 22768 00143

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
04 APR 22 PM 3:12
TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| Compression Labs, Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2 - 0 4 C V - 1 5 8 |
| v. | ) | |
| | ) | JURY |
| 1.  Adobe Systems Incorporated, | ) | |
| 2.  Agfa Corporation, | ) | |
| 3.  Apple Computer, Incorporated, | ) | |
| 4.  Axis Communications, Incorporated, | ) | |
| 5.  Canon, USA, Incorporated, | ) | |
| 6.  Concord Camera Corporation, | ) | |
| 7.  Creative Labs, Incorporated, | ) | |
| 8.  Eastman Kodak Company, | ) | |
| 9.  Fuji Photo Film U.S.A., | ) | |
| 10. Fujitsu Computer Products of America, | ) | |
| 11. Gateway, Incorporated, | ) | |
| 12. Hewlett-Packard Company, | ) | |
| 13. JASC Software, | ) | |
| 14. JVC Americas Corporation, | ) | |
| 15. Kyocera Wireless Corporation, | ) | |
| 16. Macromedia, Incorporated, | ) | |
| 17. Matsushita Electric Corporation of | ) | |
|      America, | ) | COMPLAINT |
| 18. Mitsubishi Digital Electronics America, | ) | |
|      Incorporated, | ) | |
| 19. Océ North America, Incorporated, | ) | |
| 20. Onkyo U.S.A. Corporation, | ) | |
| 21. PalmOne, Incorporated, | ) | |
| 22. Panasonic Communications Corporation | ) | |
|      of America, | ) | |
| 23. Panasonic Mobile Communications | ) | |
|      Development Corporation of USA, | ) | |
| 24. Ricoh Corporation, | ) | |
| 25. Riverdeep, Incorporated (d.b.a. | ) | |
|      Broderbund), | ) | |
| 26. Savin Corporation, | ) | |
| 27. Thomson S.A., | ) | |
| 28. Xerox Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

1

Compression Labs, Inc. ("CLI") for its Complaint against Defendants alleges as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop each Defendant's unauthorized and infringing sale, offers to sell, use and importation of products incorporating CLI's patented technology.  CLI seeks injunctive relief to stop Defendants from continuing to infringe CLI's valuable patent rights, as well as monetary damages.

## THE PARTIES

2.      Plaintiff, CLI, is a corporation existing and organized under the laws of Delaware and has its principal place of business at 108 Wild Basin Drive, Austin, TX 78746.

3.      Defendant Adobe Systems Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 345 Park Avenue, San Jose, CA 95110.

4.      Defendant Agfa Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 100 Challenger Road, Ridgefield Park, NJ 07660.

5.      Defendant Apple Computer, Incorporated is a corporation existing and organized under the laws of California and has its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

6.      Defendant Axis Communications, Incorporated is a corporation existing and organized under the laws of Massachusetts and has its principal place of business at 100 Apollo Drive, Chelmsford, MA 01824.

7.      Defendant Canon, U.S.A., Incorporated is a corporation existing and organized under the laws of New York and has its principal place of business at One Canon Plaza, Lake Success, New York, NY 11042.

8.      Defendant Concord Camera Corporation is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 4000 Hollywood Boulevard, Suite 650N, Hollywood, FL 33021.

2

9. Defendant Creative Labs, Incorporated is a corporation existing and organized under the laws of California and has its principal place of business at 1901 McCarthy Boulevard, Milpitas, CA 95035.

10. Defendant Eastman Kodak Company is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 343 State Street, Rochester, NY 14650.

11. Defendant Fuji Photo Film U.S.A. is a corporation existing and organized under the laws of New York and has a place of business at 200 Summit Lake Drive, Valhalla, NY 10595.

12. Defendant Fujitsu Computer Products of America is a corporation existing and organized under the laws of California and has its principal place of business at 2904 Orchard Parkway, San Jose, CA 95134.

13. Defendant Gateway, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 14303 Gateway Place, Poway, CA 92064.

14. Defendant Hewlett-Packard Company is a corporation existing and organized under the laws of Delaware and has its principal place of business at 3000 Hanover Street, Palo Alto, CA 94304.

15. Defendant JASC Software is a corporation existing and organized under the laws of Minnesota and has its principal place of business at 7905 Fuller Road, Eden Prairie, MN 55344.

16. Defendant JVC Americas Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1700 Valley Road, Suite 1, Wayne, NJ 07470.

17. Defendant Kyocera Wireless Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 10300 Campus Point Drive, San Diego, CA 92121.

3

18.     Defendant Macromedia, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 600 Townsend Street, San Francisco, CA 94103.

19.     Defendant Matsushita Electric Corporation of America is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1 Panasonic Way, Secaucus, NJ 07094.

20.     Defendant Mitsubishi Digital Electronics America, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 9351 Jeronimo Road, Irvine, CA 92618.

21.     Defendant Océ North America, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 5450 North Cumberland Avenue, Chicago, IL 60656.

22.     Defendant Onkyo U.S.A. Corporation is a corporation existing and organized under the laws of New Jersey and has its principal place of business at 18 Parkway, Upper Saddle River, NJ 07458.

23.     Defendant PalmOne, Incorporated is a corporation existing and organized under the laws of Delaware and has its principal place of business at 400 North McCarthy Boulevard, Milpitas, CA 95035.

24.     Defendant Panasonic Communications Corporation of America is a corporation existing and organized under the laws of Delaware and has its principal place of business at 7625 Panasonic Way, San Diego, CA 92154.

25.     Defendant Panasonic Mobile Communications Development Corporation of USA is a corporation existing and organized under the laws of Delaware and has its principal place of business at 1225 Northbrook Parkway, Suite 2-352, Suwanee, GA 30024.

26.     Defendant Ricoh Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 5 Dedrick Place, West Caldwell, NJ 07006.

4

27.     Defendant Riverdeep, Incorporated (d.b.a. Broderbund) is a corporation existing and organized under the laws of Delaware and has its principal place of business at 500 Redwood Boulevard, Novato, CA 94947.

28.     Defendant Savin Corporation is a corporation existing and organized under the laws of Delaware and has its principal place of business at 333 Ludlow Street, Stamford, CT 06902.

29.     Defendant Thomson S.A. is a corporation existing and organized under the laws of Delaware and has its principal place of business at 10330 North Meridian Street, Indianapolis, IN 46290.

30.     Defendant Xerox Corporation is a corporation existing and organized under the laws of New York and has its principal place of business at 800 Long Ridge Road, Stamford, CT 06904.

**JURISDICTION AND VENUE**

31.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., and in particular 35 U.S.C. §§ 271, 281, 283, 284 and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. 1338(a).

32.     This Court has personal jurisdiction over each of the Defendants and venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

**COUNT 1 – PATENT INFRINGEMENT**

33.     This case involves technology used to process digital signals. CLI owns patents relating to such technology, and CLI invested substantial amounts in related research and development.

34.     United States Patent No. 4,698,672 entitled "Coding System for Reducing Redundancy" (hereinafter "the '672 patent"), was duly and legally issued on October 6, 1987. CLI is an owner of the '672 patent and, pursuant to an agreement with its co-owner, has the exclusive rights to sue and recover for infringement thereof with respect to the Accused Devices, as hereinafter defined. A copy of the '672 patent is attached as Exhibit A.

5

35.     Defendants offer to sell, sell, use, and/or import into the United States devices, at least portions of which are designed to be at least partly compliant with the JPEG standard as defined by CCITT Recommendation T.81 approved on September 18, 1992, entitled "Information Technology—Digital Compression and Coding of Continuous Tone Still Images—Requirements and Guidelines," the identical text of which is also published as ISO/IEC International Standard 10918-1, or with any version or variance thereof defining a lossy compression scheme (hereinafter referred to as "the Accused Devices"). The Accused Devices are covered by, and carry out methods that are covered by, one or more claims of the '672 patent.

36.     Through their actions including offering to sell, selling, using and importing the Accused Devices, Defendants have infringed the aforementioned patent and actively induced others to infringe and contributed to the infringement by others of the '672 patent in the United States, including within the jurisdiction of this Court. Certain of the Defendants also have made the Accused Devices in the United States, and such Defendants have also infringed the aforementioned patent by their actions in this regard.

37.     CLI is likely to be irreparably harmed by Defendants' infringement, inducement of others to infringe, and contributory infringement of the '672 patent. CLI has no adequate remedy at law.

WHEREFORE, CLI prays for judgment that:

A.     United States Patent No. 4,698,672 has been infringed, directly, by inducement, and/or contributorily, by each Defendant;

B.     Each Defendant, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from the direct or contributory infringement of, and from inducing others to infringe, United States Patent No. 4,698,672;

C.     CLI be awarded damages sufficient to compensate it for each Defendant's infringement, contributory infringement and inducement of others to infringe, that such damages

6

be increased to three times the amount found or assessed pursuant to 35 U.S.C. § 284, and that such damages be awarded to CLI with prejudgment interest;

    D.    That this case be declared exceptional pursuant to 35 U.S.C. § 284 and that CLI be awarded its attorney fees, costs and expenses in this action; and

    E.    CLI be awarded such other and further relief as the Court may deem just.

CLI DEMANDS A TRIAL BY JURY.

Respectfully submitted,
Compression Labs, Inc.

Dated: April 22, 2004

By: _Stephen G Rudisill (by pm)_
Stephen G. Rudisill (*attorney-in-charge*)
(*attorney to be noticed*)
    Illinois Bar No.: 2417049
    Texas Bar No.: 17376050
    srudisill@jenkens.com
John C. Gatz (*attorney to be noticed*)
    Illinois Bar No.: 6237140
    jgatz@jenkens.com
Russell J. Genet (*attorney to be noticed*)
    Illinois Bar No.:6255982
    rgenet @jenkens.com
Justin D. Swindells (*attorney to be noticed*)
    Illinois Bar No.: 6257291
    jswindells@jenkens.com
JENKENS & GILCHRIST
225 West Washington St., Suite 2600
Chicago, Illinois 60606
Tel. 312-425-3900
Fax 312-425-3909

Carl R. Roth (*attorney to be noticed*)
    Texas Bar No.: 17312000
    cr@rothfirm.com
Michael S. Smith (*attorney to be noticed*)
    Texas Bar No.: 18650410
    ms@rothfirm.com
THE ROTH LAW FIRM
115 North Wellington, Suite 200
Marshall, Texas 75670
Tel. (903) 935-1665
Fax (903) 935-1797

1

# Exhibit A

# United States Patent [19]

## Chen et al.

[11] **Patent Number:** **4,698,672**

[45] **Date of Patent:** **Oct. 6, 1987**

[54] **CODING SYSTEM FOR REDUCING REDUNDANCY**

[75] Inventors: Wen-hsiung Chen, Sunnyvale; Daniel J. Klenke, Milpitas, both of Calif.

[73] Assignee: Compression Labs, Inc., San Jose, Calif.

[21] Appl. No.: 923,630

[22] Filed: Oct. 27, 1986

[51] Int. Cl.⁴ ..................... H04N 7/133; H04N 7/137
[52] U.S. Cl. .................................... 358/136; 358/261; 358/262; 375/27
[58] Field of Search ............... 358/136, 135, 133, 261, 358/262; 375/27, 31, 33

[56] **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| 4,302,775 | 11/1981 | Widergren | 358/136 |
| 4,476,495 | 10/1984 | Fujisawa | 358/262 |
| 4,520,490 | 5/1985 | Wei | 375/27 |
| 4,558,370 | 12/1985 | Mitchell | 358/262 |
| 4,633,325 | 12/1986 | Usubuchi | 358/133 |

Primary Examiner—Howard W. Britton
Attorney, Agent, or Firm—Fliesler, Dubb, Meyer & Lovejoy

[57] **ABSTRACT**

The present invention relates to methods and apparatus for processing signals to remove redundant information thereby making the signals more suitable for transfer through a limited-bandwidth medium. The present invention specifically relates to methods and apparatus useful in video compression systems. Typically, the system determines differences between the current input signals and the previous input signals using mean-square difference signals. These mean-square signals are processed and compared with one or more thresholds for determining one of several modes of operation. After processing in some mode, the processed signals are in the form of digital numbers and these digital numbers are coded, using ordered redundancy coding, and transmitted to a receiver.

**46 Claims, 4 Drawing Figures**





FIG.— I



FIG. — 2



FIG.—3

FIG.—4

4,698,672

1

## CODING SYSTEM FOR REDUCING REDUNDANCY

### CROSS-REFERENCE TO RELATED APPLICATION

Title: A COMBINED INTRAFRAME AND INTER-
FRAME TRANSFORM CODING SYSTEM
Ser. No.: 479,766 Filed: 83/03/28 (now abandoned)
Inventors: Wen-hsiung Chen, James Parker Elliott,
Robert Edwin George Newell, Ralph Emerson Nich-
ols, Albert Edwards Rackett

### BACKGROUND OF THE INVENTION

The present invention relates to methods and appara-
tus for processing signals to remove redundant informa-
tion thereby making the signals more suitable for trans-
fer through a limited-bandwidth medium. The present
invention specifically relates to methods and apparatus
useful in video compression systems.

Many signal processing techniques useful in video
compression systems are known. For example, digital
encoding is often employed in processing television
signals which are to be transferred over transmission
channels since digital data streams are more immune to
noise degradation.

In order to digitally encode a television signal, a
signficant number of bits, 4 or more, may be required to
provide for an acceptable range of gray scale for each of
the hundreds of thousands of separate picture elements
(pixels) which form an image. Consequently, data rates
for unprocessed digitalized television signals typically
require a bandwidth greater than 40 megabits per sec-
ond. If the communications link is an earth satellite, an
unprocessed video signal typically occupies nearly the
entire bandwidth of the satellite, with very few chan-
nels, if any, left over for other uses. A T1 communica-
tion channel is typical and has only a 1.5 megabit per
second bandwidth. A practical yet effective way to
reduce the bandwidth of digitalized television signals is
needed so that fewer channels are required for transmis-
sion over a communications path and so that the quality
of transmitted signals is maintained even when reduced
bandwidth transmission is employed.

U.S. Pat. No. 4,302,775, assigned to the same assignee
as the present invention, describes a scene adaptive
coding technique which eliminates redundant informa-
tion and thereby reduces the bandwidth.

The patent describes a single-pass digital video com-
pression system which implements a two-dimensional
cosine transform with intraframe block-to-block com-
parisons of transform coefficients without need for pre-
liminary statistical matching or preprocessing.

Each frame of the video image is divided into a pre-
determined matrix of spatial subframes or blocks. The
system performs a spatial domain to transform domain
transformation of the picture elements of each block to
provide transform coefficients for each block. The sys-
tem adaptively normalizes the transform coefficients so
that the system generates data at a rate determined
adaptively as a function of the fullness of a transmitter
buffer. The transform coefficient data thus produced is
encoded in accordance with amplitude Huffman codes
and zero-coefficient runlength Huffman codes which
are stored asynchronously in the transmitter buffer. The
encoded data is output from the buffer at a synchronous
rate for transmission through a limited-bandwidth me-
dium. The system determines the buffer fullness and

2

adaptively controls the rate at which data is generated
so that the buffer is never completely emptied and never
completely filled.

In the system receiver, the transmitted data is stored
in a receiver buffer at the synchronous data rate of the
limited-bandwidth medium. The data is then output
from the receiver buffer asynchronously and is decoded
in accordance with an inverse of the encoding in the
transmitter. The decoded data is inversely normalized
and inversely transformed to provide a representation
of the original video image.

The U.S. Pat. No. 4,302,775 patents reduces redun-
dancy by employing intraframe coding techniques uti-
lizing intraframe comparisons of cosine transform coef-
ficients. While the patent provides significant improve-
ment over other techniques, there is a need for even
greater compression.

In addition to intraframe coding techniques, inter-
frame coding techniques have been used to reduce the
rate required for video transmission as described, for
example, in the above-identified application. Typically,
each video frame is held in memory at both the trans-
mitter and the receiver and only frame-to-frame
changes are transmitted over the communication link.
In contrast to intraframe coding schemes in which the
quality of coded images is dependent upon the amount
of detail in each single image frame, the quality of the
coded image in interframe coding is dependent upon the
differences from frame to frame. Frame-to-frame differ-
ences are often referred to as "motion".

Interframe coding techniques are broadly classified
into two categories, namely, spatial domain coding and
transform domain coding. In real-time interframe spa-
tial-domain coding systems, spatial domain data can be
threshold processed to obtain and store frame difference
signals in a transmitter buffer. The threshold value can
be adaptively determined as a function of the transmit-
ter buffer fullness. In order to eliminate the image
breakdown, both spatial and temporal subsampling has
been proposed.

The above-identified U.S. patent application entitled
"A Combined Intraframe and Interframe Transform
Coding System" employs intraframe and interframe
variable prediction transform coding. Images are repre-
sented by sequential frames of two-dimensional arrays
of digital signals. The digital signals are transformed to
form transform coefficients for each frame. Predicted
transform coefficients are formed using sets of variable
prediction factors. The predicted transform coefficients
for each frame are compared with corresponding actual
transform coefficients for the frame to form transform
coefficient difference signals. The difference signals are
processed to control their range of values. The pro-
cessed difference signals are statistically coded such
that the more frequently occurring values are repre-
sented by shorter code lengths and the less frequently
occurring values are represented by longer code
lengths. The coded signals are stored in a buffer mem-
ory for transmission. The coded signals in the buffer
memory are transmitted, over a limited-bandwidth me-
dium, to the receiver along with processing informa-
tion. The processing information includes codes identi-
fying the set of variable prediction factors utilized in the
transmitter. The same set of variable prediction factors
is utilized in the receiver to reconstruct predicted trans-
form coefficients which in turn are used to reconstruct
representations of the original images in the transmitter.