IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

------------------------------x

| | |
|---|---|
| Compression Labs, Incorporated, | : |
| Plaintiff, | : |
| | : C.A. No. 2:04CV-158 DF |
| v. | : |
| 1.  Agfa Corporation, | : JURY DEMANDED |
| 2.  Apple Computer, Incorporated, | : |
| 3.  Axis Communications, Incorporated, | : |
| 4.  Canon USA, Incorporated, | : |
| 5.  Concord Camera Corporation, | : |
| 6.  Creative Labs, Incorporated, | : |
| 7.  Eastman Kodak Company, | : |
| 8.  Fuji Photo Film U.S.A., | : |
| 9.  Fujitsu Computer Products of America, Inc. | : |
| 10. Gateway, Incorporated, | : |
| 11. Hewlett-Packard Company, | : |
| 12. JASC Software, | : |
| 13. JVC Americas Corporation, | : |
| 14. Kyocera Wireless Corporation, | : |
| 15. Macromedia, Incorporated, | : |
| 16. Matsushita Electric Corporation of America, | : |
| 17. Mitsubishi Digital Electronics America, Incorporated, | : |
| 18. Océ North America, Incorporated, | : |
| 19. Onkyo U.S.A. Corporation, | : |
| 20. PalmOne, Incorporated, | : |
| 21. Panasonic Communications Corporation of America, | : |
| 22. Panasonic Mobile Communications Development Corporation of USA, | : |
| 23. Ricoh Corporation, | : |
| 24. Riverdeep, Incorporated (d.b.a. Broderbund), | : |
| 25. Savin Corporation, | : |
| 26. Thomson, Incorporated, and | : |
| 27. Xerox Corporation, | : |
| Defendants. | : |

------------------------------x

REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(7),
OR, IN THE ALTERNATIVE, MOTION TO TRANSFER

Dockets.Justia.com

## I.   INTRODUCTION

Compression Labs, Inc. ("CLI") cannot maintain this action because it owns only an undivided one-half interest in the patent-in-suit and its co-owner, General Instrument Corporation ("GI"), is not a party. Courts for over a century have consistently held that all co-owners of an undivided interest in a patent are necessary and indispensable parties to an infringement action. There is only one exception to this rule – a co-owner may maintain an action by itself only if it has acquired *all rights* to sue for infringement. Here, CLI admits that GI retains the right to sue for infringement. Because the exception thus does not apply, this case must be dismissed.

CLI focuses on its alleged exclusive rights in the JPEG field of use – but cites not one case where a co-owner with "exclusive" rights limited to a certain field of use was allowed to maintain an action by itself. There simply is no such "exclusive field of use" exception.

The agreement on which CLI relies relating to the division of rights between itself and GI does not save CLI from dismissal, but instead demonstrates that CLI *does not* possess exclusively all rights to sue for patent infringement. In particular, CLI primarily relies on a newly-revealed, fourth co-ownership agreement between CLI and GI – the Fully Paid-Up Patent License Agreement dated December 9, 2003 (the "2003 Agreement"). Providing the Court with only three unredacted paragraphs out of a 22 page agreement (*see* Opp. Ex. 2),[1] CLI claims that the 2003 Agreement gives it "the full, sole, exclusive, and unrestricted right and power to sue

---

[1] Contrary to CLI's accusation that Defendants "either overlooked or consciously ignored" the 2003 Agreement (Opp. at 7), all Defendants except Kyocera Wireless Corp. were unaware of its existence until CLI filed it with its opposition to Defendants' motion. Even then, despite Defendants' offer to treat the 2003 Agreement on an "attorneys' eyes only" basis, CLI did not provide Defendants (except Kyocera) with an unredacted version of the 2003 Agreement until August 11, 2004 – well after the initial due date for Defendants' reply memorandum.

and recover for infringement of the patent in the JPEG field-of-use."[2] (Opp. at 6.) Even if this is true, the 2003 Agreement confirms that GI is a co-owner of the patent and can sue for infringement in "the Broadcast Business and the MPEG-4 field of use." (Opp. Ex. 2 at ¶4.2.) Thus, if this action proceeds without GI, Defendants face a substantial risk of multiple infringement suits. Indeed, at least some Defendants may face multiple suits for alleged infringement of the patent by the same products – *e.g.*, (1) products that implement both the JPEG and MPEG-4 standards, or (2) products that are used in the "Broadcast Business"[3] and implement the JPEG standard. Because Defendants cannot obtain complete relief in GI's absence, this case should be dismissed.

If this suit is not dismissed, it should be transferred to the District of Delaware where the first-filed case with all necessary parties is pending. This case is not entitled to a "first-filed" case preference because it has been brought improperly without GI. Even if this was the proper first-filed case, this forum would only be preferred if CLI has substantial ties here and another forum is not more convenient. Both factors favor Delaware over Texas: none of the parties are incorporated in Texas; none of the parties' witnesses are located here; and although CLI claims to have "offices" in Texas, it does not have offices in this District and does not make or sell any products or services here. On the other hand, the majority of the parties – including CLI – are incorporated in Delaware, and many have offices in or near Delaware. Delaware thus is far more convenient for this dispute.

---

[2]  CLI accuses Defendants of "disregard for the confidential information of CLI" and GI because Defendants attached the CLI-GI agreements to their motion and did not file the motion or the exhibits under seal. But as CLI well knows, confidentiality restrictions with respect to those agreements expired on or before June 4, 2004 – more than a month before Defendants filed the present Motion.

[3]  The meaning of "Broadcast Business" in the 2003 Agreement (and the earlier CLI-GI agreements) is unclear. If GI and CLI proceed against Defendants in different actions, each may interpret this phrase differently, causing Defendants to incur inconsistent obligations.

## II. SUBSTANTIVE PATENT LAW MANDATES DISMISSAL BECAUSE CLI HAS FAILED TO JOIN ALL CO-OWNERS OF THE PATENT

The principle legal premise of CLI's opposition is that one owner's possession of "exclusive" rights to license and sue in a *particular field of use* excuses the absence of another co-owner that has rights to license and sue in another field of use. Relying on this premise, CLI argues that neither dismissal nor transfer is necessary, and that GI need not be joined because it cannot sue any Defendant for alleged infringement in the JPEG field of use.

But CLI's major premise is contrary to the controlling law. Over a century ago, the Supreme Court established that all co-owners must be joined in a suit for patent infringement, or there is no jurisdiction.[4] And the Federal Circuit has repeatedly confirmed that this axiom of patent law applies with full force today.[5] CLI ignores this fundamental premise of patent law.

CLI does not deny that GI owns an undivided interest in the patent and that it shares with GI the ability to enforce the patent. CLI's opposition introduces a heavily redacted document that purports to transfer from GI (and its parent, Motorola) to CLI the "sole, exclusive and unrestricted right and power to enforce, by licensing, litigation or otherwise, the Jointly Owned Patents *in the JPEG Standard field of use*…." (Opp. Ex. 2 at ¶ 4.2.) This new agreement confirms that both co-owners have *concurrent* rights to license and sue under the patent-in-suit

---

[4] *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891) (requiring that an assignee of an undivided share of patent sue infringers "jointly with the assignor"); *Moore v. Marsh*, 74 U.S. (7 Wall.) 515, 520 (1868) ("[W]here [an] assignment is of an undivided part of the patent, the action should be brought for every infringement committed subsequent to the assignment, in the joint names of the patentee and assignee, as representing the entire interest."); *see also Independent Wireless Telegraph Co. v. Radio Corp. of* America, 269 U.S. 459, 468 (1926) ("The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions.").

[5] *See, e.g., Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) (affirming dismissal where 50% owner of patent did not waive rights to refuse to join an infringement suit); *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1378-81 (Fed. Cir. 2000) (affirming dismissal where licensee lacked rights "in full" to exclude others); *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998) ("An action for infringement must join as plaintiffs all co-owners.").

- 3 -

throughout the United States – CLI in "the JPEG Standard field of use," and GI in "the Broadcast Business and the MPEG-4 field of use."

Because CLI does not have sole and exclusive rights to enforce the patent, CLI's opposition asks this Court to create an exception to the fundamental rule that all co-owners must be joined in a patent infringement suit. But that exception is wholly unsupported by controlling law. No case CLI cites allows one patent co-owner to maintain an infringement suit simply because it has the "exclusive" right to sue *in a particular field of use*. In every case CLI cites (*i.e.*, *Rawlings*, *E-Z Bowz*, *Michaels*, and *Conner*) one co-owner was allowed to maintain suit only because it held *all* rights to enforce the patent.[6]

The novel (and unsupported) exception CLI offers is contrary to the policy behind the co-owner rule that accused infringers should not be subject to multiple suits.[7] According to CLI's own description of its contracts with GI, Defendants could face not only the present suit over JPEG, but also another suit by GI over MPEG-4 or the "Broadcast Business." At least some accused products may implement both the JPEG and MPEG-4 standards. Similarly, products that implement JPEG may be used in the "Broadcast Business" and, therefore, be subject to suit by both CLI and GI. Thus, even according to CLI, GI could sue at least some of the same Defendants on the same patent on many of the same products. This is precisely what the century-old rule requiring joinder of all co-owners is designed to prevent.

---

[6] *See, e.g., Rawlings v. Nat'l Molasses Co.*, 394 F.2d 645 (9th Cir. 1968) (party defendant and former co-owner received license to use patent but had "no capacity to sue strangers for infringement of the patent"); *E-Z Bowz v. Professional Product Research*, 2003 WL 22064257, at * 2 (absent co-owner assigned another her "entire right, title and interest" in the patents); *Michaels of Or. Co. v. Mil-Tech, Inc.*, 38 USPQ2d 1060, 1062 (absent co-owner assigned all rights to enforce patent to another); *IBM v. Conner Peripherals, Inc.*, 30 USPQ2d 1315, 1319 (N.D. Cal. 1994) ("[absent co-owner] Alps has no right to sue *any* infringers and cannot make [co-owner] Conner sue infringers") (emphasis added).

[7] *See Independent Wireless*, 269 U.S. at 468.

**III.   FEDERAL RULE OF CIVIL PROCEDURE 19 ALSO REQUIRES DISMISSAL BECAUSE GI IS AN INDISPENSABLE PARTY**

   A.   The 2003 Agreement Confirms That GI is Necessary to Avoid
        The Risk of Multiple Suits for Infringement of the Patent

CLI argues that GI is not a necessary party because the 2003 Agreement gave CLI "the full, sole, exclusive, and unrestricted right and power to sue and recover for infringement of the [] patent in the JPEG field-of-use." (Opp. at 6.) But even if CLI's interpretation of the 2003 Agreement is correct, it does not follow that GI is "disqualifie[d] . . . as a necessary or indispensable party under Rule 19." (Opp. at 10.) The 2003 Agreement confirms that GI retains the right to sue Defendants for alleged infringement of the patent with respect to "the Broadcast Business and the MPEG-4 field of use." (Opp. Ex. 2 at ¶4.2.) Thus, GI is "necessary" to avoid subjecting Defendants to "a substantial risk of incurring double, multiple or otherwise inconsistent obligations."[8]

As discussed above, CLI cites no case supporting its proposition that the 2003 Agreement "disqualifies GI as a necessary party under Rule 19(a)." (Opp. at 8.) In fact, in the cases CLI cites, the absent co-owner was found to be unnecessary because the plaintiff co-owner had the exclusive right to sue for *any and all* infringement. The absent co-owner had *no right whatsoever* to sue for infringement and, thus, there was *no risk* that any defendant would be subject to multiple suits for infringement of the same patent. (*See supra* note 6.) Unlike the defendants in *Rawlings*, *Michaels*, *E-Z Bowz* and *Conner*, Defendants here face a substantial risk that, without GI, they may be subject to multiple infringement suits on the same patent. In short, CLI cites no authority where an absent co-owner who retained the right to sue in a specific field of use, like GI, was found to be unnecessary.

---

[8] If any one of the three Rule 19(a) factors are met, the party is "necessary." *See Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242, 246 (N.D. Ohio 1998), *aff'd* 215 F.3d 1342 (Fed. Cir. 1999).

      **B.**      <u>GI is Also a Necessary Party to Resolve a License Issue</u>

GI is also a necessary party because the Court will be asked to decide whether and to what extent at least Hewlett-Packard Company ("HP") has a license to the patent-in-suit. CLI's opposition only confirms this fact. CLI spends several pages disputing whether GI had the right to license the patent in the JPEG field of use under the various co-ownership agreements between CLI and GI. Defendants agree this is an issue, and it is precisely why GI is a necessary party – to first determine the rights and obligations between CLI and GI, and then to determine any licensee's rights. CLI also claims that Defendants "offer no proof" of HP's license; however, for GI to be a necessary party, the only relevant inquiry is whether, in GI's absence, "complete relief cannot be accorded among those already parties."[9] Here, at least HP will claim it was granted a license by GI that purports to license rights to GI's intellectual property relating to compression technology. At least HP will also allege that GI has or had the unfettered right to license the patent in all fields of use. GI's participation in this case is thus necessary to resolve the disputed issues of the respective rights and obligations between GI and CLI.

      **C.**      <u>GI is an Indispensable Party</u>

GI is an indispensable party because dismissal of this case for failure to join GI would (a) not prejudice CLI's ability to pursue a remedy in another federal forum, (b) avoid subjecting Defendants to the risk of costly and duplicative litigation with GI, and (c) advance the interest of the courts and the public in the complete, consistent, and most efficient resolution of this dispute. Dismissal would not prejudice CLI's ability to pursue a remedy in the concurrent Delaware action. And relief in this suit cannot be tailored to avoid the prejudice Defendants would suffer from even defending multiple infringement suits (not to mention the additional prejudice that

---

[9] Fed. R. Civ. P. 19(a)(1).

inconsistent dispositions would cause). As the Supreme Court has held: "[t]he presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions."[10]

## IV. CLI'S "WELL-PLED" FACTUAL ALLEGATIONS ARE NOT SUFFICIENT TO PREVENT DISMISSAL

CLI also argues – incorrectly – that this Court need not even read the agreements and other evidence, but instead must accept as true the Complaint's allegation that CLI has the exclusive right to sue. However, "[i]n ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence."[11] In the cases CLI cites (*i.e., Clements* and *Bowdoin*), no evidence counter to the pleadings was mentioned, and neither court even suggested that such extrinsic evidence should be ignored.[12]

## V. IF THIS SUIT IS NOT DISMISSED, IT SHOULD BE TRANSFERRED TO DELAWARE – THE MOST CONVENIENT FORUM

### A. The Texas Case is Not Entitled to a "First-Filed-Case" Preference

In the event GI enters this case, the Delaware action should be deemed the proper "first-filed" case because it is the first one to include all necessary parties. CLI should not be able to claim the benefit of the filing date in this case when they deliberately chose to exclude a

---

[10] *Independent Wireless,* 269 U.S. at 468.

[11] *Davis Co. v. Emerald Casino, Inc.,* 268 F.3d 477, 480 n.4 (7th Cir. 2001); *see also, e.g., Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956) (ruling of district court on motion to dismiss for failure to join indispensable parties was necessarily based on allegations of complaint and affidavits and other proofs introduced).

[12] *See Bowdoin v. Malone*, 287 F.2d 282, 286 (5th Cir. 1961) (finding United States not indispensable by "[t]aking the averments of [the] complaint, as supplemented by the statement of the court below that plaintiffs (appellants) conceded that the suit against the United States could not be maintained as true"); *Clements v. Holiday Inns, Inc.*, 105 F.R.D. 467, 469 (E.D. Pa. 1984) (allegations in complaint were completely consistent with provisions of licensing agreement).

necessary party.[13]  CLI's choice not to join GI was intentional.[14]  Thus, this case is not "first-filed," and should be transferred if it is not dismissed.

Furthermore, even if this case is properly the "first-filed," it should not be given preference over the Delaware case.  The Supreme Court cautions against "rigid mechanical solution[s]" to questions of forum, stressing the importance of conservation of judicial resources and the comprehensive disposition of litigation.[15]  District courts should administer their dockets to conserve scarce judicial resources and promote the efficient and comprehensive disposition of cases.[16]  The "first-filed" status of an action is thus only one of many factors to consider when evaluating whether transfer is appropriate.[17]

And the Federal Circuit notes that any preference for the first-filed suit should yield to the forum in which all interests are best served.[18]  Exceptions to the preference in favor of the first-filed case "are not rare." [19]  Several overriding considerations exist, including "the convenience and availability of witnesses, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation…." [20]  Here, as

---

[13] *See, e.g., PE Corp. v. Affymetrix, Inc.*, No. Civ. A. 00-629-SLR, 2001 WL 1180280 (D.Del. Sept. 27, 2001) (amended complaint did not relate back); *Mallinkrodt Med., Inc. v. Nycomed Imaging A.S.*, 49 U.S.P.Q.2d 1474, 1477-78 (E.D. Mo. 1998).

[14] CLI's intent not to join GI here is manifest by its decision to bring two additional suits in this District on the patent-in-suit, all without joining GI.  *See Compression Labs, Inc. v. Acer America Corp. et al.*, No. 2:04cv294 (J. Ward) (filed August 6, 2004); *Compression Labs, Inc. v. Dell Inc. et al.*, No. 2:04cv159 (J. Folsom).

[15] *Kerotest Mfg. Co. v. C-O-Two Fire Eqmt. Co.*, 342 U.S. 180, 183 (1952).

[16] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

[17] *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (listing "convenience" factors); *Serco Services Co., L.P. v. Kelley Co. Inc.,* 51 F.3d 1037, 1039 (Fed. Cir. 1995) (dismissing first-filed case in favor of second-filed case based on location of witnesses and documents).

[18] *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993).

[19] *Id.*

[20] *Id*; *Kahn v, General Motors Corp.*, 889 F.2d 1078, 1081-83 (Fed. Cir. 1989).

discussed at length in the Motion, each of these factors compels a transfer to the District of Delaware.

A more comprehensive set of issues and parties (including GI) is pending in the District of Delaware. Furthermore, Yahoo! Inc. recently brought a similar declaratory judgment action in Delaware on the patent.[21] For all of these reasons, it would be more efficient for Delaware to consolidate and address the issues in the various pending cases.

### B.  The District of Delaware is Clearly More Convenient for the Parties and Serves the Interests of Justice

The determination of "convenience" turns on private and public interest factors, none of which have dispositive weight.[22] All of these factors favor transfer to Delaware, as discussed in the Motion. And CLI's incorporation (as well as GI's) in Delaware is a concession that litigating there is convenient.[23]

As CLI recognizes, convenience to witnesses is the "most important" consideration when deciding a motion to transfer.[24] Defendants are likely to call witnesses from the American National Standards Institute ("ANSI"), the Comite Consultatif International Telephonique ("CCITT"), and the International Standards Organization ("ISO"), who will testify about CLI's role in developing the JPEG standard. (*See* Casino Decl., Att. A at ¶¶ 3-7, 69-95.) ANSI is

---

[21] *See Yahoo!, Inc. v. Compression Labs, Inc., Forgent Networks, Inc., and General Instruments Corp.*, No. 04-918 (D. Del.), filed August 2, 2004.

[22] *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

[23] *See Wesley-Jessen Corp. v. Pilkington VisionCare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993) ("Absent some showing of unique or unexpected burden, [] corporations should not be successful in arguing that litigation in their state of incorporation is inconvenient."); *see also General Signal Corp. v. Applied Materials, Inc.*, Civ. A. No. 940461-JJF, 1995 WL 469620, *1 (D. Del. June 30, 1995) ("it is not the forum shopping of Plaintiff that brings the parties to Delaware, but the Defendant's decision to incorporate here").

[24] *See* Opposition at 22; *see also Volkswagen*, 371 F.3d at 204-05 (finding Eastern District of Texas to have abused discretion by not considering the convenience of defendants' witnesses).

- 9 -

located in Washington, D.C. CCITT (now part of the International Telecommunication Union) and ISO are based in Geneva, Switzerland. In the Fifth Circuit, the duration of travel time that will be imposed on witnesses is an important consideration in an analysis under Section 1404(a).[25] It is substantially faster for the CCITT witnesses to travel to Delaware than to Texas; this factor thus favors transfer. Further, the ANSI witnesses, being within 100 miles of the District of Delaware, can be compelled to testify at trial.

CLI has argued that Defendants must identify its witnesses by name at this time. But as discovery has not begun, it is impossible to determine which CCITT and ANSI witnesses would testify. Defendants have met their burden on this convenience factor by identifying witnesses generally; Defendants are not required to show which specific witnesses would need to testify.[26] In contrast, CLI has not identified any key witnesses that will appear only in Texas.

## VI. CONCLUSION

Twenty-seven companies are at risk of defending multiple infringement suits based on a patent jointly owned by CLI and GI. The Supreme Court, Federal Circuit Court of Appeals, and Federal Rules of Civil Procedure are clear that in such circumstances, all co-owners must be present to avoid duplicative litigation. Although GI is missing from this case, both co-owners of the patent-in-suit have been joined in a District of Delaware action currently addressing the same issues presented here, in addition to other issues. The material witnesses, documents, and parties are all in or conveniently accessible to the District of Delaware. None are in Texas.

Accordingly, Defendants respectfully request that this action be dismissed or, in the alternative, transferred to the District of Delaware.

---

[25] *Volkswagen*, 371 F.3d at 204-05.

[26] *See Reed v. Fina Oil & Chem. Co.*, 995 F.Supp. 705, 714 (E.D.Tex. 1998) ("The court does not believe that a party has to prove that certain witnesses are unwilling to testify, or that a subpoena will have to be issued.").

On behalf of all Defendants joining in the Motion to Dismiss or Transfer:

_____
Eric M. Albritton
Texas Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
903/757-8449 (office)
903/758-7397 (fax)
eric@albrittonlawfirm.com

Counsel for Axis Communications, Inc.; Fujitsu Computer Products of America, Inc.; Hewlett-Packard Company; JVC Americas; Matsushita Electric Corporation of America; Panasonic Communications Corporation of America; Panasonic Mobile Communications Development Corporation of USA; Ricoh Corporation; Riverdeep, Inc.; and Savin Corporation

**OF COUNSEL:**

H. Michael Hartmann
mhartmann@leydig.com
Wesley O. Mueller
wmueller@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza; Suite 4900
Chicago, IL 60601
Tel:  312-616-5600
Fax:  312-616-5700
(Counsel for Agfa Corp.)

George A. Riley
griley@omm.com
O'Melveny & Myers LLP

- 12 -

Embarcadero Center West
275 Battery Street
San Francisco, California  94111-3305
Tel:  415-984-8700
Fax:  415-984-8701
(Counsel for Apple Computer, Inc.)

Mark C. Scarsi
mscarsi@omm.com
Michelle L. Davidson
mdavidson@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Tel:   213-430-6000
Fax:  213-430-6407
(Counsel for Apple Computer, Inc.)

Barry W. Graham
barry.graham@finnegan.com
Elizabeth A. Niemeyer
Elizabeth.niemeyer@finnegan.com
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel:  202- 408-4017
Fax:  202-408-4400
(Counsel for Axis Communications, Inc.)

John A. O'Brien
jo'brien@fchs.com
Nicholas M. Cannella
ncannella@fchs.com
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
Tel.:  (212) 218-2100
Fax:  (212) 218-2200
(Counsel for Canon U.S.A., Inc.)

Brian L. Klock
bclock@fchs.com
Fitzpatrick, Cella, Harper & Scinto
1900 K Street, N.W.
Washington, DC 20006

Tel.: (202) 530-1010
Fax.: (202) 530-1055
(Counsel for Canon U.S.A., Inc.)

Joseph P. Lavelle
lavellej@howrey.com
Kenneth W. Donnelly
donnellyk@howrey.com
Vivian S. Kuo
kuov@howrey.com
Howrey Simon Arnold & White
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
Tel:  202-783-0800
Fax:  202-383-6610
(Counsel for Eastman Kodak Company)

Steven J. Routh
sjrouth@hhlaw.com
Hogan & Hartson, L.L.P.
555 13th Street N.W.
Washington, D.C.  20004
Tel:  202-637-6472
Fax:  202-637-5910
(Counsel for Fuji Photo Film U.S.A.)

Christopher E. Chalsen
cchalsen@milbank.com
Michael M. Murray
mmurray@milbank.com
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, NY 10005-1413
Tel:  212-530-5380
Fax:  212-822-5380
(Counsel for Fujitsu Computer Products of America, Inc.)

W. Bryan Farney, P.C.
bfarney@deweyballantine.com
Darryl J. Adams
dadams@deweyballantine.com
Dewey Ballantine LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701-2478
Tel: 512-226-0300
Fax: 512-226-0333

- 13 -

(Counsel for Gateway, Inc.)

Danny L. Williams
dwilliams@wmalaw.com
Williams, Morgan & Amerson
10333 Richmond, Suite 1100
Houston, Texas 77042
Tel:  713-934-4060
Fax:  713-934-7011
(Counsel for Hewlett-Packard Company)

Daniel W. McDonald
dmcdonald@merchant-gould.com
Deakin T. Lauer
dlauer@merchant-gould.com
Merchant & Gould, P.C.
3200 IDS Center
80 S. 8th Street
Minneapolis, MN  55402
Tel:  612-336-4637
Fax:  612-332-9081
(Counsel for JASC Software, Inc.)

Morton Amster
mamster@arelaw.com
Abraham Kasdan
akasdan@arelaw.com
Joseph Casino
jcasino@arelaw.com
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
Tel:  212-336-8000
Fax:  212-336-8001
(Counsel for JVC Americas and Matsushita Electric Corporation of America)

Jennifer Parker Ainsworth
State Bar No. 00784720
Wilson, Sheehy, Knowles, Robertson & Cornelius
P.O. Box 7339
Tyler, Texas 75711
(903) 509-5000
(903) 509-5092 Fax
jainsworth@wilsonlawfirm.com
(Counsel for Kyocera Wireless Corporation)

- 15 -

Stuart Lubitz
Hogan & Hartson, L.L.P.
Biltmore Tower
500 South Grand Avenue, Suite 1900
Los Angeles, California 90071
(213) 337-6700
(213) 337-6701 Fax
slubitz@HHlaw.com
(Counsel for Kyocera Wireless Corporation)

Gil Gillam
gil@gillamsmithlaw.com
Melissa R. Smith
melissa@gillamsmithlaw.com
Gillam & Smith, L.L.P.
110 South Bolivar, Suite 204
Marshall, Texas 75670
Tel:  903-934-8450
Fax:  903-934-9257
(Counsel for Macromedia, Inc.)

Charlene M. Morrow
cmorrow@fenwick.com
Darryl M. Woo
dwoo@fenwick.com
Fenwick & West
801 California Street
Mountain View, CA 94041
Tel:  650-988-8500
Fax:  650-938-5200
(Counsel for Macromedia, Inc.)

John W. Kozak
jkozak@leydig.com
Steven P. Petersen
spetersen@leydig.com
Leydig, Voit and Mayer, Ltd
Two Prudential Plaza
180 North Stetson, Suite 4900
Chicago, IL  60601
Tel: 312-616-5650
Fax: 312-616-5700
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Frederick H. Colen
fcolen@reedsmith.com
Barry J. Coyne
bcoyne@reedsmith.com
Joshua S. Bish
jbish@reedsmith.com
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, PA. 15219
Tel:  412-288-3131
Fax:  412-288-3063
(Counsel for Oce North America, Inc.)

Mark D. Flanagan
mflanagan@wsgr.com
Bart E. Volkmer
bvolkmer@wsgr.com
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA   94303-1050
Tel:  650-493-9300
Fax:  650-493-6811
(Counsel for PalmOne, Inc.)

M. Craig Tyler
ctyler@wsfr.com
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, TX   78759-7247
Tel:  512-338-5400
Fax:  512-338-5499
(Counsel for palmOne, Inc.)

Anthony C. Roth
aroth@morganlewis.com
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-739-5188
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

Robert J. Hollingshead
rhollingshead@morganlewis.com
Morgan, Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan
Tel:  011-81-3-5219-2505
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

M. Matthews Hall
hall@khpatent.com
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
Tel:  503-224-6655
Fax:  503-295-6679
(Counsel for Riverdeep, Inc.)

E. Lee Haag
lhaag@fulbright.com
Marc L. Delflache
mdelftache@fulbright.com
Richard S. Zembek
rzembek@fulbright.com
Andrew Price
aprice@fulbright.com
Fulbright & Jaworski, LLP
1301 McKinney Street
Houston, TX  77010-3095
Tel:  713-651-5429
Fax:  713-651-5246
(Counsel for Thomson, Incorporated)

James P. Bradley
jbradley@sidley.com
William O. Fifield
wfifield@sidley.com
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201
Tel:  214-981-3300
Fax:  214-981-3400
(Counsel for Xerox Corporation)

- 18 -

CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 13th day of August, 2004.

                                                          Eric M. Albritton