**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

- - - - - - - - - - - - - - - - - - - - - -x

Compression Labs, Incorporated,  :
　　　　　　　Plaintiff,  :
　　　　　v.  :　　　　　Civil Action No. 2:04-CV-158 DF
1.　Agfa Corporation,  :　　　　　Jury Demanded
2.　Apple Computer, Incorporated,  :
3.　Axis Communications, Incorporated,  :
4.　Canon USA, Incorporated,  :
5.　Concord Camera Corporation,  :
6.　Creative Labs, Incorporated,  :
7.　Eastman Kodak Company,  :
8.　Fuji Photo Film U.S.A.,  :
9.　Fujitsu Computer Products of America, Inc.  :
10.　Gateway, Incorporated,  :
11.　Hewlett-Packard Company,  :
12.　JASC Software,  :
13.　JVC Americas Corporation,  :
14.　Kyocera Wireless Corporation,  :
15.　Matsushita Electric Corporation of America,  :
16.　Mitsubishi Digital Electronics America, Incorporated,  :
17.　Océ North America, Incorporated,  :
18.　Onkyo U.S.A. Corporation,  :
19.　PalmOne, Incorporated,  :
20.　Panasonic Communications Corporation of America,  :
21.　Panasonic Mobile Communications Development Corporation of USA,  :
22.　Ricoh Corporation,  :
23.　Riverdeep, Incorporated (d.b.a. Broderbund),  :
24.　Savin Corporation,  :
25.　Thomson, Incorporated, and  :
26.　Xerox Corporation,  :
　　　　　　　Defendants.  :

- - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF THEIR MOTION TO DISMISS OR TRANSFER**

The undersigned Defendants (collectively "Defendants") respectfully submit this Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss or Transfer ("Motion").

## I.     INTRODUCTION

Plaintiff Compression Labs, Inc. ("CLI") cannot have it both ways.  Last Friday, CLI moved to stay discovery in a related case pending in Delaware District Court.[1]  The Delaware case—which involves the same patent and many of the same parties as this case—names CLI as a defendant, plus the co-owner of the patent in suit, which was not joined as a party in this case.  In its Delaware Motion to Stay, CLI argues that "merits discovery" in the Delaware case should be halted while its motion to dismiss or transfer is being considered by the Delaware Court.  Accepting the logic of CLI's position, discovery should be stayed in this case as well.

In truth, CLI's Delaware filing appears to be a tactical maneuver designed to accelerate discovery in this case while halting discovery in Delaware, presumably to strengthen CLI's argument that this case should proceed instead of the Delaware case.  The Court should not countenance CLI's tactics.  CLI's own reasoning and fundamental fairness dictate that discovery be stayed both in Texas and in Delaware until the parties' forum dispute is resolved.

Therefore, Defendants respectfully request that the Court: (1) stay discovery pending resolution of Defendants' pending motion to dismiss or transfer; and (2) relieve Defendants of their obligation to answer the pending discovery propounded by CLI in this case.

---

[1] The "Motion Of Defendants Compression Labs, Inc. and Forgent Networks, Inc. to Stay Discovery Pending Resolution of their Motion to Dismiss, Stay or Transfer" ("Motion to Stay"), filed in Delaware District Court on Friday, September 24, 2004, is attached as Exhibit A to this Motion.

1

## II.   PROCEDURAL BACKGROUND

On April 22, 2004, CLI filed two lawsuits in this Court. Those lawsuits named 31 defendants, but failed to join a necessary and indispensable party—General Instrument Corp. ("GI")—the co-owner of the patent in suit. Several of the defendants in this case thereafter filed a lawsuit in Delaware District Court. The Delaware case names CLI as a defendant, along with co-owner GI and Forgent Networks, CLI's parent company, which reports licensing revenue on the patent in suit. Defendants then moved to dismiss this case or transfer it to the Delaware court on the grounds that: (a) CLI failed to join GI, a necessary and indispensable party, in this case; (b) the Delaware case is the first-filed action because CLI failed to join GI in this case in the first instance;[2] and (c) Delaware is the more convenient and appropriate forum for this dispute. CLI subsequently moved to dismiss or stay the Delaware case, or transfer it to this Court. That motion is presently being briefed. Thus, motions to dismiss or transfer are pending in both the Texas and Delaware Courts.

On September 15, 2004, the parties began meeting and conferring under Federal Rule of Civil Procedure 26(f). The parties' initial Rule 26(f) conference was significant for two reasons. First, the parties agreed to, and did, conduct a joint conference simultaneously in this case and the Delaware case. CLI's Delaware counsel and counsel for GI (which is a party only in the Delaware case) participated in the conference. Second, during the conference, Defendants

---

[2] Although CLI recently suggested that this Court join GI, this does not change the first-filed status of the Delaware case. *PE Corp. v. Affymetrix, Inc.*, 2001 WL 1180280, *3 (D. Del. Sept. 27, 2001) ("…the Court finds it illogical to essentially determine the proper forum for this litigation based on the fact that the patent owner filed suit in Delaware first, when the patent owner did not have the right to file suit at all."). Furthermore, Delaware, where all patent owners are incorporated, is the only place with certain personal jurisdiction. *Danuloff v. Color Center*, 1993 WL 738578 (E.D. Mich. Nov. 22, 1993) ("The interest of justice is served when a case is transferred from a forum where there is a difficult question of personal jurisdiction into a district in which personal jurisdiction is clearly established.").

2

suggested that the parties delay the start of formal discovery in all cases while they continued to confer under Rule 26(f).[3] CLI refused, and later that day served discovery on Defendants in this case. Defendants responded by serving discovery here and in the Delaware case. However, despite being the first to initiate discovery, CLI filed its Motion to Stay discovery in Delaware last Friday, asserting that:

> The discovery served by the Delaware Plaintiffs is not targeted at issues posed by the Motion to Dismiss; rather, it is merit-based. <u>Until the Court has decided whether this case is to go forward, and if so whether it should go forward in this judicial district, merit-based discovery is premature</u>.

(Ex. A, CLI's Motion to Stay at 2, emphasis added.) Under CLI's own reasoning, discovery should be stayed in this case just as in Delaware, because both Courts have been asked to decide whether their respective cases will go forward.

### III.  DISCOVERY SHOULD BE STAYED IN BOTH THE TEXAS AND DELAWARE CASES.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "[F]or good cause shown, the court...may make any order which justice requires..." Fed. R. Civ. P. 26(c). Although Local Rule CV-26(a) provides that "[a]bsent a court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss," under certain circumstances, a "court order to the contrary" is appropriate. This case presents just such a circumstance.

---

[3] Defendants met and conferred in good faith on September 15 and began discussing the case schedule and limits on discovery. At the end of that initial conference, Defendants contended that the parties had not yet satisfied their Rule 26(f) obligations and would benefit from further conferring on these issues in both cases. CLI disagreed and immediately initiated discovery.

The Court should stay discovery for the following reasons:

*First*, under CLI's own reasoning, "merits discovery" should be stayed pending resolution of the parties' forum dispute. CLI contends that the Rule 26(f) conference on September 15, 2004—held in both the Delaware and Texas actions—triggered discovery. If true, that conference triggered discovery in both cases. However, despite serving merits discovery on Defendants in this case, CLI contends that "merits discovery" should be halted in Delaware while it proceeds in Texas. This makes no sense. If merits discovery should be stayed in one case pending resolution of the parties' forum dispute, it should be stayed across the board. Contrary to CLI's contention, it cannot be true that "merit-based discovery is premature" in Delaware, but not in Texas.

*Second*, the parties have not yet exhausted their meet-and-confer obligations under Rule 26(f). Rather, Defendants anticipate there will be further Rule 26(f) discussions following the Court's October 4, 2004 Management Conference. A stay of discovery will permit the parties to continue to confer on the issues of case scheduling and limits on discovery, and in particular will allow the parties to incorporate into their discussions the Court's views of the case as expressed at the October 4 Management Conference.

*Third*, as discussed above, CLI's motion is a tactical move designed to halt discovery in Delaware while it proceeds in Texas, ostensibly to strengthen CLI's argument that this case should proceed over the Delaware case. In particular, CLI is attempting to take advantage of Delaware Local Rule 30.2, which provides for an "automatic stay" of discovery pending the Delaware Court's resolution of a timely motion to stay discovery:

> **RULE 30.2. Deposition Motions.** Pending resolution of any motion under Fed. R. Civ. P. 26(c) or 30(d), neither the objecting party, witness, nor any attorney is required to appear at the deposition to which the motion is directed until the motion is ruled

4

>upon. <u>The timely filing of a motion under either of these rules shall stay the discovery to which the motion is directed pending further order of the Court</u>.

(Emphasis added.)

Using the combination of the Delaware Local Rule and Texas Local Rule CV-26(a), CLI is attempting to avoid its discovery obligations in Delaware while accelerating discovery in Texas. CLI even points out that it stipulated that discovery in Texas would be useable in Delaware should that case go forward, so there can be no harm to CLI in going forward with discovery in both cases. CLI should not be allowed to manipulate the process by making the Texas case seem more "advanced" than the Delaware case to try to gain an advantage in the dueling transfer motions pending in both Courts. Indeed, although CLI pays lip service to judicial economy, it would be most economical to stay discovery in both cases until the parties' forum dispute is decided.

## IV.   CONCLUSION.

For the foregoing reasons and those stated in CLI's attached motion, Defendants respectfully request that the Court stay discovery pending resolution of Defendants' motion to dismiss and transfer. Defendants also request that the Court relieve them of the obligation to answer the discovery CLI has already served in this case. That way, neither CLI nor Defendants will obtain a tactical advantage by getting a "head start" in discovery in their chosen forum.

                              Respectfully Submitted on behalf of all defendants,

*/s/ Eric M. Albritton*
_____
Eric M. Albritton
Texas Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
903/757-8449 (office)
903/758-7397 (fax)
eric@albrittonlawfirm.com

Counsel for Axis Communications, Inc.; Concord Camera Corp.; Creative Labs, Inc.; Fujitsu Computer Products of America, Inc.; Hewlett-Packard Company; JVC Americas; Matsushita Electric Corporation of America; Panasonic Communications Corporation of America; Panasonic Mobile Communications Development Corporation of USA; Ricoh Corporation; Riverdeep, Inc.; and Savin Corporation

**OF COUNSEL:**

H. Michael Hartmann
mhartmann@leydig.com
Wesley O. Mueller
wmueller@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza; Suite 4900
Chicago, Illinois 60601
Tel:  312-616-5600
Fax:  312-616-5700
(Counsel for Agfa Corp.)

George A. Riley
griley@omm.com
O'Melveny & Myers L.L.P.
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3305
Tel:  415-984-8700
Fax:  415-984-8701
(Counsel for Apple Computer, Inc.)

Mark C. Scarsi
mscarsi@omm.com
Michelle L. Davidson
mdavidson@omm.com
O'Melveny & Myers L.L.P.
400 South Hope Street
Los Angeles, California 90071-2899
Tel:  213-430-6000
Fax:  213-430-6407
(Counsel for Apple Computer, Inc.)

Herschel Tracy Crawford
tcrawford@rameyflock.com
Eric Hugh Findlay
efindlay@rameyflock.com
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Tel: 903-597-3301
Fax: 903-597-2413
(Counsel for Apple Computer, Inc.)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel: 903-794-1303
Fax: 903-794-5098
(Counsel for Apple Computer, Inc.)

Barry W. Graham
barry.graham@finnegan.com
Elizabeth A. Niemeyer
Elizabeth.niemeyer@finnegan.com
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel:  202- 408-4017
Fax:  202-408-4400
(Counsel for Axis Communications, Inc.)

John A. O'Brien
jo'brien@fchs.com
Nicholas M. Cannella
ncannella@fchs.com
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
Tel.:  212-218-2100
Fax:  212-218-2200
(Counsel for Canon U.S.A., Inc.)

Brian L. Klock
bklock@fchs.com
Fitzpatrick, Cella, Harper & Scinto
1900 K Street, N.W.
Washington, D.C. 20006
Tel:  202-530-1010
Fax:  202-530-1055
(Counsel for Canon U.S.A., Inc.)

Jack B. Baldwin
jbb@baldwinlaw.com
Baldwin & Baldwin, L.L.P.
400 West Houston Street
Marshall, Texas 75670
Tel:  903-935-4131
Fax:  903-935-1397
(Counsel for Canon U.S.A., Inc.)

Scott L. Lampert
Florida State Bar No. 0085642
4000 Hollywood Blvd. Ste. 650N
Hollywood, Florida 33021
(954) 331-4200 (phone)
(954) 989-4103 (fax)
 scott_lampert@concord-camera.com
(Counsel for Concord Camera Corp.)

Robert Haslam
California State Bar No. 71134
Heller Ehrman White & McAuliffe LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 324-7000 (phone)
(650) 324-0638 (fax)
rhaslam@hewm.com
(Counsel for Creative Labs, Inc.)

Joseph P. Lavelle
lavellej@howrey.com
Kenneth W. Donnelly
donnellyk@howrey.com
Vivian S. Kuo
kuov@howrey.com
Howrey Simon Arnold & White
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  202-783-0800
Fax:  202-383-6610
(Counsel for Eastman Kodak Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
P.O. Box 5398
Texarkana, Texas 75505
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Eastman Kodak Company)

Steven J. Routh
sjrouth@hhlaw.com
Hogan & Hartson, L.L.P.
555 13th Street N.W.
Washington, D.C. 20004
Tel: 202-637-6472
Fax: 202-637-5910
(Counsel for Fuji Photo Film U.S.A.)

William C. Gooding
billgooding@goodingpc.com
Gooding & Dodson
2005 Moores Lane
P.O. Box 1877
Texarkana, Texas 75504
Tel: 903-794-3121
Fax: 903-793-4801
(Counsel for Fuji Photo Film U.S.A.)

Christopher E. Chalsen
cchalsen@milbank.com
Michael M. Murray
mmurray@milbank.com
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, New York 10005-1413
Tel: 212-530-5380
Fax: 212-822-5380
(Counsel for Fujitsu Computer Products of America, Inc.)

W. Bryan Farney, P.C.
bfarney@deweyballantine.com
Darryl J. Adams
dadams@deweyballantine.com
Dewey Ballantine LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701-2478
Tel: 512-226-0300
Fax: 512-226-0333
(Counsel for Gateway, Inc.)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Gateway, Inc.)

Danny L. Williams
dwilliams@wmalaw.com
Williams, Morgan & Amerson
10333 Richmond, Suite 1100
Houston, Texas 77042
Tel:  713-934-4060
Fax:  713-934-7011
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

John Allcock
jallcock@graycary.com
Sean C. Cunningham
scunningham@graycary.com
Bruce H. Watrous
bwatrous@graycary.com
Gray Cary Ware & Freidenrich
401 B Street, Suite 2000
San Diego, California 92101
Tel: 619-699-2700
Fax:  619-699-2701
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

Alan  Albright
aalbright@graycary.com
Elizabeth Brown Fore
ebrownfore@graycary.com
1221 S. MoPac Expressway, Suite 400
Austin, Texas 78746
Tel:  512-457-7000
Fax:  512-457-7001
(Counsel for Hewlett-Packard Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

Daniel W. McDonald
dmcdonald@merchant-gould.com
Deakin T. Lauer
dlauer@merchant-gould.com
Merchant & Gould, P.C.
3200 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Tel:  612-336-4637
Fax:  612-332-9081
(Counsel for JASC Software, Inc.)

Franklin A. Poff, Jr.
fpoff@cbplaw.com
Crisp, Boyd & Poff, L.L.P.
P.O. Box 6297
Texarkana, Texas 75505
Tel:  903-838-6123
Fax:  903-838-8489
(Counsel for JASC Software, Inc.)

Morton Amster
mamster@arelaw.com
Abraham Kasdan
akasdan@arelaw.com
Joseph Casino
jcasino@arelaw.com
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel:  212-336-8000
Fax:  212-336-8001
(Counsel for JVC Americas, Matsushita Electric Corporation of America, Panasonic Communications Corporation of America and Panasonic Mobile Communications Development Corporation of USA)

Jennifer Parker Ainsworth
jainsworth@wilsonlawfirm.com
Wilson, Sheehy, Knowles, Robertson & Cornelius
P.O. Box 7339
Tyler, Texas 75711
Tel:  903-509-5000
Fax:  903-509-5092
(Counsel for Kyocera Wireless Corporation)

Stuart Lubitz
slubitz@HHlaw.com
Hogan & Hartson, L.L.P.
Biltmore Tower
500 South Grand Avenue, Suite 1900
Los Angeles, California 90071
Tel:  213-337-6700
Fax:  213-337-6701
(Counsel for Kyocera Wireless Corporation)

John W. Kozak
jkozak@leydig.com
Steven P. Petersen
spetersen@leydig.com
Leydig, Voit and Mayer, Ltd
Two Prudential Plaza
180 North Stetson, Suite 4900
Chicago, Illinois  60601
Tel:  312-616-5650
Fax:  312-616-5700
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Frederick H. Colen
fcolen@reedsmith.com
Barry J. Coyne
bcoyne@reedsmith.com
Joshua S. Bish
jbish@reedsmith.com
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Tel:  412-288-3131
Fax:  412-288-3063
(Counsel for Oce North America, Inc.)

Clyde M. Siebman
clydesiebman@texoma.net
Siebman, Reynolds & Burg
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Tel:  903-870-0070
Fax:  903-870-0066
(Counsel for Oce North America, Inc.)

Barry J. Bendes
bbendes@wolfblock.com
Wolf Block Schoor & Solis-Cohen
1650 Arch Street, 22 Floor
Philadelphia, Pennsylvania 19103
Tel: 212-883-4965
Fax: 212/672-1165
(Counsel for Onkyo U.S.A. Corporation)

Kenneth G. Roberts
kroberts@wolfblock.com
Wolf Block Schoor & Solis-Cohen
250 Park Avenue
New York, New York 10177
Tel: 212/883-4914
Fax: 212/672-1114
(Counsel for Onkyo U.S.A. Corporation)

Scott E. Stevens
sstevens@bwslawfirm.com
Bunt, Wright & Stevens
P.O. Box 3969
Longview, Texas 75606
Tel: 903-238-9700
Fax: 903-238-9704
(Counsel for Onkyo U.S.A. Corporation)

Mark D. Flanagan
mflanagan@wsgr.com
Bart E. Volkmer
bvolkmer@wsgr.com
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California   94303-1050
Tel:  650-493-9300
Fax:  650-493-6811
(Counsel for palmOne, Inc.)

M. Craig Tyler
ctyler@wsfr.com
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas  78759-7247
Tel:  512-338-5400
Fax:  512-338-5499
(Counsel for palmOne, Inc.)

Anthony C. Roth
aroth@morganlewis.com
Morgan, Lewis & Bockius L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-739-5188
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

Robert J. Hollingshead
rhollingshead@morganlewis.com
Morgan, Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan
Tel:  011-81-3-5219-2505
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

M. Matthews Hall
hall@khpatent.com
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
Tel:  503-224-6655
Fax:  503-295-6679
(Counsel for Riverdeep, Inc.)

E. Lee Haag
lhaag@fulbright.com
Marc L. Delflache
mdelftache@fulbright.com
Richard S. Zembek
rzembek@fulbright.com
Andrew Price
aprice@fulbright.com
Fulbright & Jaworski, LLP
1301 McKinney Street
Houston, Texas 77010-3095
Tel:  713-651-5429
Fax:  713-651-5246
(Counsel for Thomson, Incorporated)

Guy N. Harrison
gnharrison@att.net
Attorney at Law
217 North Center
Longview, Texas 75601
Tel: 903-758-7361
Fax: 903-753-9557
(Counsel for Thomson, Incorporated)

James P. Bradley
jbradley@sidley.com
William O. Fifield
wfifield@sidley.com
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201
Tel: 214-981-3300
Fax: 214-981-3400
(Counsel for Xerox Corporation)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel: 903-794-1303
Fax: 903-794-5098
(Counsel for Xerox Corporation)

CERTIFICATE OF SERVICE

       The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 27th day of September, 2004.

_____
Eric M. Albritton


CERTIFICATE OF CONFERENCE

       The undersigned discussed this motion with Wesley Hill, counsel for the plaintiff, who advised that the plaintiff is opposed to this motion.

_____
Eric M. Albritton