*Compression Labs, Inc. v. Adobe Systems Inc., et al.*
**Civil Action No. 2:04-CV-158-DF**

**EXHIBIT A**

Motion Of Defendants Compression Labs, Inc. and Forgent Networks, Inc. to Stay Discovery Pending Resolution of their Motion to Dismiss, Stay or Transfer
(Exhibits Omitted)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AGFA CORP., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) C.A. No. 04-818-SLR |
| | ) |
| | ) |
| COMPRESSION LABS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION OF DEFENDANTS
COMPRESSION LABS, INC. AND FORGENT NETWORKS, INC.
TO STAY DISCOVERY PENDING RESOLUTION
OF THEIR MOTION TO DISMISS, STAY OR TRANSFER [D.I. 41]**

Defendants Compression Labs, Inc. ("CLI") and Forgent Networks, Inc. ("Forgent") move, pursuant to Fed.R.Civ.P. 26(c), to stay discovery pending resolution of their Motion to Dismiss, Stay or Transfer [D.I. 41] (the "Motion to Dismiss").

As set forth more extensively in the Motion to Dismiss, plaintiffs in this case (the "Delaware Plaintiffs") are all named defendants in one of two other actions for patent infringement filed by CLI more than two months before the Delaware Plaintiffs filed this case. Those prior-filed actions, pending in the Eastern District of Texas (the "Texas Lawsuits"), address the same sole patent at issue here and involve most of the same parties. Because the Texas actions were first-filed, CLI and Forgent filed the Motion to Dismiss on August 6, 2004.

Despite the facts that (1) another defendant, General Instruments, Inc., has not yet responded to the complaint herein; (2) the Delaware Plaintiffs have not yet filed a brief responding to the Motion to Dismiss; and (3) this Court has not yet requested a Rule 16 Scheduling Conference in this case; on September 17, 2004, without advance notice, the

Delaware Plaintiffs served a burdensome document request and interrogatories on CLI.[1] In the interest of judicial economy, CLI and Forgent hereby move to stay discovery in this action pending resolution of the Motion to Dismiss.

The Delaware Plaintiffs simply do not need discovery in this action before the Court rules on the Motion to Dismiss. As noted above, the discovery served by the Delaware Plaintiffs is not targeted at issues posed by the Motion to Dismiss; rather, it is merit-based. Until the Court has decided whether this case is to go forward, and if so whether it should go forward in this judicial district, merit-based discovery is premature. *McDonnell Douglas Corporation v. Polin*, 429 F.2d 30 (3d Cir. 1970).

It is true that CLI, as plaintiff in the Texas Lawsuits, requested a Fed.R.Civ.P. 26(f) conference with the defendants therein; it is also true that the defendants in the Texas Lawsuits conditioned their participation in a Rule 26(f) conference in those cases on a demand that it be considered a Rule 26(f) conference for this Delaware action, too. CLI and Forgent, as Delaware defendants, agreed to participate in the Rule 26(f) conference, but only while expressing their view that any discovery should commence in the first-filed Texas Lawsuits. (See September 7, 2004 letter from Defendants' counsel to Delaware Plaintiffs' counsel, Kirk Declaration at Exhibit C).

Despite CLI's and Forgent's clearly expressed view, and without notice, the Delaware Plaintiffs served their burdensome discovery requests just two days after that Fed.R.Civ.P.Rule 26(f) conference was held. That action certainly gives the appearance

---

[1] The discovery served by the Delaware Plaintiffs is directed at the merits of the case, not at the issues presented in the Motion to Dismiss. The document request runs more than 40 pages of text and contains 157 separate document specifications. Pursuant to Local Rule 37.1, a copy of the Delaware Plaintiffs' discovery requests are attached to the Declaration of Richard D. Kirk, filed contemporaneously (the "Kirk Declaration") at Exhibits A and B.

that the Delaware Plaintiffs, in their capacity as defendants in the Texas Lawsuits, insisted on the inclusion of the Delaware parties in the Fed.R.Civ.P. 26(f) conference in the Texas Lawsuits for the sole purpose of avoiding in this Delaware case the normal moratorium on discovery provided by Fed.R.Civ.P. 26(d), and this Court's normal practice where significant preliminary motions going to jurisdiction and venue are presented.

Meanwhile, however, the dispute between the parties is not standing still. Discovery has already commenced in the Texas Lawsuits. The Delaware Plaintiffs, as defendants in the Texas Lawsuits, are perfectly free to serve in those cases the very discovery they served here, **and in fact they served document requests in the Texas Lawsuits one day before serving their mirror-image document requests in this action.** (See Kirk Declaration at Exhibit D.) Significantly, as noted above, CLI and Forgent have stipulated that any discovery taken in the Texas Lawsuits will be useable in this Delaware action if the Court ultimately determines that it should proceed.[2] That stipulation completely protects any legitimate interest the Delaware Plaintiffs may assert. The court in the Texas Lawsuits has set a Scheduling Conference for October 4, 2004.

An analysis of judicial economy suggests that it would be better for a single court to hear and determine any disputes arising out of discovery in these complicated disputes between the parties. Since discovery has already commenced in the Texas Lawsuits, and since the Texas Lawsuits were first-filed, common sense suggests that the Eastern District of Texas be that court. CLI and Forgent can think of no good reason to burden this Court with resolving discovery disputes in this case (1) while the judges in the Texas

---

[2] CLI and Forgent also agreed to stipulate that any limitations on discovery agreed to by the parties in the Texas Lawsuits, including discovery cutoffs, would be applicable in this Delaware action, should the Court ultimately determine that it should proceed.

Lawsuits are already poised to decide any such disputes and (2) while the Court is considering the Motion to Dismiss, which may result in a determination that the case will not go forward, or at least not in this judicial district.

Accordingly, CLI and Forgent respectfully request the Court to issue an order staying discovery in this action pending resolution of the Motion to Dismiss.

September 24, 2004                    MORRIS, JAMES, HITCHENS & WILLIAMS LLP

                                                                          _/s/ Richard D. Kirk_____
Richard D. Kirk (#922)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
Attorneys for Defendants Compression Labs, Inc.
and Forgent Networks, Inc.

OF COUNSEL:

Stephen G. Rudisill
John C. Gatz
Gary E. Hood
Russell J. Genet
Justin D. Swindells
JENKENS & GILCHRIST
225 West Washington St., Suite 2600
Chicago, Illinois 60606
(312) 425-3900

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGFA CORP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 04-818-SLR |
| | ) | |
| | ) | |
| COMPRESSION LABS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1**

The undersigned counsel for defendants Compression Labs, Inc. and Forgent Networks, Inc. submits this statement pursuant to Local Rule 7.1.1 in connection with the attached Motion for Stay of Discovery. The undersigned counsel yesterday contacted counsel for plaintiffs by email and requested that plaintiffs agree to a stay of discovery as requested in the motion, and followed up with a telephone call. Counsel for plaintiffs has today indicated that plaintiffs will not agree.

September 24, 2004        MORRIS, JAMES, HITCHENS & WILLIAMS LLP

/s/ Richard D. Kirk
Richard D. Kirk (#922)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
Attorneys for Defendants Compression Labs, Inc.
and Forgent Networks, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AGFA CORP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 04-818-SLR |
| | ) | |
| | ) | |
| COMPRESSION LABS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER STAYING DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS, STAY OR TRANSFER**

This _____ day of _____, 2004, the Court having considered the Motion of Defendants Compression Labs, Inc. and Forgent Networks, Inc. to Stay Discovery and the response thereto, and finding that the interests of judicial economy are best served by such a stay, IT IS ORDERED, as follows:

1. All discovery in this case is stayed pending resolution of defendants Compression Labs, Inc. and Forgent Networks, Inc.'s Motion to Dismiss, Stay or Transfer [D.I. 41] (the "Motion to Dismiss");

2. Any discovery taken by or responded to by a party to this action in one of the Texas Lawsuits identified in the Motion to Dismiss shall be deemed taken in or responded to in this action if, on resolution of the Motion to Dismiss, this action is allowed to proceed; and

3.  Any limitations on discovery agreed to by a party to this action in one of the Texas Lawsuits identified in the Motion to Dismiss shall be deemed agreed to in this action if, on resolution of the Motion to Dismiss, this action is allowed to proceed.

_____
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on September 24, 2004, he caused copies of the within **MOTION OF DEFENDANTS COMPRESSION LABS, INC. AND FORGENT NETWORKS, INC. TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS, STAY OR TRANSFER [D.I. 41]** to be served, in the manner indicated, on the following:

### BY HAND:

Richard L. Horwitz, Esq.
David E. Moore, Esq.
Potter, Anderson & Corroon LLP
1313 N. Market St., 6th Fl.
Wilmington, DE 19801

William J. Wade, Esq.
Richards, Layton & Finger
One Rodney Square
Wilmington, DE 19801

Josy Ingersoll, Esq.
Adam W. Poff, Esq.
Young, Conaway, Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Richard D. Kirk (#922)

RDK/108388-0001/1023055/1