## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

– – – – – – – – – – – – – – – – – – – – – –x

| | |
|---|---|
| Compression Labs, Incorporated, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| 1.     Agfa Corporation, | : |
| 2.     Apple Computer, Incorporated, | : |
| 3.     Axis Communications, Incorporated, | : |
| 4.     Canon USA, Incorporated, | : |
| 5.     Concord Camera Corporation, | : |
| 6.     Creative Labs, Incorporated, | : |
| 7.     Eastman Kodak Company, | : |
| 8.     Fuji Photo Film U.S.A., | : |
| 9.     Fujitsu Computer Products of America, Inc. | : |
| 10.    Gateway, Incorporated, | : |
| 11.    Hewlett-Packard Company, | : |
| 12.    JASC Software, | : |
| 13.    JVC Americas Corporation, | : |
| 14.    Kyocera Wireless Corporation, | : |
| 15.    Matsushita Electric Corporation of America, | : |
| 16.    Mitsubishi Digital Electronics | : |
|          America, Incorporated, | : |
| 17.    Océ North America, Incorporated, | : |
| 18.    Onkyo U.S.A. Corporation, | : |
| 19.    PalmOne, Incorporated, | : |
| 20.    Panasonic Communications | : |
|          Corporation of America, | : |
| 21.    Panasonic Mobile Communications | : |
|          Development Corporation of USA, | : |
| 22.    Ricoh Corporation, | : |
| 23.    Riverdeep, Incorporated (d.b.a. | : |
| Broderbund), | : |
| 24.    Savin Corporation, | |
| 25.    Thomson, Incorporated, and | |
| 26.    Xerox Corporation, | |
| Defendants. | |

C.A. No. 2:04-CV-158 DF

– – – – – – – – – – – – – – – – – – – – – – x

## JOINT CONFERENCE REPORT

Dockets.Justia.com

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Compression Labs, Inc. ("CLI") and the undersigned Defendants ("Defendants") submit this Joint Conference Report.

## 1.  Description of the Case

### a.  CLI's Statement of the Case

Plaintiff Compression Labs, Incorporated contends that the patent in suit covers the baseline application of the international image compression standard known as JPEG.  In the two years prior to filing suit, CLI has licensed the patent to approximately 35 companies, generating licensing revenues in excess of $100 million.  On April 22, 2004, Plaintiff filed this action against companies that had been contacted and which had declined to take a license.  Plaintiff CLI contends that each of the defendants infringe the patent in the same manner, i.e. that by practicing the JPEG standard they infringe the patent in suit.  After the Plaintiff filed its two initial suits in Texas, several of the Defendants in this case filed an action in Delaware seeking declaratory relief.  Thereafter, three defendants in *Compression Labs, Inc. v. Acer America Corp. et al*., 2:04-CV-294-DF (E.D. Tex.) ("the *Acer* case"), requested MDL treatment for all existing cases, including a transfer to California where those three defendants contend the judges are better able to handle patent litigation such as this.

### b.  Defendants' Statement of the Case

CLI's lawsuit is an untimely effort to enforce an invalid, unenforceable and non-infringed patent—United States Patent No. 4,698,672 (the "'672 Patent"), which issued on October 6, 1987 and is assigned to CLI and General Instrument ("GI").[1]  After remaining silent for more

---

[1]    As Defendants demonstrate in their pending Motion to Dismiss or Transfer, CLI's suit should be dismissed under Fed. R. Civ. P. 12(b)(7) because CLI failed to join a necessary and indispensable

than a decade, CLI now contends the '672 Patent covers the international digital image compression standard adopted in 1992 by the Joint Photographic Experts Group—a standard known universally as the "JPEG Standard." CLI was an active and voting member of the committee that approved the JPEG Standard. CLI had an obligation to disclose the patent and its purported relevance to the developing JPEG Standard at the time of the standard-setting group's activities, but did not do so.

In fact, CLI failed to disclose the purported relevance of the '672 Patent during the time the JPEG standard-setting group considered and rejected several alternative compression algorithms for the JPEG Standard before the group adopted the algorithm that CLI now accuses of infringement. After voting to approve the JPEG Standard, CLI then waited for more than a decade to begin enforcing the '672 Patent against the JPEG Standard—a decade in which industries and their customers widely adopted and integrated the JPEG Standard into their products and services.

CLI's belated enforcement of the '672 Patent is part of a pattern of deception, delay and anticompetitive behavior. CLI's unlawful conduct includes not only its misleading silence and misrepresentations about the purported relevance of the '672 Patent during the JPEG standard-setting process, but also its intentional failure to disclose known, material prior art to the United States Patent and Trademark Office during prosecution of the '672 Patent and its unreasonable

---

party – GI, the co-owner of the '672 Patent. Because CLI failed to join GI, this case should be dismissed or, at a minimum, transferred to the District of Delaware, where the first-filed (and only) case naming all necessary parties is pending. Defendants' grounds for dismissal or transfer do not suggest judges elsewhere are better suited to handling patent cases. *See* Defendants' Motion to Dismiss or Transfer at 29 "Since both the District of Delaware and this Court have expertise in handling patent cases, this factor does not affect the transfer analysis." For purposes of clarification, the MDL petition referred to by CLI was filed by three parties in other cases based on the procedural issues created by multiple lawsuits pending in various jurisdictions.

and inexcusable delay in notifying Defendants of their alleged infringement that has resulted in prejudice to Defendants.

Defendants will more fully respond to CLI's allegations if and when they answer the Complaint after their pending Motion to Dismiss or Transfer is resolved by the Court, but in essence Defendants contend that (a) the '672 Patent is invalid, unenforceable and not infringed; (b) the '672 Patent was obtained through fraud on the Patent Office by the intentional failure to disclose known, anticipatory prior art; and (c) CLI failed to disclose the purported relevance of the '672 Patent to the standard-setting community, despite a clear duty to do so, during its participation in the adoption of the JPEG Standard.[2]

### 2. The Date the Rule 26(f) Conference Was Held; The Names of Those Persons Who Were in Attendance; and, The Parties They Represented

#### a. CLI's Statement

The Rule 26(f) conference was held by teleconference on September 15, 2004. The following attorneys participated in the conference on behalf of CLI: Wesley Hill, Calvin Capshaw, Michael Smith and Franklin Jones, Jr.

#### b. Defendants' Statement

An initial Rule 26(f) conference was held by teleconference on September 15, 2004. On that date, CLI and Defendants in two of the three related cases pending in this District (*Compression Labs, Inc. v. Agfa Corp. et al.*, 2:04-CV-158-DF ["this action"] and *Compression Labs, Inc. v. Dell Inc. et al.*, 2:04-CV-159-DF ["the *Dell* case"] began the process of meeting and

---

[2]  If Defendants answer the Complaint in this case, at least some of the Defendants intend to assert counterclaims for, among other things, patent invalidity, unenforceability and noninfringement, equitable estoppel, laches, license, implied license and fraud.

conferring under Federal Rule of Civil Procedure 26(f).  Defendants in *Compression Labs, Inc. v. Acer America Corp. et al*., 2:04-CV-294-DF (E.D. Tex.) ("the *Acer* case") were not consulted, nor did they participate in the initial conference.  This initial Rule 26(f) conference was conducted in the two of three Texas cases (the *Afga* and *Dell* cases) and simultaneously in a related case pending in the District of Delaware—which involves the same patent in suit and many of the same parties—styled *Agfa Corp. et al. v. Compression Labs, Inc., et al*., C.A. No. 04-818 (SLR) (D. Del.) (the "Delaware case").  CLI's Delaware counsel and counsel for General Instrument Corp. ("GI"), the co-owner of the '672 Patent and a defendant in the Delaware case, participated in the initial teleconference.

In advance of the initial Rule 26(f) teleconference, the parties exchanged a number of proposals, including proposed case schedules, proposed discovery limitations and proposed protective orders.  CLI's current proposed schedule is attached as Exhibit A. [3]  Defendants' current scheduling proposal is attached as Exhibit B.  The parties' proposals were discussed during the initial Rule 26(f) teleconference on September 15, 2004.  The teleconference was then adjourned so each side could further consider the proposals of the other side and consider potential modifications to their own proposals.  Defendants intend to continue to meet and confer pursuant to Rule 26(f) until the parties have reached agreement on the protective order and suitable limitations on discovery, or have determined that further discussions will not be fruitful.

---

[3]    CLI has added to and/or amended several of its proposals now submitted to the Court since the time of the September 15, 2004 Rule 26(f) conference, including the current proposed schedule attached as Exhibit A.  As such, several of CLI's present proposals were not discussed at the initial Rule 26(f) conference.

Because the Rule 26(f) conference has not concluded and because the Court has scheduled a Management Conference for October 4, 2004, Defendants believe the submission of a Final Rule 26(f) Report is premature.  Instead, Defendants respectfully suggest the parties should wait until after the October 4, 2004 Management Conference to conclude their Rule 26(f) conference and formally submit their Final Rule 26(f) Report.  Indeed, with some guidance from the Court, the parties may reach agreement on a substantial number of issues.  However, to assist the Court in conducting its October 4 Management Conference, Defendants submit their initial proposals on case scheduling and discovery limitations for the Court's consideration. Defendants also object that many of CLI's proposals on case scheduling and discovery limitations are unreasonable and impossible to satisfy given the size and complexity of this case.

The parties' ability to meet and confer has also been complicated by CLI's attempt to stay discovery in the Delaware case.  CLI argues that "merits discovery" should not proceed in the Delaware case until the Delaware court resolves CLI's motion to dismiss, stay, or transfer that case.  Defendants believe that CLI's reasoning applies equally to this action, because Defendants have filed a motion to dismiss or transfer this case to the Delaware court.  Therefore, Defendants filed a motion to stay discovery in this case, asserting that discovery should be stayed in both Texas cases and the Delaware case.  Defendants respectfully suggest that the parties will be better able to reach consensus on issues relating to scheduling and discovery limitations after the motions to stay discovery are resolved.

Thus, Defendants respectfully suggest that the parties continue to meet and confer after the October 4, 2004 Management Conference and submit a Final Rule 26(f) Report when those discussions are completed.

Counsel for the each of the Defendants in the first two of the three Texas actions participated in the September 15, 2004 conference.

### 3.  Related Cases

There are presently eight related cases—three pending in the Marshall Division of the Eastern District of Texas; three pending in the District of Delaware; and two pending in the Northern District of California.  These cases are as follows:

i.    *Compression Labs, Inc. v. Agfa Corp. et al*., 2:04-CV-158-DF (E.D. Tex.) ("the *Agfa* case");

ii.   *Compression Labs, Inc. v. Dell Inc. et al*., 2:04-CV-159-DF (E.D. Tex.) ("the *Dell* case");

iii.  *Compression Labs, Inc. v. Acer America Corp. et al*., 2:04-CV-294-DF (E.D. Tex.) ("the *Acer* case");

iv.   *Agfa Corp. et al. v. Compression Labs, Inc., et al*., C.A. No. 04-818 (SLR) (D. Del.) ("the Delaware case");

v.    *Yahoo! Inc. v. Compression Labs, Inc., et al.,* C.A. No. 04-918 (SLR) (D. Del.);

vi.   *Audiovox Corp. et al. v. Compression Labs, Inc. et al*., C.A. No. 04-1293 (D. Del.);

vii.  *Sun Microsystems, Inc. v. Compression Labs, Inc.*, Case No. 3:04-CV-3124 (PJH) (N. D. Cal.); and

viii. *Google Inc. v. Compression Labs, Inc. et al*., Case No. 04-CV-3934 (CW) (N.D. Cal.).

### 4.  Discovery/Case Management Plan

The parties have not been able to reach agreement on a discovery/case management plan.

As discussed above, Defendants believe the parties should continue to meet and confer after the October 4, 2004 Management Conference and submit a Final Rule 26(f) Report when those discussions are completed.  However, because CLI has set forth its position in this Report, Defendants offer their initial views below.

#### a.  Initial Disclosures

6

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties will serve their initial disclosures by September 29, 2004.

### b. Depositions of Fact Witnesses

The parties agree that deposition discovery of fact witnesses in this action will be coordinated with the deposition of fact witnesses in the *Dell* action and the Delaware action. All depositions of fact witnesses should be noticed to all parties in this action, the *Dell* action, and the Delaware action.

### i. CLI's Position

Plaintiff proposes 150 hours for depositions of the Defendants under Fed. R. Civ. P. 30(b)(6), and 100 hours for depositions of nonparties. Plaintiffs propose that the Defendants be allowed 70 hours for deposition of the Plaintiff under Fed. R. Civ. P. 30(b)(6) and 180 hours of nonparty depositions.

### ii. Defendants' Position

CLI's present proposal was not discussed during the September 15, 2004 conference. Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject: Plaintiffs in this action and the Dell Action shall share 2,065 hours of deposition time to use for any fact witness, including Rule 30(b)(6) witnesses, party witnesses and non-party witnesses. Each Defendant and its current employees, including Rule 30(b)(6) witnesses, may be deposed by Plaintiffs for not more than 35 total hours of deposition time. Defendants in this action and the Dell Action shall share 1,260 hours of deposition time to use for any fact witness, including Rule 30(b)(6) witnesses, party witnesses and non-party witnesses. Each Plaintiff and its current employees, including Rule 30(b)(6) witnesses, may be deposed by Defendants in this action and the Dell Action for no more than 70 hours of total deposition time.

Fact depositions taken by Plaintiffs in the Delaware Action shall count against Defendants' shared 1,260 hours of deposition time for fact witnesses in this action and the Dell Action. Fact depositions taken by Defendants in the Delaware Action shall count against Plaintiffs' shared 2,065 hours of deposition time for fact witnesses in this action and the Dell Action.

### c.  Depositions of Expert Witnesses

#### i.  CLI's Position

Plaintiff proposes that the Plaintiff shall have 14 hours of deposition time for each expert designated by the Defendants. To the extent that an expert offers an opinion specific or unique to a particular Defendant, the Plaintiff shall have one additional hour of deposition time with that expert. Defendants shall share 14 hours of deposition time for each expert designated by the Plaintiff. In addition to these 14 hours, to the extent that an expert offers an opinion specific or unique to a particular Defendant, that Defendant shall have one additional hour of deposition time with that expert.

#### ii.  Defendants' Position

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject: Plaintiffs shall share 14 hours of deposition time for each expert designated by the Defendants, regardless of the number of Defendants that designate that expert. In addition to these 14 hours, to the extent that an expert offers an opinion specific or unique to a particular Plaintiff, that Plaintiff shall have an additional 3 hours of deposition time with that expert.

Defendants shall share 14 hours of deposition time for each expert designated by the Plaintiffs, regardless of the number of Plaintiffs that designate that expert. In addition to these

14 hours, to the extent that an expert offers an opinion specific or unique to a particular

Defendant, that Defendant shall have an additional 3 hours of deposition time with that expert.

### d.  Interrogatories

#### i.      CLI's Position

Plaintiff proposes that much of the information that would otherwise be obtained through

interrogatories be produced via mandatory disclosures.

With respect to interrogatories, however, Plaintiff requests 30 common interrogatories

which each Defendant will separately answer. In addition, Plaintiff will have an additional 5

interrogatories to ask of each Defendant.  Plaintiff proposes that Defendants share 30 joint and

common interrogatories which Defendants will propound together.  In addition, each Defendant

will have an additional 5 interrogatories to ask of each Plaintiff.

#### ii.      Defendants' Position

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants

offer the following initial views on this subject: Plaintiffs shall share 30 joint and common

interrogatories which Plaintiffs will propound together and which each Defendant will

separately answer.  In addition, each Plaintiff will have an additional 10 interrogatories to ask

of each Defendant.

In addition, Defendants shall share 30 joint and common interrogatories which

Defendants will propound together and which each Plaintiff will separately answer.  In

addition, each Defendant will have an additional 10 interrogatories to ask of each Plaintiff.

### e.  Requests for Admission

#### i.      CLI's Position

Plaintiffs propose 50 common requests for admission which each Defendant will

separately answer. In addition, Plaintiff will have an additional 5 requests to make of each

Defendant. Defendants shall share 50 joint and common requests for admission which Defendants will propound together. In addition, each Defendant will have an additional 5 requests to make of the Plaintiff.

ii.    **Defendants' Position**

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject: Plaintiffs shall share 50 joint and common requests for admission which Plaintiffs will propound together and which each Defendant will separately answer.  Further, each Plaintiff will have an additional 10 requests to make of each Defendant.

In addition, Defendants shall share 50 joint and common requests for admission which Defendants will propound together and which each Plaintiff will separately answer.  In addition, each Defendant will have an additional 10 requests to make of each Plaintiff.

f.  **Requests for Documents**

The parties agree that document discovery in this action will be coordinated with the document discovery in the Dell Action and the Delaware Action.  All documents produced by any party or non-party in this action, the Dell Action or the Delaware Action shall be treated as if such documents were produced in this action, the Dell Action and the Delaware Action, irrespective of whether the document request or subpoena pursuant to which such documents were produced was captioned in this action, the Dell Action or the Delaware Action.

g.  **Mandatory Disclosures**

i.    **CLI's Position**

Plaintiff proposes that the Court require the parties to disclose the following information without a discovery request:

a.      *Disclosure of Asserted Claims and Preliminary Infringement Contentions*

By the date set forth in the scheduling order, any party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Preliminary Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Preliminary Infringement Contentions" shall contain the following information:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in disclosures, whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The producing party shall separately identify by production number which documents correspond to each category.

b.    *Preliminary Invalidity Contentions*

By the date set forth in the scheduling order, each party opposing a claim of patent infringement, shall serve on all parties its "Preliminary Invalidity Contentions" which must contain the following information:

**(a)** The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

**(b)** Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:

(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

(b) A copy of each item of prior art identified in disclosures which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

ii.    **Defendant's Position**

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on this subject: Defendants oppose inclusion of mandatory disclosures beyond those set forth in Fed. R. Civ. P. 26(a)(1).

**h. Experts**

i.    **CLI's Position**

14

Plaintiffs propose a limit of six experts per side.  Defendants do not agree to a limit on the number of experts at this time.

ii.      **Defendants' Position**

Although Defendants' position is that the Rule 26(f) conference is ongoing, Defendants offer the following initial views on the subject: CLI's proposal to limit the number of testifying experts at the trial to six per side is inappropriate and premature.  Defendants will endeavor to coordinate their defenses to CLI's allegations to limit the number of testifying experts and the scope of their testimony at trial.  However, at this early stage in the case Defendants are not aware whether and to what extent CLI's contentions as to infringement, willfulness, damages and perhaps other issues will overlap as to various Defendants or across the scores of products or product families that CLI apparently accuses of infringement.  Thus, at this stage, each Defendant must reserve the right to call at trial its own testifying experts on at least the subjects of noninfringement (including the technical aspects and operation of each of its products accused of infringement), unenforceability and damages, because CLI's allegations may differ as to each Defendant.

Defendants are mindful of the large number of Defendants and the need to present a trial to the jury in a manageable fashion.  However, Defendants request that the Court delay any consideration of the issue of limits on the number and/or scope of testifying experts (and other witnesses as well) at least until after the issues in this case are better developed and the number of Defendants likely to be remaining at the time of trial is better known.

i.   **Proposed Scheduling Orders**

i.      **CLI's Position**

CLI's proposed scheduling order is attached as Ex. A.

ii.      **Defendants' Position**

Defendants' scheduling proposal is attached as Ex. B.

**5. Electronic Service**

The parties agree as follows:  Any document, motion or pleading which must be served by a party (that is, any document, motion or pleading which was not filed and served electronically in accordance with CV-5(a)) shall be served on all counsel of record by email.  Any portion of a document, motion or pleading which cannot be served completely by email shall be served on all counsel of record by overnight courier (*e.g.*, Federal Express or UPS) on the date the other portion of the document, motion or pleading was served via email.  These service terms do not apply to the actual production of documents in discovery.

**6. Suggested Date of Pretrial Conference**

    **a. CLI's Position**

CLI requests a pretrial conference for an October 2005 trial date.

    **b. Defendants' Position**

Defendants request a pretrial conference for an October 2006 trial date.

**7. Expected Length of Trial**

    **a. CLI's Position**

CLI anticipates that presentation of its case will take four (4) days, excluding jury selection.

    **b. Defendants' Position**

Defendants anticipate trial in this case will take thirty (30) trial days, excluding jury selection.  Furthermore, Defendants dispute the appropriateness of the joinder of all Defendants in a single case.  Defendants reserve the right to seek separate trials on some or all issues at the appropriate time.  Furthermore, Defendants reserve the right to request that the issue of willful

infringement be bifurcated and tried separately from the other issues in this case.    Defendants

also reserve the right to request that discovery and a trial on willful infringement take place

after the completion of the primary trial on patent infringement and other liability issues.

**8.  Trial before a Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

**9.  Jury Demand**

A jury demand has been made.

**10. Conference with the Court Pursuant to Fed. R. Civ. P. 16(b)**

**a.  CLI's Position**

CLI requests a conference of the parties.

**b.  Defendants' Position**

Defendants request a conference with the Court pursuant to Fed. R. Civ. P. 16(b) before

entry of the scheduling order.  Defendants further suggest a joint conference with all defendants

named in the *Agfa, Dell* and *Acer* cases pending in this District participating and being heard on

proposed case scheduling and discovery issues before the Court's entry of any definite schedule.

**11. Protective Order**

The parties will submit a proposed Stipulated Protective Order for the Court's approval.

**12. Technical Advisor**

**a.  CLI's Position**

At present, CLI does not believe that appointment of a technical adviser is necessary.

However, in the event that the Court decides to appoint a Technical Advisor, CLI proposes that

the Court utilize the following selection process:

Within 15 days after the Rule 26(f) Scheduling Conference, each side shall exchange

names of up to 5 technical advisor candidates.  After this exchange, the parties shall have 10

days to meet and confer on the candidates.  After the meet and confer process is complete, the parties shall have 15 days to jointly contact the candidates to discuss the candidate's credentials, willingness to participate, conflicts, *etc.*  The parties shall not have any *ex parte* contact with potential candidates.  Each side shall have 5 additional days to nominate up to 3 candidates from the original exchange of names that they believe should be considered by the Court.  After the names have been submitted to the Court, each side shall have 5 days to file objections to the other side's nominations.  If any objections are filed, the side proposing the candidate shall have 5 days to file a response.

### b.  Defendants' Position

In the event that the Court decides to appoint a Technical Advisor, Defendants will participate in whatever selection process the Court deems appropriate.  Defendants respectfully request, however, that the Court take account of the large number of parties involved in these cases and allow for sufficient time for the parties to coordinate their recommendations.

### 13. Pending Motions

There are two motions pending in this case:  (1)  Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or, in the Alternative, Motion to Transfer, which is fully briefed; and (2) Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Dismiss or Transfer, which was filed September 27, 2004 and is not fully briefed.

### 14. Mediation

### a.  Plaintiff's Position

CLI proposes the parties use the services of Robert M. Parker in this case.

### b.  Defendants' Position

Defendants are willing to consider the possibility of mediation.  However, CLI has not previously proposed Judge Parker as a mediator, so Defendants have not yet conferred about this issue.

Respectfully Submitted on behalf of all Defendants,

_____
Eric M. Albritton
Texas Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
903/757-8449 (office)
903/758-7397 (fax)
eric@albrittonlawfirm.com

Counsel for Axis Communications, Inc.;
Concord Camera Corp.; Creative Labs, Inc.;
Fujitsu Computer Products of America, Inc.;
Hewlett-Packard Company; JVC Americas;
Matsushita Electric Corporation of America;
Panasonic Communications Corporation of
America; Panasonic Mobile
Communications Development Corporation
of USA; Ricoh Corporation; Riverdeep,
Inc.; and Savin Corporation

**OF COUNSEL:**

H. Michael Hartmann
mhartmann@leydig.com
Wesley O. Mueller
wmueller@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza; Suite 4900
Chicago, Illinois 60601

Tel:  312-616-5600
Fax:  312-616-5700
(Counsel for Agfa Corp.)

George A. Riley
griley@omm.com
O'Melveny & Myers L.L.P.
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3305
Tel:  415-984-8700
Fax:  415-984-8701
(Counsel for Apple Computer, Inc.)

Mark C. Scarsi
mscarsi@omm.com
Michelle L. Davidson
mdavidson@omm.com
O'Melveny & Myers L.L.P.
400 South Hope Street
Los Angeles, California 90071-2899
Tel:  213-430-6000
Fax:  213-430-6407
(Counsel for Apple Computer, Inc.)

Herschel Tracy Crawford
tcrawford@rameyflock.com
Eric Hugh Findlay
efindlay@rameyflock.com
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Tel: 903-597-3301
Fax: 903-597-2413
(Counsel for Apple Computer, Inc.)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel: 903-794-1303
Fax: 903-794-5098
(Counsel for Apple Computer, Inc.)

Barry W. Graham

barry.graham@finnegan.com
Elizabeth A. Niemeyer
Elizabeth.niemeyer@finnegan.com
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel:  202- 408-4017
Fax:  202-408-4400
(Counsel for Axis Communications, Inc.)

John A. O'Brien
jo'brien@fchs.com
Nicholas M. Cannella
ncannella@fchs.com
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
Tel.:  212-218-2100
Fax:  212-218-2200
(Counsel for Canon U.S.A., Inc.)

Brian L. Klock
bklock@fchs.com
Fitzpatrick, Cella, Harper & Scinto
1900 K Street, N.W.
Washington, D.C. 20006
Tel:  202-530-1010
Fax:  202-530-1055
(Counsel for Canon U.S.A., Inc.)

Jack B. Baldwin
jbb@baldwinlaw.com
Baldwin & Baldwin, L.L.P.
400 West Houston Street
Marshall, Texas 75670
Tel:  903-935-4131
Fax:  903-935-1397
(Counsel for Canon U.S.A., Inc.)

Scott L. Lampert
Florida State Bar No. 0085642
4000 Hollywood Blvd. Ste. 650N
Hollywood, Florida 33021
(954) 331-4200 (phone)
(954) 989-4103 (fax)

scott_lampert@concord-camera.com
(Counsel for Concord Camera Corp.)

Robert Haslam
California State Bar No. 71134
Heller Ehrman White & McAuliffe LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 324-7000 (phone)
(650) 324-0638 (fax)
rhaslam@hewm.com
(Counsel for Creative Labs, Inc.)

Joseph P. Lavelle
lavellej@howrey.com
Kenneth W. Donnelly
donnellyk@howrey.com
Vivian S. Kuo
kuov@howrey.com
Howrey Simon Arnold & White
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  202-783-0800
Fax:  202-383-6610
(Counsel for Eastman Kodak Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
P.O. Box 5398
Texarkana, Texas 75505
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Eastman Kodak Company)

Steven J. Routh
sjrouth@hhlaw.com
Hogan & Hartson, L.L.P.
555 13th Street N.W.
Washington, D.C.  20004
Tel:  202-637-6472
Fax:  202-637-5910

(Counsel for Fuji Photo Film U.S.A.)

William C. Gooding
billgooding@goodingpc.com
Gooding & Dodson
2005 Moores Lane
P.O. Box 1877
Texarkana, Texas 75504
Tel:  903-794-3121
Fax:  903-793-4801
(Counsel for Fuji Photo Film U.S.A.)

Christopher E. Chalsen
cchalsen@milbank.com
Michael M. Murray
mmurray@milbank.com
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, New York 10005-1413
Tel:  212-530-5380
Fax:  212-822-5380
(Counsel for Fujitsu Computer Products of America, Inc.)

W. Bryan Farney, P.C.
bfarney@deweyballantine.com
Darryl J. Adams
dadams@deweyballantine.com
Dewey Ballantine LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701-2478
Tel:  512-226-0300
Fax:  512-226-0333
(Counsel for Gateway, Inc.)
Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Gateway, Inc.)

Danny L. Williams
dwilliams@wmalaw.com
Williams, Morgan & Amerson
10333 Richmond, Suite 1100
Houston, Texas 77042
Tel:  713-934-4060
Fax:  713-934-7011
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

John Allcock
jallcock@graycary.com
Sean C. Cunningham
scunningham@graycary.com
Bruce H. Watrous
bwatrous@graycary.com
Gray Cary Ware & Freidenrich
401 B Street, Suite 2000
San Diego, California 92101
Tel:  619-699-2700
Fax:  619-699-2701
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

Alan  Albright
aalbright@graycary.com
Elizabeth Brown Fore
ebrownfore@graycary.com
1221 S. MoPac Expressway, Suite 400
Austin, Texas 78746
Tel:  512-457-7000
Fax:  512-457-7001
(Counsel for Hewlett-Packard Company)

Daniel W. McDonald
dmcdonald@merchant-gould.com
Deakin T. Lauer
dlauer@merchant-gould.com
Merchant & Gould, P.C.
3200 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Tel:  612-336-4637
Fax:  612-332-9081
(Counsel for JASC Software, Inc.)

Franklin A. Poff, Jr.
fpoff@cbplaw.com
Crisp, Boyd & Poff, L.L.P.
P.O. Box 6297
Texarkana, Texas 75505
Tel:  903-838-6123
Fax:  903-838-8489
(Counsel for JASC Software, Inc.)

Morton Amster
mamster@arelaw.com
Abraham Kasdan
akasdan@arelaw.com
Joseph Casino
jcasino@arelaw.com
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel:  212-336-8000
Fax:  212-336-8001
(Counsel for JVC Americas, Matsushita Electric Corporation of America, Panasonic
Communications Corporation of America and Panasonic Mobile Communications Development
Corporation of USA)

Jennifer Parker Ainsworth
jainsworth@wilsonlawfirm.com
Wilson, Sheehy, Knowles, Robertson & Cornelius
P.O. Box 7339
Tyler, Texas 75711
Tel:  903-509-5000
Fax:  903-509-5092
(Counsel for Kyocera Wireless Corporation)

Stuart Lubitz
slubitz@HHlaw.com
Hogan & Hartson, L.L.P.
Biltmore Tower
500 South Grand Avenue, Suite 1900
Los Angeles, California 90071
Tel:  213-337-6700
Fax:  213-337-6701
(Counsel for Kyocera Wireless Corporation)

John W. Kozak
jkozak@leydig.com
Steven P. Petersen
spetersen@leydig.com
Leydig, Voit and Mayer, Ltd
Two Prudential Plaza
180 North Stetson, Suite 4900
Chicago, Illinois  60601
Tel:  312-616-5650
Fax:  312-616-5700
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Donald R. Harris
dharris@jenner.com
Terrence J. Truax
ttruax@jenner.com
Jenner & Block
One IBM Plaza
Chicago, Illinois 60611
Tel: 312-923-2777
Fax: 312-840-7777
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Melvin R. Wilcox, III
Wilson, Sheehy, Knowles, Robertson & Cornelius
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Fax: 903-509-5091
Email: mrw@wilsonlawfirm.com

Frederick H. Colen
fcolen@reedsmith.com
Barry J. Coyne
bcoyne@reedsmith.com
Joshua S. Bish

jbish@reedsmith.com
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Tel:  412-288-3131
Fax:  412-288-3063
(Counsel for Oce North America, Inc.)

Clyde M. Siebman
clydesiebman@texoma.net
Siebman, Reynolds & Burg
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Tel:  903-870-0070
Fax:  903-870-0066
(Counsel for Oce North America, Inc.)

Barry J. Bendes
bbendes@wolfblock.com
Wolf Block Schoor & Solis-Cohen
1650 Arch Street, 22 Floor
Philadelphia, Pennsylvania 19103
Tel: 212-883-4965
Fax: 212/672-1165
(Counsel for Onkyo U.S.A. Corporation)

Kenneth G. Roberts
kroberts@wolfblock.com
Wolf Block Schoor & Solis-Cohen
250 Park Avenue
New York, New York 10177
Tel: 212/883-4914
Fax: 212/672-1114
(Counsel for Onkyo U.S.A. Corporation)

Scott E. Stevens
sstevens@bwslawfirm.com
Bunt, Wright & Stevens
P.O. Box 3969
Longview, Texas 75606
Tel: 903-238-9700
Fax: 903-238-9704
(Counsel for Onkyo U.S.A. Corporation)

Mark D. Flanagan

mflanagan@wsgr.com
Bart E. Volkmer
bvolkmer@wsgr.com
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California   94303-1050
Tel:  650-493-9300
Fax:  650-493-6811
(Counsel for palmOne, Inc.)

M. Craig Tyler
ctyler@wsfr.com
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas  78759-7247
Tel:  512-338-5400
Fax:  512-338-5499
(Counsel for palmOne, Inc.)

Anthony C. Roth
aroth@morganlewis.com
Morgan, Lewis & Bockius L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-739-5188
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

Robert J. Hollingshead
rhollingshead@morganlewis.com
Morgan, Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan
Tel:  011-81-3-5219-2505
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

M. Matthews Hall
hall@khpatent.com
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204

Tel:  503-224-6655
Fax:  503-295-6679
(Counsel for Riverdeep, Inc.)

E. Lee Haag
lhaag@fulbright.com
Marc L. Delflache
mdelftache@fulbright.com
Richard S. Zembek
rzembek@fulbright.com
Andrew Price
aprice@fulbright.com
Fulbright & Jaworski, LLP
1301 McKinney Street
Houston, Texas 77010-3095
Tel:  713-651-5429
Fax:  713-651-5246
(Counsel for Thomson, Incorporated)

Guy N. Harrison
gnharrison@att.net
Attorney at Law
217 North Center
Longview, Texas 75601
Tel:  903-758-7361
Fax:  903-753-9557
(Counsel for Thomson, Incorporated)

James P. Bradley
jbradley@sidley.com
William O. Fifield
wfifield@sidley.com
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201
Tel:  214-981-3300
Fax:  214-981-3400
(Counsel for Xerox Corporation)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel:  903-794-1303
Fax:  903-794-5098

(Counsel for Xerox Corporation)

/s/ Stephen G. Rudisill (by permission Wesley Hill)
Stephen G. Rudisill (Attorney-in-charge)
Tex. Bar. No. 17376050
John C. Gatz
Ill. Bar No. 6237140
Russell J. Genet
Ill. Bar No. 6255982
Justin D. Swindells
Ill. Bar No. 6257291
JENKENS & GILCHRIST
225 West Washington St., Ste. 2600
Chicago, IL 60606
Tel: (312) 425-3900
Fax: (312) 425-3909
Email: srudisill@jenkens.com

OF COUNSEL:

Otis W. Carroll
Tex. Bar No. 03895700
Wesley Hill
Tex. Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071
Email: fedserv@icklaw.com

Franklin Jones, Jr.
Tex. Bar No. 00000055
JONES AND JONES, INC., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Telephone: (903) 938-4395
Facsimile: (903) 938-3360
E-mail: maizieh@millerfirm.com

S. Calvin Capshaw
Tex. Bar No. 03783900
Elizabeth L. DeRieux
Tex. Bar. No. 05770585
BROWN McCARROLL, L.L.P.
1127 Judson Road, Suite 220

P.O. Box 3999
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-Mail: ccapshaw@mailbmc.com

Carl Roth
The Roth Law Firm
115 N. Wellington, Suite 200
Marshall, TX 75670
Tel: (903) 935-1665
Fax: (903) 935-1797

ATTORNEYS FOR PLAINTIFF