# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

– – – – – – – – – – – – – – – – – – – – – –x

| | |
|---|---|
| Compression Labs, Incorporated, | : |
|                 Plaintiff, | : |
|         v. | : |

C.A. No. 2:04-CV-158 DF

| | |
|---|---|
| 1.     Agfa Corporation, | : |
| 2.     Apple Computer, Incorporated, | : |
| 3.     Axis Communications, Incorporated, | : |
| 4.     Canon USA, Incorporated, | : |
| 5.     Concord Camera Corporation, | : |
| 6.     Creative Labs, Incorporated, | : |
| 7.     Eastman Kodak Company, | : |
| 8.     Fuji Photo Film U.S.A., | : |
| 9.     Fujitsu Computer Products of America, Inc. | : |
| 10.   Gateway, Incorporated, | : |
| 11.   Hewlett-Packard Company, | : |
| 12.   JASC Software, | : |
| 13.   JVC Americas Corporation, | : |
| 14.   Kyocera Wireless Corporation, | : |
| 15.   Matsushita Electric Corporation of America, | : |
| 16.   Mitsubishi Digital Electronics | : |
|       America, Incorporated, | : |
| 17.   Océ North America, Incorporated, | : |
| 18.   Onkyo U.S.A. Corporation, | : |
| 19.   PalmOne, Incorporated, | : |
| 20.   Panasonic Communications | : |
|       Corporation of America, | : |
| 21.   Panasonic Mobile Communications | : |
|       Development Corporation of USA, | : |
| 22.   Ricoh Corporation, | : |
| 23.   Riverdeep, Incorporated (d.b.a. | : |
| Broderbund), | : |
| 24.   Savin Corporation, | |
| 25.   Thomson, Incorporated, and | |
| 26.   Xerox Corporation, | |

               Defendants.

– – – – – – – – – – – – – – – – – – – – – – x

## JOINT REPORT CONCERNING DISCOVERY AND SCHEDULING

Dockets.Justia.com

Pursuant to the Court's instructions at the case management conference held on October 4, 2004, the parties submit this joint report. The parties have reached agreement on a number of issues – the remaining areas of disagreement are discussed below. In light of the continued disagreement concerning scheduling and discovery limits, the parties respectfully request a Rule 16(b) conference.

## I. DESCRIPTION OF THE CASE

The parties supplied the Court with their own statements of the case in the Joint Conference Report submitted on September 30, 2004.

## II. DISCOVERY

### a. Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties served their initial disclosures by September 29, 2004.

### b. Depositions of Fact Witnesses

The parties have previously agreed that deposition discovery in this action will be coordinated with the deposition of fact witnesses in the *Dell* and *Acer* actions, as well as the Delaware action. All depositions of fact witnesses should be noticed to all parties in this action, the *Dell* and *Acer* actions, as well as the Delaware action.

The Plaintiff proposes it have 150 hours for depositions of the Defendants in the *Agfa, Dell* and *Acer* cases under Fed. R. Civ. P. 30(b)(6), and 100 hours for depositions of nonparties, for a total of 250 hours. The Defendants do not oppose these limits. However, Defendants would not oppose 500 hours of deposition time for the Plaintiff (with no more than 150 hours being used for depositions of the Defendants pursuant to Rule 30(b)(6)), which is the number of hours the Defendants request.

The Defendants propose that they have a total of 500 hours of deposition time, 70 hours of which can be used for the deposition of the Plaintiff under Fed. R. Civ. P. 30(b)(6). The Plaintiff concurs that 70 hours of deposition of it under Fed. R. Civ. P. 30(b)(6) is appropriate, but contends that the Defendants should be limited to 180 hours for third party depositions plus any unused portion of the 70 hours allotted for the Defendants' deposition of the Plaintiff.

### c. Depositions of Expert Witnesses

The parties agree that the Plaintiff shall have 14 hours of deposition time for each expert designated by the Defendants. To the extent that an expert offers an opinion specific or unique to a particular Defendant, the parties agree that the Plaintiff shall also have a specified additional amount of deposition time with that expert for each Defendant. The parties also agree that Defendants shall share 14 hours of deposition time for each expert designated by the Plaintiff. In addition to these 14 hours, to the extent that an expert offers an opinion specific or unique to a particular Defendant, that Defendant shall have a specified additional amount of deposition time with that expert.

The parties are unable to agree on the amount of this additional specified time – Plaintiff proposes one (1) hour per additional defendant the opinion is offered for or against, and Defendants propose three (3) hours additional per defendant. The Defendants reserve the right to request more than 3 hours of individual examination based on the facts and circumstances of the case at the time.

### d. Interrogatories

The parties agree that the Plaintiff may submit 30 common interrogatories which each Defendant will separately answer. In addition, Plaintiff will have an additional five interrogatories to ask of each Defendant.

Plaintiff proposes that all Defendants in the *Agfa, Dell* and *Acer* cases will share 30 joint and common interrogatories which Defendants will propound together.  In addition, each Defendant will have an additional five interrogatories to ask of each Plaintiff.

Defendants propose that the co-defendants in each case share 30 joint and common interrogatories, which these co-defendants will propound together.  In addition, each Defendant will have an additional five interrogatories to ask of each Plaintiff.

### e.   Requests for Admission

The parties agree that the Plaintiff may propose 50 common requests for admission which each Defendant will separately answer.  In addition, Plaintiff will have an additional five requests to make of each Defendant.

Plaintiff proposes that Defendants in the *Agfa, Dell* and *Acer* cases shall share 50 joint and common requests for admission which Defendants will propound together. In addition, each Defendant will have an additional five requests to make of the Plaintiff.

Defendants propose that the co-defendants in each case share 50 joint and common requests for admissions, which these co-defendants will propound together.  In addition, each Defendant will have an additional five requests to make of each Plaintiff.

### f.   Requests for Documents

The parties agree that document discovery in this action will be coordinated with the document discovery in the *Dell* and *Acer* Actions, as well as the Delaware Action.  All documents produced by any party or non-party in this action, the *Dell* and *Acer* Actions or the Delaware Action shall be treated as if such documents were produced in this action, the *Dell* and *Acer* Actions, as well as the Delaware Action, irrespective of whether the document request or subpoena pursuant to which such documents were produced was captioned in this action, the *Dell* and *Acer* Actions or the Delaware Action.

### g.  Mandatory Disclosures

The parties agree to the Plaintiff providing "Asserted Claims and Preliminary

Infringement Contentions," as defined below, on the date set forth in the Scheduling Order.

Additionally, the parties agree to the Defendants providing "Preliminary Invalidity Contentions,"

as defined below, on the date set forth in the Scheduling Order.   The Defendants do not agree

that they must disclose documents without a document request pursuant to Rule 34 of the Federal

Rules of Civil Procedure, as proposed by the Plaintiff below.

### 1.       "Disclosure of Asserted Claims and Preliminary Infringement Contentions"

"Disclosure of Asserted Claims and Preliminary Infringement Contentions" means that

the Plaintiff must provide the following separately for each defendant:

**(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;

**(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

### 2.       "Preliminary Invalidity Contentions"

"Preliminary Invalidity Contentions" means that the Defendants must provide the

following:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

### 3. Plaintiff's Proposed Mandatory Document Disclosures

The Plaintiff proposes that it must produce to each opposing party or make available for inspection and copying the following information with its "Disclosure of Asserted Claims and Preliminary Infringement Contentions:"

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified in disclosures, whichever is earlier; and

(c) A copy of the file history for each patent in suit.

The Plaintiff shall separately identify by production number which documents correspond to each category.

The Plaintiff proposes that each Defendant must produce or make available for inspection

and copying the following items with its "Preliminary Invalidity Contentions:"

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart; and

**(b)** A copy of each item of prior art identified in disclosures which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

### h.   Experts

### 1.   CLI's Position

Plaintiff proposes a limit of six experts per side.

### 2.   Defendants' position

Defendants are mindful of the large number of defendants in this action and the need to present a trial to the jury in a manageable fashion.  However, Defendants request that the Court delay any consideration of the issue of limits on the number and/or scope of testifying experts (and other witnesses as well) at least until May 1, 2005, or such a time that the issues in this case are better developed and the number of defendants likely to be remaining at the time of trial is better know.

## III.   SCHEDULING

A chart combining the parties' scheduling proposals is attached as Exhibit A.  "Clean" copies of the parties' proposed schedules are attached as Exhibits B and C.

## IV.   OTHER PROVISIONS

### a.   *Markman* provisions

### 1.   "Preliminary Claim Constructions and Extrinsic Evidence"

"Preliminary Claim Constructions and Extrinsic Evidence" means a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes, and, for each element which any party contends is governed by 35 U.S.C. §112(6), identify the structure(s), act(s), or material(s) corresponding to that element. The parties shall also simultaneously exchange a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic

evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

### 2. "Joint Claim Construction and Prehearing Statement"

The Plaintiff proposes that the parties file a "Joint Claim Construction and Prehearing Statement," which means a report containing the following information:
(a) The construction of those claim terms, phrases, or clauses on which the parties agree;
(b) Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;
(c) The anticipated length of time necessary for the Claim Construction Hearing;
(d) Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and
(e) A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

### b. Technical Adviser or Special Master

Plaintiff does not believe that appointment of a technical adviser or special master is necessary. The Defendants defer to the Court as to the necessity of a technical advisor or special master and take no position about whether either should be utilized.

However, the parties propose that the Court utilize the following selection process for a technical adviser or special master, in the event the Court deems one to be necessary in this case:

By November 8, 2004, or 21 days following the Rule 16(b) scheduling conference, whichever is later, each side shall exchange names of up to 5 candidates for the position of technical advisor and/or special master. After this exchange, the parties shall have until November 19, 2004, or 32 days following the Rule 16(b) scheduling conference, whichever is later, to jointly contact the candidates to discuss the candidate's credentials, willingness to participate, conflicts, *etc.* The parties shall not have any *ex parte* contact with potential

candidates.  If more than 3 candidates proposed by a side are disqualified due to an

unwillingness to participate or a conflict, that side may propose additional candidates to be

jointly contacted by both sides until that side has identified 2 candidates that are willing and able

to participate, or until 54 days following the Rule 16(b) scheduling conference, whichever is

earlier.  Once at least 2 candidates per side who are willing and able to participate have been

identified, each side shall have 5 business days to select up to 2 candidates from the list of

willing and available proposed candidates to be submitted to the Court for consideration.  After

the names have been submitted to the Court, each side shall have 10 business days to file

objections to the other side's nominations.  If any objections are filed, the side proposing the

candidate shall have 5 business days to file a response.

  **c.**  **Mediation**

   The parties have agreed to mediation before the Hon. Robert M. Parker in this case.  A

proposed order appointing Judge Parker is attached as Exhibit D.

**V.**  **BIFURCATION**

   Defendants dispute the appropriateness of the joinder of all Defendants in a single case.

Defendants reserve the right to seek separate trials on some or all issues at the appropriate time.

Furthermore, Defendants reserve the right to request that the issue of willful infringement be

bifurcated and tried separately from the other issues in this case.  Defendants also reserve the

right to request that discovery and a trial on willful infringement take place after the completion

of the primary trial on patent infringement and other liability issues."

Dated:  October 18, 2004

Respectfully submitted on behalf of the Plaintiff, Compression Labs, Inc.

Dated:  October 18, 2004        By:  _Michael Smith_

Stephen G. Rudisill (*attorney-in-charge*)
    Illinois Bar No.: 2417049
    Texas Bar No.: 17376050
    srudisill@jenkens.com
John C. Gatz
    Illinois Bar  No.: 6237140
    jgatz@jenkens.com
Russell J. Genet
    Illinois Bar No.:6255982
    rgenet @jenkens.com
Justin D. Swindells
    Illinois Bar No.: 6257291
    jswindells@jenkens.com
JENKENS & GILCHRIST, P.C.
225 West Washington Street, Suite 2600
Chicago, Illinois  60606
Tel.      (312) 425-3900
Fax      (312) 425-3909

S. Calvin Capshaw III
    Texas Bar No.: 03783900
    ccapshaw@mailbmc.com
BROWN, McCARROLL, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas  75601-5157
Tel.      (903) 236-9800
Fax.      (903) 236-8787

Franklin Jones, Jr.
    Texas Bar No.: 00000055
    maiezieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street (75670)
P.O. Drawer 1249
Marshall, Texas  75670-1249
Tel.      (903) 938-4395
Fax.      (903) 938-3360

Otis Carroll
    Texas Bar No.: 03895700
Jack Wesley Hill
    Texas Bar No.: 24032294

nancy@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas  75703
Tel.    (903) 561-1600
Fax.    (903) 581-1071

Carl R. Roth
        Texas Bar No.: 17312000
        cr@rothfirm.com
Michael C. Smith
        Texas Bar No.: 18650410
        ms@rothfirm.com
THE ROTH LAW FIRM
115 North Wellington, Suite 200
P.O. Box 876
Marshall, Texas 75670
Tel.    (903) 935-1665
Fax     (903) 935-1797

**ATTORNEYS FOR PLAINTIFF**

Respectfully Submitted on behalf of all Defendants,


_____/s/_____

Eric M. Albritton
Texas Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
903/757-8449 (office)
903/758-7397 (fax)
eric@albrittonlawfirm.com

Counsel for Axis Communications, Inc.;
Concord Camera Corp.; Creative Labs, Inc.;
Fujitsu Computer Products of America, Inc.;
Hewlett-Packard Company; JVC Americas;
Matsushita Electric Corporation of America;
Panasonic Communications Corporation of
America; Panasonic Mobile
Communications Development Corporation
of USA; Ricoh Corporation; Riverdeep,
Inc.; and Savin Corporation

**OF COUNSEL:**

H. Michael Hartmann
mhartmann@leydig.com
Wesley O. Mueller
wmueller@leydig.com
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza; Suite 4900
Chicago, Illinois 60601
Tel:  312-616-5600
Fax:  312-616-5700
(Counsel for Agfa Corp.)

George A. Riley
griley@omm.com
O'Melveny & Myers L.L.P.
Embarcadero Center West
275 Battery Street
San Francisco, California 94111-3305

Tel:  415-984-8700
Fax:  415-984-8701
(Counsel for Apple Computer, Inc.)

Mark C. Scarsi
mscarsi@omm.com
Michelle L. Davidson
mdavidson@omm.com
O'Melveny & Myers L.L.P.
400 South Hope Street
Los Angeles, California 90071-2899
Tel:  213-430-6000
Fax:  213-430-6407
(Counsel for Apple Computer, Inc.)

Herschel Tracy Crawford
tcrawford@rameyflock.com
Eric Hugh Findlay
efindlay@rameyflock.com
Ramey & Flock
100 E. Ferguson, Suite 500
Tyler, Texas 75702
Tel: 903-597-3301
Fax: 903-597-2413
(Counsel for Apple Computer, Inc.)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel: 903-794-1303
Fax: 903-794-5098
(Counsel for Apple Computer, Inc.)

Barry W. Graham
barry.graham@finnegan.com
Elizabeth A. Niemeyer
Elizabeth.niemeyer@finnegan.com
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Tel:  202- 408-4017
Fax:  202-408-4400
(Counsel for Axis Communications, Inc.)

12

John A. O'Brien
jo'brien@fchs.com
Nicholas M. Cannella
ncannella@fchs.com
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York 10112-3801
Tel.:  212-218-2100
Fax:  212-218-2200
(Counsel for Canon U.S.A., Inc.)

Brian L. Klock
bklock@fchs.com
Fitzpatrick, Cella, Harper & Scinto
1900 K Street, N.W.
Washington, D.C. 20006
Tel:  202-530-1010
Fax:  202-530-1055
(Counsel for Canon U.S.A., Inc.)

Jack B. Baldwin
jbb@baldwinlaw.com
Baldwin & Baldwin, L.L.P.
400 West Houston Street
Marshall, Texas 75670
Tel:  903-935-4131
Fax:  903-935-1397
(Counsel for Canon U.S.A., Inc.)

Scott L. Lampert
Florida State Bar No. 0085642
4000 Hollywood Blvd. Ste. 650N
Hollywood, Florida 33021
(954) 331-4200 (phone)
(954) 989-4103 (fax)
 scott_lampert@concord-camera.com
(Counsel for Concord Camera Corp.)

Robert Haslam
California State Bar No. 71134
Heller Ehrman White & McAuliffe LLP
275 Middlefield Road
Menlo Park, CA  94025
(650) 324-7000 (phone)
(650) 324-0638 (fax)

rhaslam@hewm.com
(Counsel for Creative Labs, Inc.)

Joseph P. Lavelle
lavellej@howrey.com
Kenneth W. Donnelly
donnellyk@howrey.com
Vivian S. Kuo
kuov@howrey.com
Howrey Simon Arnold & White
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Tel:  202-783-0800
Fax:  202-383-6610
(Counsel for Eastman Kodak Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
P.O. Box 5398
Texarkana, Texas 75505
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Eastman Kodak Company)

Steven J. Routh
sjrouth@hhlaw.com
Hogan & Hartson, L.L.P.
555 13th Street N.W.
Washington, D.C.  20004
Tel:  202-637-6472
Fax:  202-637-5910
(Counsel for Fuji Photo Film U.S.A.)

William C. Gooding
billgooding@goodingpc.com
Gooding & Dodson
2005 Moores Lane
P.O. Box 1877
Texarkana, Texas 75504
Tel:  903-794-3121
Fax:  903-793-4801

(Counsel for Fuji Photo Film U.S.A.)

Christopher E. Chalsen
cchalsen@milbank.com
Michael M. Murray
mmurray@milbank.com
Milbank, Tweed, Hadley & McCloy, LLP
One Chase Manhattan Plaza
New York, New York 10005-1413
Tel: 212-530-5380
Fax: 212-822-5380
(Counsel for Fujitsu Computer Products of America, Inc.)

W. Bryan Farney, P.C.
bfarney@deweyballantine.com
Darryl J. Adams
dadams@deweyballantine.com
Dewey Ballantine LLP
401 Congress Ave., Suite 3200
Austin, Texas 78701-2478
Tel: 512-226-0300
Fax: 512-226-0333
(Counsel for Gateway, Inc.)
Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel: 903-792-7080
Fax: 903-792-8233
(Counsel for Gateway, Inc.)

Danny L. Williams
dwilliams@wmalaw.com
Williams, Morgan & Amerson
10333 Richmond, Suite 1100
Houston, Texas 77042
Tel: 713-934-4060
Fax: 713-934-7011
Fax: 903-792-8233
(Counsel for Hewlett-Packard Company)

Nicholas H. Patton
nickpatton@texarkanalaw.com
Justin Kurt Truelove
ktruelove@texarkanalaw.com
Robert William Schroeder, III
rschroeder@texarkanalaw.com
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Blvd.
Texarkana, Texas 75505-5398
Tel:  903-792-7080
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

John Allcock
jallcock@graycary.com
Sean C. Cunningham
scunningham@graycary.com
Bruce H. Watrous
bwatrous@graycary.com
Gray Cary Ware & Freidenrich
401 B Street, Suite 2000
San Diego, California 92101
Tel:  619-699-2700
Fax:  619-699-2701
Fax:  903-792-8233
(Counsel for Hewlett-Packard Company)

Alan  Albright
aalbright@graycary.com
Elizabeth Brown Fore
ebrownfore@graycary.com
1221 S. MoPac Expressway, Suite 400
Austin, Texas 78746
Tel:  512-457-7000
Fax:  512-457-7001
(Counsel for Hewlett-Packard Company)

Daniel W. McDonald
dmcdonald@merchant-gould.com
Deakin T. Lauer
dlauer@merchant-gould.com
Merchant & Gould, P.C.
3200 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Tel:  612-336-4637

Fax:  612-332-9081
(Counsel for JASC Software, Inc.)

Franklin A. Poff, Jr.
fpoff@cbplaw.com
Crisp, Boyd & Poff, L.L.P.
P.O. Box 6297
Texarkana, Texas 75505
Tel:  903-838-6123
Fax:  903-838-8489
(Counsel for JASC Software, Inc.)

Morton Amster
mamster@arelaw.com
Abraham Kasdan
akasdan@arelaw.com
Joseph Casino
jcasino@arelaw.com
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel:  212-336-8000
Fax:  212-336-8001
(Counsel for JVC Americas, Matsushita Electric Corporation of America, Panasonic
Communications Corporation of America and Panasonic Mobile Communications Development
Corporation of USA)

Jennifer Parker Ainsworth
jainsworth@wilsonlawfirm.com
Wilson, Sheehy, Knowles, Robertson & Cornelius
P.O. Box 7339
Tyler, Texas 75711
Tel:  903-509-5000
Fax:  903-509-5092
(Counsel for Kyocera Wireless Corporation)

Stuart Lubitz
slubitz@HHlaw.com
Hogan & Hartson, L.L.P.
Biltmore Tower
500 South Grand Avenue, Suite 1900
Los Angeles, California 90071
Tel:  213-337-6700
Fax:  213-337-6701
(Counsel for Kyocera Wireless Corporation)

John W. Kozak
jkozak@leydig.com
Steven P. Petersen
spetersen@leydig.com
Leydig, Voit and Mayer, Ltd
Two Prudential Plaza
180 North Stetson, Suite 4900
Chicago, Illinois  60601
Tel:  312-616-5650
Fax:  312-616-5700
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Donald R. Harris
dharris@jenner.com
Terrence J. Truax
ttruax@jenner.com
Jenner & Block
One IBM Plaza
Chicago, Illinois 60611
Tel: 312-923-2777
Fax: 312-840-7777
(Counsel for Mitsubishi Digital Electronics America, Inc.)

Melvin R. Wilcox, III
Wilson, Sheehy, Knowles, Robertson & Cornelius
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone: 903-509-5000
Fax: 903-509-5091
Email: mrw@wilsonlawfirm.com

Frederick H. Colen
fcolen@reedsmith.com
Barry J. Coyne
bcoyne@reedsmith.com
Joshua S. Bish
jbish@reedsmith.com
Reed Smith, LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219
Tel:  412-288-3131
Fax:  412-288-3063
(Counsel for Oce North America, Inc.)

Clyde M. Siebman
clydesiebman@texoma.net

Siebman, Reynolds & Burg
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Tel:  903-870-0070
Fax:  903-870-0066
(Counsel for Oce North America, Inc.)

Barry J. Bendes
bbendes@wolfblock.com
Wolf Block Schoor & Solis-Cohen
1650 Arch Street, 22 Floor
Philadelphia, Pennsylvania 19103
Tel: 212-883-4965
Fax: 212/672-1165
(Counsel for Onkyo U.S.A. Corporation)

Kenneth G. Roberts
kroberts@wolfblock.com
Wolf Block Schoor & Solis-Cohen
250 Park Avenue
New York, New York 10177
Tel: 212/883-4914
Fax: 212/672-1114
(Counsel for Onkyo U.S.A. Corporation)

Scott E. Stevens
sstevens@bwslawfirm.com
Bunt, Wright & Stevens
P.O. Box 3969
Longview, Texas 75606
Tel: 903-238-9700
Fax: 903-238-9704
(Counsel for Onkyo U.S.A. Corporation)

Mark D. Flanagan
mflanagan@wsgr.com
Bart E. Volkmer
bvolkmer@wsgr.com
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California   94303-1050
Tel:  650-493-9300
Fax:  650-493-6811
(Counsel for palmOne, Inc.)

M. Craig Tyler
ctyler@wsfr.com
Wilson Sonsini Goodrich & Rosati
8911 Capital of Texas Hwy. North
Westech 360, Suite 3350
Austin, Texas  78759-7247
Tel:  512-338-5400
Fax:  512-338-5499
(Counsel for palmOne, Inc.)

Anthony C. Roth
aroth@morganlewis.com
Morgan, Lewis & Bockius L.L.P.
1111 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-739-5188
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

Robert J. Hollingshead
rhollingshead@morganlewis.com
Morgan, Lewis & Bockius LLP
Shin-Tokyo Building, 9th Floor
3-1, Marunouchi 3 chome
Chiyoda-ku, Tokyo 100-0005, Japan
Tel:  011-81-3-5219-2505
Fax:  202-739-3001
(Counsel for Ricoh Corporation and Savin Corporation)

M. Matthews Hall
hall@khpatent.com
Kolisch Hartwell, P.C.
200 Pacific Building
520 S.W. Yamhill Street
Portland, Oregon 97204
Tel:  503-224-6655
Fax:  503-295-6679
(Counsel for Riverdeep, Inc.)

E. Lee Haag
lhaag@fulbright.com
Marc L. Delflache
mdelftache@fulbright.com
Richard S. Zembek
rzembek@fulbright.com
Andrew Price

aprice@fulbright.com
Fulbright & Jaworski, LLP
1301 McKinney Street
Houston, Texas 77010-3095
Tel:  713-651-5429
Fax:  713-651-5246
(Counsel for Thomson, Incorporated)

Guy N. Harrison
gnharrison@att.net
Attorney at Law
217 North Center
Longview, Texas 75601
Tel:  903-758-7361
Fax:  903-753-9557
(Counsel for Thomson, Incorporated)

James P. Bradley
jbradley@sidley.com
William O. Fifield
wfifield@sidley.com
Sidley Austin Brown & Wood LLP
717 North Harwood
Dallas, Texas 75201
Tel:  214-981-3300
Fax:  214-981-3400
(Counsel for Xerox Corporation)

Lance Lee
wlancelee@aol.com
Young, Pickett & Lee
4122 Texas Blvd.
Texarkana, Texas 75503
Tel:  903-794-1303
Fax:  903-794-5098
(Counsel for Xerox Corporation)

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in

compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are

deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R.

Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to

electronic service were served with a true and correct copy of the foregoing by certified mail,

return receipt requested, on this the 18th day of October, 2004.

_____

Michael C. Smith