**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| Compression Labs, Incorporated, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | C.A. No. 2:04-CV-158-DF |
| ) | Judge Folsom |
| Agfa Corporation, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(7), OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

Plaintiff, Compression Labs, Inc. ("CLI"), respectfully submits this motion for leave to file a Supplemental Surreply in Opposition to Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(7), or, in the Alternative, Motion to Transfer.[1] This Supplemental Surreply is necessary because the sole patent-in-suit is no longer jointly owned by CLI and General Instrument Corp. ("GI"). On October 6, 2004, GI transferred all right, title and interest in the patent-in-suit to CLI. Thus, GI is no longer a co-owner of the patent-in-suit, and the Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(7), or, in the alternative, Motion to Transfer is now moot.

**I.    DEFENDANTS' MOTION SHOULD BE DENIED BECAUSE GI IS NO LONGER A CO-OWNER OF THE PATENT-IN-SUIT**

Defendants' Motion largely mirrors a motion to dismiss filed by the defendants in a related case, *Compression Labs, Inc. v. Dell et al.*, 2:04-CV-159-DF, based on the sole premise

---

[1] The Motion to Dismiss or Transfer was jointly submitted by all twenty-seven Defendants, except Onkyo U.S.A. Corp., Concord Camera Corp. and Creative Labs, Inc. Defendant Onkyo U.S.A. Corp. filed a separate Motion to Dismiss under Fed. R. Civ. P. 12(b)(7), or, in the Alternative, to Transfer pursuant to 28 U.S.C. § 1404(a), which adopted and incorporated the Motion to Dismiss. Defendants Concord Camera Corp. and Creative Labs, Inc. also filed a separate Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7), or, in the alternative, to Transfer pursuant to 28 U.S.C. § 1404(a) that adopted and incorporated sections I, II and III(a) of the Motion to Dismiss. Macromedia, Inc. has subsequently been dismissed from the present lawsuit.

CHICAGO 296775v1 22768-00143         1

Dockets.Justia.com

that General Instrument Corp. ("GI") is a co-owner of the patent-in-suit whose absence from this case mandates dismissal.[2]  That premise has now vanished because **GI is no longer a co-owner of the patent-in-suit**.  In a Patent Assignment dated October 6, 2004, GI assigned, conveyed, and released to CLI all of GI's entire right, title, and interest in and to the patent-in-suit.  (Aff. of Daniel Moloney, ¶ 2, attached as Ex. 1; *see also* Patent Assignment, attached as Ex. 2.)  GI divested itself of all of its interest in the patent-in-suit and disclaims all interest in the outcome of this case.  (Ex. 1, ¶ 3; Ex. 2.)  Furthermore, Defendants have conceded that this case can proceed without GI if GI has no right whatsoever to sue for infringement.[3]  Therefore, by virtue of

---

[2] The premise is now irrelevant as set forth herein, and it is entirely incorrect.  The Federal Circuit has held that even a sole owner is not *per se* an indispensable party to an action involving the patent owned.  *See Dow Chem. Co. v. Exxon Corp.,* 139 F.3d 1470, 1479 (Fed. Cir. 1998).  In doing so, it stated: "We agree with the district court that joinder [of the patent owner] was not required because, 'as a practical matter, Exxon [Corp] has both the duty and capability of protecting [the patent owner's] interests.' . . . Therefore, given ECC's substantial rights in the '783 patent and Exxon Corp's vigorous defense of the '783 patent in this litigation, we agree with the district court that joinder of [the patent owner] was <u>not required</u>." *Id.* (emphasis added).  Thus, in circumstances even more compelling than existed prior to GI's assignment here, the Federal Circuit has held that joinder of the absent patent owner is not required.  CLI would prevail, then, even if the GI assignment had not occurred.  Now having occurred, the lack of necessity of joinder could not be more clear.  Even without consideration of GI's assignment of rights under the patent-in-suit to CLI, then, CLI prevails.

[3] The Agfa *et al.* defendants' Reply in support of its Motion to Dismiss under Fed. R. Civ. P. Rule 12(B)(7), or, in the alternative, Motion to Transfer states, "in the cases CLI cites, the absent co-owner was found to be unnecessary because the plaintiff co-owner had the exclusive right to sue for *any and all* infringement." (Docket No. 84, at 5 (emphasis in original).)

defendants' own concessions confirmed by overwhelming case law, all pending defendants' motions to dismiss and motions to transfer must be denied.[4]

It is well established that co-owners can modify their rights by agreement. 35 U.S.C. § 262; *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 n.9 (Fed. Cir. 1998); *Shering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 344 (Fed. Cir. 1997) (quoting 35 U.S.C. § 262); *Willingham v. Lawton*, 555 F.2d 1340, 1345 (6th Cir. 1977) ("35 U.S.C. § 262, the only statutory section dealing with joint ownership of patents, specifically allows joint owners to change the relationship among themselves by agreement."). Specifically, they may structure their interests so that one party is no longer an owner. *IBM v. Conner Peripherals, Inc.*, 30 U.S.P.Q.2d 1315, 1319 (N.D. Cal. 1994) (attached as Ex. 3) ("Co-owners may avoid 'the inconvenience or undesirability of the joinder rule by structuring their interests so that one party is no longer in law an 'owner.'"). When a former owner assigns its entire interest in the patent-in-suit, the

---

[4] In addition to the present motion, these motions include:

*Compression Labs, Inc. v. Agfa et al.*, 2:04-CV-158-DF, Docket No. 44 (Motion to Dismiss or in the Alternative to Transfer by Concord Camera Corp., Creative Labs Inc.);

*Compression Labs, Inc. v. Agfa et al.*, 2:04-CV-158-DF, Docket No. 91 (Motion to Dismiss or in the Alternative to Transfer by Onkyo U.S.A. Corp.);

*Compression Labs, Inc. v. Dell et al.*, 2:04-CV-159-DF, Docket No. 19 (Joint Motion to Dismiss For Failure to Join All Co-Owners of The Patent-In-Suit And For Failure to Join An Indispensable Party Pursuant to FRCP 12(b)(7));

*Compression Labs, Inc. v. Acer et al.*, 2:04-CV-294-DF, Docket No. 44 (Motion to Dismiss for Failure to Join an Indispensable Party pursuant to Fed. R. Civ. P. 12(b)(7) and 19 by Acer *et al.*);

*Compression Labs, Inc. v. Acer et al.*, 2:04-CV-294-DF, Docket No. 40 (Motion to Dismiss under Rule 12(b)(7) by TiVo, Inc.);

*Compression Labs, Inc. v. Acer et al.*, 2:04-CV-294-DF, Docket No. 43 (Motion to Dismiss or Transfer by Sun Microsystems, Inc.);

*Compression Labs, Inc. v. Acer et al.*, 2:04-CV-294-DF, Docket No. 42 (Motion to Dismiss or Transfer by Yahoo! Inc.); and

*Compression Labs, Inc. v. Acer et al.*, 2:04-CV-294-DF, Docket No. 66 (Motion to Dismiss for Failure to Join an Indispensable Party pursuant to Fed. R. Civ. P. 12(b)(7) and 19 by Google, Inc.).

former owner is not a necessary or indispensable party. *Rawlings v. National Molasses Co.*, 394 F.2d 645 (9th Cir. 1968); *E-Z Bowz, L.L.C. v. Professional Prod. Research Co.*, No. 00-Civ-8670, 2003 WL 22064257 (S.D.N.Y. Sept. 5, 2003) (attached as Ex. 4); *Procter & Gamble Co. v. Kimberly-Clark Corp.*, 684 F. Supp. 1403 (N.D. Tex. 1987); *Biovail Labs., Inc. v. Torpharm, Inc.*, No. 01 C 9008, 2002 WL 31687610 (N.D. Ill. Nov. 26, 2002) (attached as Ex. 5); *c.f. IBM*, 30 U.S.P.Q.2d at 1317 (Ex. 3) (co-owner executed stipulation acknowledging it would be bound by the outcome and had no right to independently bring suit).

GI's assignment of its entire ownership interest in the '672 patent to CLI puts this case squarely on all fours with numerous other cases involving precisely the same situation present here. In *E-Z Bowz,* 2003 WL 22064257 (Ex. 4), a co-owner assigned her interest in the patents-in-suit *pendente lite*, and thereafter was no longer an owner. After concluding that none of the Rule 19 factors was present, the court noted that "[n]othing in the language of Rule 19 suggests that [the former co-owner's] subsequent assignment requires that she be dragooned into being part of a litigation in which she has disclaimed all interest." *Id.* at *4.

*E-Z Bowz* cites *Procter & Gamble Co. v. Kimberly-Clark Corp.*, 684 F. Supp. 1403 (N.D. Tex. 1987), in which a patent's owner assigned all of its rights under the patent to Procter & Gamble. Upon Kimberly-Clark's motion to dismiss, the court held that "even if Raychem owned the . . . patent on the day suit was filed, dismissal was proper once the patent had been assigned." *Id.* at 1406-07. The court concluded:

> A party which assigns all of its rights and interests under a patent should not be compelled to litigate an infringement action merely because it was the patent owner on the day suit was filed and for a few days thereafter. A party which divests itself of all of its interest in a patent does not have a sufficient stake in the outcome of the controversy to require that it remain a party. Any other result would exalt form over substance.

*Id.* at 1407. The court found that the former owner was not a necessary or indispensable party under Rule 19, and dismissed the former owner. *Id.*

The court in *Biovail Laboratories, Inc. v. Torpharm, Inc.* cited *Procter & Gamble* to hold that a complete assignment *pendente lite* of an ownership interest nullified the former patent owner's status as an indispensable party to the lawsuit. 2002 WL 31687610, at *1 (Ex. 5). By virtue of the assignment, the assignor had no stake in the underlying infringement suit because it had no interest in the patent-at-issue. *Id.* at *3. Accordingly, the court dismissed the assignor as a party.

Similarly, in *Rawlings v. Nat'l Molasses Co.*, 394 F.2d 645 (9th Cir. 1968), plaintiff and Feed Service were joint owners of a patent, but after the lawsuit was commenced Feed Service assigned all of its rights in the patent to the plaintiff, leaving the plaintiff as the sole owner of the patent. The district court dismissed the action on the basis that Feed Service was an indispensable party. The Ninth Circuit reversed, concluding that the "absence of Feed Service as a party does not leave the defendants subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because no matter what the outcome of this litigation there is no substantial risk of the defendants being troubled with actions brought by Feed Service. Feed Service has no capacity to sue strangers for infringement of the patent." *Id.* at 647.

In this case, Defendants face no risk of incurring inconsistent obligations because GI has no capacity to sue them for infringement of the patent-in-suit nor can GI force CLI to sue anyone for infringement. Indeed, GI has assigned and disclaimed its entire interest in the patent-in-suit, and no longer owns any part of it. (Ex. 1 & 2.) GI is simply no longer an owner.

## II.   CONCLUSION

Because GI no longer owns any interest in the patent-in-suit, it is neither a necessary nor indispensable party, and Defendants' motion to dismiss should be denied.

                              Respectfully submitted,
                              Compression Labs, Inc.

                                  Stephen G. Rudisill

Dated:  October 20, 2004         By: by permission Otis Carroll

                                Stephen G. Rudisill (*attorney-in-charge*)
                                    Illinois Bar No.: 2417049
                                    Texas Bar No.: 17376050
                                    srudisill@jenkens.com
                              John C. Gatz
                                    Illinois Bar  No.: 6237140
                                    jgatz@jenkens.com
                              Russell J. Genet
                                    Illinois Bar No.:6255982
                                    rgenet @jenkens.com
                              Justin D. Swindells
                                    Illinois Bar No.: 6257291
                                    jswindells@jenkens.com
                              JENKENS & GILCHRIST, P.C.
                              225 West Washington Street, Suite 2600
                              Chicago, Illinois  60606
                              Tel.    (312) 425-3900
                              Fax    (312) 425-3909

                              S. Calvin Capshaw III
                                    Texas Bar No.: 03783900
                                    ccapshaw@mailbmc.com
                              BROWN, McCARROLL, L.L.P.
                              1127 Judson Road, Suite 220
                              Longview, Texas  75601-5157
                              Tel.    (903) 236-9800
                              Fax.    (903) 236-8787

                              Franklin Jones, Jr.
                                    Texas Bar No.: 00000055
                                    maiezieh@millerfirm.com
                              JONES & JONES, Inc., P.C.
                              201 West Houston Street (75670)
                              P.O. Drawer 1249
                              Marshall, Texas  75670-1249
                              Tel.    (903) 938-4395
                              Fax.    (903) 938-3360

    Otis Carroll
      Texas Bar No.: 03895700
    Jack Wesley Hill
      Texas Bar No.: 24032294
      nancy@icklaw.com
    IRELAND, CARROLL & KELLEY, P.C.
    6101 South Broadway, Suite 500
    Tyler, Texas 75703
    Tel. (903) 561-1600
    Fax. (903) 581-1071

    Carl R. Roth
      Texas Bar No.: 17312000
      cr@rothfirm.com
    Michael C. Smith
      Texas Bar No.: 18650410
      ms@rothfirm.com
    THE ROTH LAW FIRM
    115 North Wellington, Suite 200
    P.O. Box 876
    Marshall, Texas 75670
    Tel. (903) 935-1665
    Fax (903) 935-1797

    ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to the electronic service are being served with a copy of **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(7), OR, IN THE ALTERNATIVE, MOTION TO TRANSFER** via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 20th day of October, 2004.

        /s/ Otis Carroll_____

## CERTIFICATE OF CONFERENCE

On October 19, 2004, Counsel for CLI conferred orally with counsel for Defendants in a good faith attempt to resolve the matter of this Motion without court intervention. The Motion is opposed.

/s/ Otis Carroll_____