# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Compression Labs, Incorporated,<br><br>        Plaintiff,<br><br>    vs.<br><br>Agfa Corporation, *et al.*<br>Dell Inc., *et al.*<br>Acer America Corporation, *et al.*<br><br>        Defendants. | C.A. No. 2:04-CV-158-DF<br>C.A. No. 2:04-CV-159-DF<br>C.A. No. 2:04-CV-294-DF |

## Second Supplemental Joint Report
## Concerning the Proposed Schedule and Discovery Limitations

Plaintiff Compression Labs, Inc. ("CLI" or "Plaintiff") and the undersigned Defendants ("Defendants") submit this Second Supplemental Joint Report concerning the Proposed Schedule and Discovery Limitations ("Second Supplemental Joint Report"). This Second Supplemental Report supersedes the prior Joint Reports filed on September 30, 2004, and October 18, 2004.

The parties have reached agreement on a number of issues. The parties' agreement is described below and in the attached Proposed Scheduling Order. However, some disagreement remains – both in the Proposed Scheduling Order and discovery limitations. These differences are addressed below. In light of the parties' continued disagreement on some issues, the parties respectfully request a Rule 16(b) conference. Pending the Court's review and acceptance of this proposed schedule, the parties hereby stipulate that they will abide by all agreed deadlines and limitations set forth herein.

1

Dockets.Justia.com

**I.      DESCRIPTION OF THE CASE**

The parties supplied the Court with their own statements of the case in the Joint Conference Report submitted on September 30, 2004.  The statements were incorporated by reference into the First Supplemental Joint Report filed on October 18, 2004.  Since then, the Godwin Gruber firm replaced Jenkens and Gilchrist as outside counsel for Plaintiff.  Plaintiff's new attorneys met and conferred with representatives from the Defendants on November 29, 2004, in an effort to reduce existing disagreement on the Proposed Scheduling Order and in discovery limitations.  This Second Supplemental Joint Report is the product of that resulting meet and confer process.

Despite the progress made in reducing the number of outstanding disagreements in the Proposed Scheduling Order and in discovery limitations, Defendants continue to respectfully believe that the currently scheduled October 2005 trial date is not feasible in light of, among other factors, the number of diverse Defendants (now totaling 42 in four related cases); CLI's substitution of counsel (which Defendants contend has delayed the progress of these cases); and the amount of discovery that will be required to support Defendants' several fact-based defenses (such as equitable estoppel wherein the Defendants contend that Plaintiff is estopped from asserting its patent because of its failure to disclose the relevance of the asserted patent during Plaintiff's participation in and approval of the JPEG Standard).

Plaintiff believes that the October 2005 trial date is appropriate and feasible.  While Plaintiff believes that the case can be tried in October 2005 on all outstanding issues, Plaintiff proposes, as discussed below in Section III, bifurcation of discovery and trial on the asserted means plus function claims of the asserted patent.  Plaintiff believes that bifurcation of the means plus function claims would resolve all of Defendants' concerns regarding scheduling.

## II. INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties in Civil Action No. 2:04-CV-158-DF ("the *Agfa* case") and Civil Action No. 2:04-CV-159-DF ("the *Dell* case") served initial disclosures on or about September 29, 2004. Plaintiff served its initial disclosures on Defendants in Civil Action No. 2:04-CV-294-DF ("the *Acer* case") on or about December 9, 2004. Most of the Defendants in the *Acer* case have served initial disclosures on the Plaintiff; however, in some instances, individual Defendants have been given extensions of time to serve initial disclosures. For example, Audiovox Electronics has until January 10, 2005 to submit its initial disclosures.

## III. BIFURCATION

### A. Plaintiff's Position

Plaintiff intends to request the Court to bifurcate the asserted method claims from the asserted means plus function claims for all proceedings, including discovery, claim construction and trial. Plaintiff seeks to proceed first with the asserted method claims and to reserve the right to pursue the asserted means plus function claims at a later time, should Plaintiff not prevail on the asserted method claims. Plaintiff recognizes this will require two separate *Markman* hearings, discovery periods and trials.

Plaintiff is further willing to consider bifurcation of willfulness; however, Plaintiff opposes bifurcation of damages.

### B. Defendants' Position

Defendants oppose Plaintiff's proposal to bifurcate the asserted method claims from the asserted means plus function claims. In anticipation of filing its motion to bifurcation, Plaintiff is in the process of meeting and conferring with Defendants by email. The vast majority of Defendants have indicated opposition to Plaintiff's proposal. Should Plaintiff file a motion

requesting that the Court bifurcate the asserted method claims from the asserted means plus function claims, several Defendants intend to file briefs opposing Plaintiff's request.

Defendants reserve the right to seek bifurcation on willfulness and damages. Defendants also dispute the appropriateness of the joinder of all Defendants into a single case and reserve the right to seek separate trials on some or all issues at the appropriate time.

### C.  Parties' Collective Position

The parties disagree on Plaintiff's proposal to bifurcate the asserted method claims from the asserted means plus function claims. However, the parties will continue to meet and confer on other bifurcation issues.

## IV.  DEPOSITIONS OF FACT WITNESSES

The parties agree on the following:

- Pending the Court's decision on Plaintiff's motion to bifurcate, Plaintiff and Defendants will each receive 375 total deposition hours; however, no single Defendant will be subject to more than 50 hours of fact depositions.

- If the Court denies bifurcation of the method claims, Plaintiff and Defendants will each receive 500 total deposition hours; however, no single Defendant will be subject to more than 70 hours of depositions.

## V.  DEPOSITIONS OF EXPERT WITNESSES

### A.  Plaintiff's Position

Plaintiff believes there should be a presumptive limit of six expert witnesses per side, but that the parties may move the Court for additional experts.

### B.  Defendants' Position

Defendants oppose Plaintiff's proposal of a presumptive limit of six experts witnesses per side. Due to the complexity of issues in this case, the number of parties involved, and the

breadth of potentially accused products, it is not feasible, at this time, to reasonably estimate the number of expert witnesses that will be needed at trial. The decision on the number of expert witnesses per side should be addressed at a later date once the contours of the case are better known. Defendants propose that the parties disclose no later than May 1, 2005: (a) number of expert witnesses, and (b) general topics upon which the experts will opine.

### C. Parties' Collective Position

The parties agree on the following:

Plaintiff and Defendants will each have up to 14 hours of deposition time for each expert identified by the opposing party to address issues common to all Defendants and up to an additional 21 hours per expert to be used to address issues that are not common to all Defendants.

As to the number of expert witnesses per side, the parties have not been able to reach an agreement, at this time.

## VI. INTERROGATORIES

The parties agree on the following:

- Plaintiff may submit 50 common interrogatories to all Defendants, plus an additional 5 individual interrogatories to each Defendant.

- Defendants may submit 50 common interrogatories to Plaintiff, plus an additional 5 individual interrogatories to Plaintiff per Defendant.

## VII. REQUESTS FOR ADMISSION

The parties agree on the following:

- Plaintiff may submit 75 common requests for admission to all Defendants, plus an additional 5 individual requests for admission to each Defendant.

- Defendants may submit 75 common requests for admission to Plaintiff, plus an additional 5 individual requests for admission to Plaintiff per Defendant.

## VIII. REQUESTS FOR DOCUMENTS

### A. Plaintiff's Position

Plaintiff agrees with Defendants that requests for the production of documents should follow the Federal Rules of Civil Procedure. However, the parties disagree on timing. Plaintiff has already served requests for production on Defendants in all cases. It is Plaintiff's position that all parties are obligated to begin producing documents responsive to requests for production according to the Federal Rules of Civil Procedure at the present time. Plaintiff is in the process of doing so and expect the Defendants to also begin producing responsive documents promptly. Plaintiff intends to file motions to compel and to seek preclusion orders as to particular Defendants should they fail to comply with its discovery obligations under the Federal Rules.

### B. Defendants Position

Defendants agree with Plaintiff that requests for the production of documents should follow the Federal Rules of Civil Procedure. The parties in the *Agfa* and *Dell* cases have already served requests for the production of documents upon one another. In the *Acer* case, Plaintiff has served document requests, but the Defendants have not. It is Defendants' position that Plaintiff should meet and confer with each Defendant to address objections to Plaintiff's document requests. Thereafter, each Defendant will begin producing (or making available for inspection) documents responsive to Plaintiff's requests for production and will do so on a rolling basis.

## IX. APPOINTMENT OF SPECIAL MASTER OR TECHNICAL ADVISOR

### A. Plaintiff's Position

Plaintiff opposes appointment of a Special Master; however, Plaintiff does not oppose the appointment of a Technical Advisor should the Court desire to appoint a Technical Advisor.

### B. **Defendants Position**

Defendants support the appointment of a Special Master and/or a Technical Advisor should the Court desire to appoint a Special Master or a Technical Advisor.

### C. **Parties' Collective Position**

The parties are unable to agree on a collective position regarding the appointment of a Special Master and/or Technical Advisor. However, should the Court desire to appoint a Special Master or Technical Advisor, the parties agree to meet and confer to establish a process for contacting and identifying proposed candidates for recommendation to the Court.

## X. ELECTRONIC SERVICE

The parties agree that with the exception of documents that are served via electronic delivery by the court's electronic filing system, and actual production of documents in discovery, the parties will serve all documents in this case via email on all counsel of record.

For documents that cannot be served completely by email, the parties will also serve by US mail on all counsel of record. For court filings that are not delivered via the electronic filing system (eg, documents filed under seal), the parties will serve via email and overnight delivery service, i.e. FedEx.

## XI. EXPECTED LENGTH OF TRIAL

### A. **Plaintiff's Position**

Plaintiff anticipates that trial in this case will take two weeks, excluding jury selection.

### B. **Defendants Position**

Defendants anticipate that trial in this case will take significantly more time than the two weeks (excluding jury selection) proposed by the Plaintiff. However, due to the complexity of issues in this case, the number of parties involved, and the breadth of potentially accused products, it is not feasible to reasonably estimate the expected length of trial, at this time. As

discovery continues, Defendants will be in a better position to provide the Court with a reasonable estimate for the expected length of trial.

Moreover, Defendants dispute the appropriateness of joinder of all Defendants in a single case and reserve the right to seek separate trials on some or all issues at the appropriate time. In addition, Defendants reserve the right to request that the issue of willful infringement be bifurcated and tried separately from other issues, with discovery and a trial on willful infringement take place after the completion of the primary trial on patent infringement and other liability issues.

## XII.    TRIAL BEFORE A MAGISTRATE JUDGE

The parties do not consent to trial before a magistrate judge.

## XIII.   JURY DEMAND

A jury demand has been made.

## XIV.    CONFERENCE WITH THE COURT PURSUANT TO FED. R. CIV. P. 16(B)

The parties request a conference with the Court pursuant to Fed. R. Civ. P. 16(b) before entry of the Proposed Scheduling Order.

## XV.     PROTECTIVE ORDER

The Court has entered the stipulated Protective Order submitted by select parties in the *Agfa* case. Plaintiff proposes that the Court enter the same Protective Order in the *Dell* and *Acer* cases so that consistent protective order terms are applicable to all parties to the related cases.

## XVI.    MEDIATION

The parties agree to use the services of Robert M. Parker in the Agfa, Dell and Acer cases. In addition, the parties agree to submit to the Court, no later than July 1, 2005, a Report on the Status of Mediation.

## XVII. PENDING MOTIONS BEFORE THIS COURT

The following motions are pending in the *Agfa*, *Dell* and *Acer* cases:

- In the *Agfa* case, Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7), or, in the Alternative, Motion to Transfer, as well as Concord Camera and Creative Labs's Motion to Dismiss or Transfer.  Both have been fully briefed.

- In the *Dell* case, Defendants' Joint Motion to Dismiss for Failure to Join an Indispensable Party.  It has been fully briefed.

- In the *Acer* case, Defendants' Joint Motion to Dismiss for Failure to Join an Indispensable Party, Sun & Yahoo!'s Motion for a Temporary Stay and Motions to Transfer, as well as Audiovox Corporation's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) & (3).  Each motion has been fully briefed.  In addition, Audiovox Electronics Corp. has been granted an extension until December 29, 2004 to move or otherwise respond to the Complaint.

## XVIII. LIST OF RELATED CASES

There are presently nine related district court actions—four pending in the Marshall Division of the Eastern District of Texas; three pending in the District of Delaware; and two pending in the Northern District of California – as well as one action filed before the Judicial Panel on Multidistrict Litigation (Docket No. 1654).  The two cases pending in California were stayed by Judge Hamilton pending a decision by the JPMDL.

   i.   *Compression Labs, Inc. v. Agfa Corp. et al.*, 2:04-CV-158-DF (E.D. Tex.) ("the *Agfa* case");

   ii.  *Compression Labs, Inc. v. Dell Inc. et al.*, 2:04-CV-159-DF (E.D. Tex.) ("the *Dell* case");

   iii. *Compression Labs, Inc. v. Acer America Corp. et al.*, 2:04-CV-294-DF (E.D. Tex.) ("the *Acer* case");

    iv.    *Compression Labs, Inc. v. Creo, Inc. and Creo Americas, Inc.*, 2:04-CV-419 (E.D. Tex.) ("the *Creo* case");

    v.    *Agfa Corp. et al. v. Compression Labs, Inc., et al.*, C.A. No. 04-818 (SLR) (D. Del.) ("the Delaware case");

    vi.    *Yahoo! Inc. v. Compression Labs, Inc., et al.,* C.A. No. 04-918 (SLR) (D. Del.);

    vii.    *Audiovox Corp. et al. v. Compression Labs, Inc. et al.*, C.A. No. 04-1293 (D. Del.);

    viii.    *Sun Microsystems, Inc. v. Compression Labs, Inc.*, Case No. 3:04-CV-3124 (PJH) (N. D. Cal.);

    ix.    *Google Inc. v. Compression Labs, Inc. et al.*, Case No. 04-CV-3934 (CW) (N.D. Cal.).

Dated: December 20, 2004

        Respectfully Submitted on behalf of Plaintiff,

        **GODWIN GRUBER, LLP**

        /s/ Eric W. Buether
        Eric W. Buether, Esq.
        Attorney in Charge
        Texas State Bar No. 03316880
        G. Michael Gruber
        Texas State Bar No. 08555400
        William Lewis Sessions
        Texas State Bar No. 18041500
        Christopher M. Joe
        Texas State Bar No. 00787770
        Todd E. Landis
        Texas State Bar No. 24030226

        Renaissance Tower
        1201 Elm Street, Suite 1700
        Dallas, Texas 75270
        (214) 939-4400 - Telephone
        (214) 760-7332 - Facsimile

Respectfully Submitted on behalf of all Defendants except Veo, Inc. in the *Agfa*, *Dell*, and *Acer* cases

_____
Eric M. Albritton
Texas State Bar No. 00790215
Albritton Law Firm
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
eric@albrittonlawfirm.com

11

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 20th day of December, 2004.

_____
Eric M. Albritton